Lee A. Archer (Bar No. 038938)
Peter W. McGaw (Bar No. 104691)
John L. Kortum (Bar No. 148573)
ARCHER NORRIS
Attorneys At Law
2033 North Main Street, Suite 800
Walnut Creek, CA 94596
Telephone:  (925) 930-6600
Facsimile:  (925) 930-6620

Attorneys for Plaintiffs SPPI-SOMERSVILLE INC., SOMERSVILLE-GENTRY INC.

ORIGINAL FILED
NOV 1 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JSW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE INC., SOMERSVILLE-GENTRY INC.<br><br>Plaintiffs,<br><br>vs.<br><br>CHEVRON U.S.A., INC., as successor to Standard Oil of California, Inc.,<br><br>Defendants. | No. CV 07 5824<br><br>**COMPLAINT FOR:**<br><br>1. RECOVERY OF RESPONSE COSTS UNDER CERCLA § 107;<br>2. CONTRIBUTION UNDER CERCLA;<br>3. DECLARATORY RELIEF UNDER FEDERAL LAW;<br>4. PRIVATE CONTINUING NUISANCE;<br>5. CONTINUING TRESPASS;<br>6. NON-DISCLOSURE;<br>7. DECLARATORY RELIEF UNDER STATE LAW<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs SPPI-SOMERSVILLE INC., SOMERSVILLE-GENTRY INC. ("Plaintiffs" or the "Somersville Entities") allege as follows:

NATURE OF THE ACTION

1. The Somersville Entities own four parcels of property (the "Property" or
ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/609521-1

COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW

1

"Plaintiffs' Property") adjacent or near to the Contra Costa Sanitary Landfill (the "CCSL Landfill") and the Old Antioch Landfill, which are both near Antioch, California. The Somersville Entities are also assignees of rights held by the previous owner of the subject properties, Tom Gentry California Company, and by this Complaint the Somersville Entities assert those assigned rights as well. The CCSL Landfill is or was comprised of the Pittsburg Landfill and the GBF Landfill. The CCSL Landfill, or part of it, was used as a disposal area for hazardous materials during the 1960s and 1970s, and for the disposal of municipal waste, including hazardous materials, until approximately 1992. The CCSL Landfill is the source of groundwater contamination on and under the Property. The CCSL Landfill and the Old Antioch Landfill are also the source of surface contamination on the Plaintiffs' Property. This contamination prevents the Somersville Entities from developing the Property, or part of it, to the highest and best use available were it without such contamination. The Somersville Entities bring this action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. §§ 9607 and 9613, to recover response costs and contribution. The Somersville Entities also allege state claims for nuisance, trespass, negligence and ultrahazardous activity against Defendants arising from the contamination on the Property and seek injunctive and other relief.

JURISDICTION AND VENUE

2. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), and 42 U.S.C. § 9613(b).

3. Venue in the Northern District of California is based on 28 U.S.C. § 1391(b) (venue proper in district in which a substantial part of the events giving rise to the claim occurred) and 42 U.S.C. § 9613(b) (venue where release occurred).

2

4. Pursuant to Local Rule 3-2(d) of the Northern District, assignment to the Court in San Francisco or Oakland is appropriate because this action arises in Contra Costa County.

## RELATED CASES

5. This action is related to *SPPI-Somersville, Inc., Somersville-Gentry, Inc. v. TRC Companies, Inc.; GBF Holdings LLC, et al.*, Case No. C 04-2648 SI, United States District Court, Northern District of California, now pending in this court. The present action involves the same plaintiffs, the same property, but one of the same landfills, but a different defendant.

## PARTIES TO THE ACTION

### The Plaintiffs

6. Plaintiff SPPI-SOMERSVILLE INC. is a closely held corporation organized and existing under the laws of the state of California. Its main office is located in Concord, California and its principal place of business is also California.

7. Plaintiff SOMERSVILLE-GENTRY INC. is a closely held corporation organized and existing under the laws of the state of California. Its main office is located in Concord, California and its principal place of business is also California.

### The Present Owner-Operator Defendants

8. On information and belief, Plaintiffs allege that defendant CHEVRON U.S.A., INC. is a Pennsylvania corporation authorized to do business in California, and has its principal office in San Ramon, California. CHEVRON U.S.A., INC. was formed on or about January 18, 1965, and is the successor to Standard Oil of California, Inc.

## SUMMARY OF THE ACTION

### The Property

9. The Somersville Entities are developers in Contra Costa County. Somersville Entities' predecessor in interest, Tom Gentry California Company, purchased the Property from

Standard Oil of California, Inc. in or around 1966 for prospective development. The Property was subsequently transferred to Plaintiffs to be used for the same general purpose. The Property is part of a tract of land in an unincorporated part of Contra Costa County, California, near the cities of Antioch and Pittsburg.

10. The parcels are located between Somersville Road and the GBF/Pittsburg Landfill, in Contra Costa County, California. Specifically, Somersville-Gentry, Inc. owns Assessor Parcel Number 076-010-034 that occupies approximately 4 acres. SPPI-Somersville, Inc. owns APN 076-010-030, APN 076-010-031 and APN 076-010-032 that collectively occupy approximately 20 acres.

11. The Companies acquired the Property from the Tom Gentry California Company on or about November 21, 2003 and were assigned all rights of their predecessor-in-interest.

12. Prior to Somersville Entities' purchase of the Property, it had been used as a field. At some point in July 2001, the Tom Gentry California Corporation discovered that municipal solid waste had spilled from one or more of the adjacent landfills or otherwise been deposited onto the Property, contaminating at least the surface of the property. The California Regional Water Quality Control Board has since issued an order requiring certain parties to this action to remediate the impact of this municipal solid waste on Markley Creek, which transverses the parcels owned by the Somersville Entities.

### The Old Antioch Landfill

13. The Property is located northeast of, and adjacent or near to, the Old Antioch Landfill. The Old Antioch Landfill was operated by the City of Antioch and is still owned by the city. The Old Antioch Landfill is located on both sides of Markley Creek east of Somersville Road in the southeast ¼ Section 27, T2N, R1E. The Old Antioch Landfill occupies APN 076-021-015 (13.20 acres) and 076-021-014 (3.85 acres).

14. The Old Antioch Landfill, which operated from the early 1900s until its closure in 1968, accepted municipal solid waste and for part of its history operated as a burn dump. Early landfill operations burned waste prior to final discharge. In approximately 1957, the City of Antioch was notified by the air quality regulators that it could no longer conduct burning operations at the Old Antioch Landfill. The City of Antioch thereafter accumulated municipal and industrial waste, which it deposited on its property and the Property then owned by Standard Oil of California, Inc. Documents indicate that Standard Oil of California was aware of this accumulation of waste product and its distribution on Standard Oil of California property. The Antioch dump continued to process waste, and although later operations discharged unburned waste, burning continued. The Old Antioch Landfill was unlined. The landfill was closed in 1968 with a cover of approximately 12-inches of clayey soil.

15. Aerial photographs dating back at least as far as 1953 show land use patterns for the Pittsburg and Antioch landfills and the 076-010-034 parcel. These photographs show, among other information, distribution of refuse over the 034 parcel during the late 1950s and early 1960s that is apparently related to the operations on either the Pittsburg Landfill and the Antioch Landfill, or both.

16. In 1996, 1997 and 1998, slope failures and erosion in the south bank of Markley Creek on City of Antioch property discharged waste into the creek. The City removed the waste and repaired the soil. Subsequent investigations of Markley Creek by Contra Costa County Environmental Health Department staff detected at least four additional small slope failures exposing waste in the south bank of Markley Creek and exposed waste in the north bank at the "mound area."

17. The California Regional Water Quality Control Board, Central Valley Region (the "Regional Board"), ordered site characterizations. In August 2002, the City of Antioch submitted

1   to the Regional Board the Site Characterization Report, Old Antioch Landfill. The report
2   demonstrated that waste had been discharged on both sides of Markley Creek. The waste is
3   composed of mixed burn and unburned municipal waste. In places, the south bank of Markley
4   Creek is composed entirely of waste (over 30 feet) with a thin cover of soil. In the north bank
5   there is at least 20 feet of mixed burned and unburned municipal waste in the "mound" area. The
6   waste is covered with 1 to 3 feet of clayey soil.

7   18.   In September 2002, the Tom Gentry California Company submitted to the Regional Board the Site Characterization Report Gentry Property. The report demonstrated that 1 to 5 feet of waste has been deposited over the entire area of APN 076-010-034, which was then owned by the Tom Gentry California Company. Waste is thickest nearest the Old Antioch Landfill and thins to the east. The waste is covered with 6 inches to 3 feet of clayey soil.

19.   On January 7, 2003, the Regional Board issued Cleanup and Abatement Order No. R5-2002-0736, requiring the City of Antioch, the Tom Gentry of California Company, and GBF Holdings LLC to cleanup the Markley Creek area.

20.   The Regional Board Cleanup and Abatement Order addresses some, but not all, of the surface contamination on the four acres of APN 076-010-034. The contamination not addressed by the Regional Board order prevents the Companies from developing the Property, or part of it, to the highest and best use available were it without such contamination.

21.   On or about July 19, 2006, the Regional Board issued an Administrative Civil Liability Complaint ("ACL"), Complaint No. R5-2006-0512, to the City of Antioch and Somersville-Gentry Inc. proposing that these parties pay a $300,000 penalty for failure to comply with the prior administrative order.

## FIRST CAUSE OF ACTION

(Recovery of Response Costs Pursuant to CERCLA)

(Against All Defendants)

22. Plaintiffs refer to and reallege paragraphs 1 through __ of this Complaint and incorporate them herein by this reference.

23. Plaintiffs and Defendant are "persons" as defined by CERCLA § 101(21), 42 U.S.C. § 9601(21).

24. At relevant times identified herein, Defendants was the "owners" and/or "operators" of the parcels contaminated with waste, within the meaning of Section 107(a)(1) and (2).

25. Defendant was a "person" who arranged for the treatment or disposal of hazardous substances at the Property within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

26. The Property is, and at all times relevant hereto was, a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

27. The elements, compounds, mixtures, solutions and substances discovered on the Property and identified herein are "hazardous substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

28. The actions by Defendant with regard to these hazardous substances constituted a "release" at the facility within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

29. Defendant did, over extended periods of time, arranged for disposal of those hazardous substances in such a manner at the Property so as to cause hazardous substances to be released or threaten to release into the environment.

30. The release and/or threatened release of hazardous substances by the Defendant have caused and continue to cause Plaintiffs to incur response costs. As used in this Complaint, the term "response costs" means the costs of "removal" and "remedial actions" of hazardous

1  substances, as those terms are defined in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and (24), and all other costs to respond to releases of hazardous substances, as defined under CERCLA § 101(25), 42 U.S.C. § 9601(25). Such costs include, but are not limited to, costs incurred to monitor, assess and evaluate the release and/or threatened release of hazardous substances.

31. Plaintiffs will incur substantial response costs in developing and implementing the appropriate response actions.

32. All such response costs incurred and that will be incurred have been and will continue to be necessary and consistent with the National Contingency Plan ("NCP") as set forth in 40 C.F.R. Part 300.

33. Pursuant to 42 U.S.C. § 9607(a), the Defendant is liable to Plaintiffs for all necessary response costs incurred by Plaintiffs in responding to the release or threatened release of hazardous substances. Plaintiffs are in no way responsible or liable for the release or threatened release of hazardous substances on or at the Property and, as compared to the defendant who actively and intentionally disposed of hazardous substances at the Property, are blameless.

**WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Contribution Pursuant to CERCLA)**

**(Against All Defendants)**

34. Plaintiffs refer to and reallege paragraphs 1 through 110 of this Complaint and incorporate them herein by reference.

35. As compared to the Defendant, who actively and intentionally disposed of hazardous substances at the Property, Plaintiffs are blameless. Plaintiffs' liability, if any, stems

from the fact that they are the owner of the Property that Defendant's waste disposal activities have contaminated.

36. Defendant is liable or potentially liable parties under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and have been sued under that section in the first cause of action herein.

37. Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title." Further, pursuant to case law interpreting CERCLA, Plaintiffs are entitled to seek contribution, implied under Section 107(a) or express under Section 113(f), from Defendant for the costs they have incurred and will incur in connection with the response actions at the Property.

38. Defendant is liable to Plaintiffs for contribution pursuant to CERCLA, for some or all amounts expended by Plaintiffs as response costs and amounts that Plaintiffs will expend as response costs in the future.

**WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Declaratory Relief Under Federal Law)

(Against All Defendants)

39. Plaintiffs refer to and reallege paragraphs 1 through 115 of this Complaint and incorporate them herein by reference.

40. A dispute has arisen and an actual controversy exists between Plaintiffs and Defendant in that Plaintiffs claim that Defendant is obligated to indemnify Plaintiffs against, and reimburse Plaintiffs for, all necessary response costs and any other costs and attorneys fees heretofore or hereafter incurred by Plaintiffs in responding to the release or threatened release of

hazardous waste, solid waste and/or hazardous substances or in taking any other removal or remedial action as a result of Defendant's acts and conduct complained of herein. Defendant denies such obligation.

41. Substantial costs will be incurred by Plaintiffs over time and after conclusion of this action. Unless declaratory relief is granted, it will be necessary for Plaintiffs to commence many successive actions against Defendant to secure compensation for the costs incurred and damages sustained, and damages that will be sustained, thus requiring a multiplicity of suits.

42. Plaintiffs are entitled to, and hereby seek, a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Plaintiffs' rights to contribution and reimbursement from and indemnification by Defendant for all costs, jointly and severally, which Plaintiffs have and will incur resulting from Defendant's Release of wastes into the environment.

**WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**(Private Continuing Nuisance)**

43. Plaintiffs refer to and reallege paragraphs 1 through 119 of this Complaint and incorporate them herein by reference.

44. At all times herein mentioned, the Defendant used and/or maintained said premises or conducted their business and operations in an unnecessary, unreasonable, and injurious manner that allowed wastes to be accumulated at the Property and into the surface and sub-surface soils and groundwaters, including into the soils and groundwaters of the Property.

45. The aforementioned disposal by Defendant constitutes a nuisance within the meaning of California Civil Code § 3479 in that the wastes disposed of at the Property created and creates a condition which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property and interferes with Plaintiffs' comfortable enjoyment of the Property.

46. The wastes, in the surface and sub-surface soils at, and groundwater beneath, the Property have commingled to create a single, indivisible harm to and potential endangerment of public health, welfare and the environment. The wastes have continuously migrated and spread in the soils and waters at the Property since their initial release and their impact has varied over

1  time.

2  47. The Plaintiffs, as the record title owners of the Property, have been injured as a result
3  of Defendant's release, discharge and/or disposal of wastes into the Property.

4  48. Defendant is strictly liable for abatement of the single indivisible endangerment to the
5  environment and resulting interference with the Plaintiffs' free use and enjoyment of property,
6  constituting a private nuisance in that the Plaintiffs have been denied, and will continue to be
7  denied, free use of the Property. Despite the remediation activities described herein, said wastes
8  threaten to release further into the environment and thus continue to cause losses and damage to
9  Plaintiffs.

10  49. Defendant is on notice of the damage caused by the nuisance but Defendant has failed
11  and refused, and continues to fail and refuse, to timely and properly abate the nuisance or to
12  compensate the Plaintiffs for damages suffered.

13  50. As a further proximate result of the nuisance, the Plaintiffs have been deprived of the
14  full use and enjoyment of the Property and have suffered and will continue to suffer damages by
15  reason of loss of use of the Property caused by its contaminated condition. In addition, the
16  Plaintiffs have incurred, and will continue to incur, substantial amounts in administrative, legal
17  and technical fees to assess responsibility for and respond to the contamination at the Property.
18  The amount of said damages shall be in accordance with proof at trial.

19  **WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Continuing Trespass)

51. Plaintiffs refer to and reallege paragraphs 1 through 127 of this Complaint and incorporate them herein by reference.

52. At all times herein mentioned, the Defendant used and/or maintained the Property, or conducted their business operations in such an unnecessary, unreasonable and injurious manner that allowed wastes to be accumulated at the Property, and leach into the surface and sub-surface soils and groundwaters and onto and under the Property.

53. The aforementioned disposal by Defendant caused and constituted and continues to cause and constitute a physical invasion of Plaintiffs' Property and interference with Plaintiffs' possession of said Property thereby constituting a continuing trespass despite the remediation activities described herein.

54. The wastes in the groundwater beneath the Property have commingled to create a single, indivisible harm to and potential endangerment of public health, welfare and the environment. The wastes have continuously migrated and spread in the soils and waters at the Property since their initial release and their impact has varied over time.

55. The Plaintiffs, as the record title owners of the Property, has been injured as a result of Defendant's release, discharge and/or disposal of wastes onto and under the Property.

56. Defendant is strictly liable for abatement of the single indivisible endangerment to the environment and resulting trespass to, on, and under Plaintiffs' property.

57. As a proximate result of the trespass by the Defendant, the Plaintiffs have been deprived of the full use and enjoyment of the Property and have suffered and will continue to suffer loss of use of the Property caused by its contaminated condition. In addition, the Plaintiffs have incurred, and will continue to incur, substantial amounts in administrative, legal and technical fees to assess responsibility for and respond to the contamination at and emanating from the Landfill. The amount of said damages shall be in accordance with proof at trial.

**WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION

#### (Non-Disclosure)

58. Plaintiffs refer to and reallege paragraphs 1 through 134 of this Complaint and incorporate them herein by reference.

59. Defendant had a duty to Plaintiffs, as assignee of the rights of the Tom Gentry

Company of California, to disclose the prior use of the Property as a dump site.

60. Defendant failed to disclose the prior use of the Property as a dump site to the Tom Gentry Company of California.

61. As a direct and proximate result of Defendant's breach of this duty, the Tom Gentry Company of California was unaware of the hazardous substances and other waste that had been released directly on and into the Property.

62. This breach of duty has caused damages to Plaintiffs, as set forth above, including other consequential, incidental and general damages to be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

#### (Declaratory Relief Under State Law)

63. Plaintiffs refer to and reallege paragraphs 1 through 145 of this Complaint and incorporate them herein by reference.

64. A dispute has arisen and an actual controversy exists between Plaintiffs and Defendant in that Plaintiffs claim that Defendant is obligated to indemnify Plaintiffs against, and reimburse Plaintiffs for, all response costs and any other costs or other damages heretofore or hereafter incurred or suffered by Plaintiffs in removing the hazardous materials, substances and wastes or taking any other removal or remedial action as a result of Defendant's conduct complained of herein, and Defendant denies such obligation.

65. Substantial costs and damages will be incurred or suffered by Plaintiffs over time and after conclusion of this action. Unless declaratory relief is granted, it will be necessary to commence many successive actions against Defendant to secure compensation for damages sustained, thus requiring a multiplicity of suits.

66. Plaintiffs desire a judicial determination pursuant to California Code of Civil

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/609521-1                                    COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW

13

Procedure § 1060 of Plaintiffs' right to reimbursement and indemnification by Defendant for all costs and damages heretofore or hereafter incurred or suffered by Plaintiffs as a result of Defendant's conduct complained of herein.

**WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

### First Cause of Action

1. For recovery from Defendant of all response costs that have been or will be incurred by Plaintiffs in response to the release and threatened release of hazardous substances from the Landfill and onto the Property and in the enforcement of CERCLA's statutory liability scheme, according to proof at trial;

2. For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

3. For all costs of suit incurred herein.

### Second Cause of Action

1. For total contribution from Defendant for all response costs that have been or will be incurred by Plaintiffs in response to the release and threatened release of hazardous substances at the Property and in enforcement of CERCLA's statutory liability scheme, or in an amount this Court deems appropriate;

2. For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

3. For all costs of suit incurred herein.

### Third Cause of Action

1. For a declaration that Defendant is obligated to pay to Plaintiffs all future response costs and any other costs incurred by Plaintiffs hereafter in response, removal or remediation efforts incurred pursuant to a DTSC-issued and/or court-approved remedial action plan that is

required by the NCP in order to properly respond to the disposal of wastes and pollutants by Defendants.

2. For attorneys' fees as may be allowed by the statute or otherwise; and

3. For all costs of suit incurred herein.

### Fourth, Fifth, and Sixth Causes of Action

1. For a mandatory, preliminary and permanent injunction ordering the Defendant to undertake, at their expense, all of the environmental engineering, investigation, studies, maintenance, monitoring and response actions necessary to respond to, abate, remediate, maintain and monitor fully and promptly the condition resulting from solid waste and hazardous waste contamination at the Property and emanating from the Landfill;

2. For abatement, cleanup, maintenance and monitoring costs from Defendant in an amount equal to all response costs and all other costs incurred by Plaintiffs in response to the condition resulting from the discharge of contaminants by Defendant, according to proof at trial;

3. For an order directing Defendant to pay for restitution to Plaintiffs in an amount according to proof;

4. For compensatory damages according to proof, including, but not limited to, diminution in value and/or compensation for loss of use of the Property;

5. For incidental and consequential damages according to proof, including indemnification for fines and penalties assessed by any agency of the State or government;

6. For pre-judgment interest at the legal rate;

7. For attorneys' fees as may be allowed by statute or otherwise; and

8. For all costs of suit incurred herein.

### Seventh Cause of Action

1. For a declaration that Defendant is obligated to pay to Plaintiffs all future response

costs, fines and penalties assessed by any agency of the State or government, and any other costs and damages incurred or suffered by Plaintiffs hereafter in response, removal or remediation efforts incurred in order to properly respond to the disposal of wastes and pollutants by Defendants;

2. For attorneys' fees as may be allowed by statute or otherwise; and

3. For all costs of suit incurred herein.

### All Causes of Action

For such other and further relief as this Court deems just and proper.

Dated: November 15, 2007

Respectfully submitted,

ARCHER NORRIS

_____
Peter W. McGaw
Attorneys for Plaintiffs
SPPI-SOMERSVILLE INC. and
SOMERSVILLE-GENTRY INC.

**Demand for Jury Trial**

Plaintiffs SPPI-SOMERSVILLE INC. and SOMERSVILLE-GENTRY INC. hereby demand a jury trial on all causes and claims susceptible to trial by jury.

Dated: November 15, 2007

Respectfully submitted,

ARCHER NORRIS

Peter W. McGaw
Attorneys for Plaintiffs
SPPI-SOMERSVILLE INC. and
SOMERSVILLE-GENTRY INC.