Peter W. McGaw (Bar No. 104691)
John L. Kortum (Bar No. 148573)
ARCHER NORRIS
Attorneys At Law
2033 North Main Street, Suite 800
Walnut Creek, CA 94596
Telephone:   (925) 930-6600
Facsimile:    (925) 930-6620

Attorneys for Plaintiffs SPPI SOMERSVILLE, INC.,
SOMERSVILLE-GENTRY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE, INC.,<br>SOMERSVILLE-GENTRY, INC.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CHEVRON U.S.A., INC., as successor to<br>Standard Oil of California, Inc.,<br><br>　　　　　Defendant. | NO. C 07-05824 SI<br><br>**FIRST JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>Date:　　　March 7, 2008<br>Time:　　　2:30 pm<br>Location:　Courtroom 10, 19th Floor<br>Judge:　　Honorable Susan Illston |

　　　　Plaintiffs SPPI-Somersville, Inc. and Somersville-Gentry, Inc. and Defendant Chevron U.S.A., Inc. submit this joint statement to inform the Court of the status of this action.

　　**1. Jurisdiction and Service:**

　　　　The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 9613(b) (CERCLA), and 28 U.S.C. § 1367 (supplemental jurisdiction for the state law claims). Defendant Chevron U.S.A., Inc. ("Defendant" or "Chevron") has been served with the summons and complaint.

　　**2. Facts:**

　　　　In 2003, Plaintiffs purchased certain parcels of land in Contra Costa County from the Tom Gentry California Company ("Gentry"). Gentry had purchased these parcels from Standard Oil of California, Inc. in or around 1966 for prospective development. In the 2003 transaction, Plaintiffs were also assigned all rights of Gentry.

Prior to Plaintiffs' purchase, the parcels had been used as a field. At some point in July 2001, Gentry discovered that municipal solid waste had spilled from one or more of the adjacent landfills or otherwise been deposited onto the parcels, contaminating at least the surface of the property. The California Regional Water Quality Control Board has since issued an order or orders requiring Gentry (among others) to this action to remediate the impact of this municipal solid waste on Markley Creek, which transverses the parcels owned by Plaintiffs. Plaintiffs have also investigated a layer of burned municipal waste on at least one of the parcels. Plaintiffs are, or will be, incurring significant expense investigating and remediating this waste.

Certain documents indicate that the City of Antioch and Standard Oil, Defendant's predecessor-in-interest, may have had an arrangement in the late 1950s permitting the City of Antioch to deposit municipal solid waste on a 4-acre parcel of the property. Plaintiffs allege that Gentry had not been informed about this agreement prior to its acquisition of the parcels.

**3. Legal Issues:**

As of this the date of this statement, Defendant has not answered the complaint. Plaintiffs have stipulated that Defendant may respond to the complaint by March 26, 2008. Therefore, the parties have not yet identified disputed legal issues.

**4. Motions:**

Plaintiffs do not anticipate any motions at present. However, should the evidence develop appropriately, a motion for summary adjudication may be an efficient means to narrow trial issues.

The City of Antioch, a defendant in the related case of *SPPI-Somersville, Inc., Somersville-Gentry, Inc., v. TRC Companies, Inc., et al.*, Case No. C 04-02648 SI ("TRC case"), may move to consolidate this action with TRC case.

Plaintiffs do not oppose such consolidation.

Chevron opposes consolidation. Although the cases are related, the identity and role of defendants, the theory of liability and the nature of damages are different. Here, Chevron is the sole defendant; in the TRC case, plaintiffs have sued 50 different defendants. Here, the liability theory against Chevron is for allowing waste to be placed on its property; there, defendants are

sued for their roles as landfill operators (current and former) or generators of waste. Here, the damages are premised on surface contamination from the Old Antioch Landfill; there, damages are for groundwater contamination (as well as some surface contamination) emanating out of the CCSL and GBF Landfills. Consolidation would not well serve the interests of efficiency, but would impose a significant burden on, as well as risk of prejudice and confusion to, Chevron.

### 5. Amendment of Pleadings:

Plaintiffs may amend or seek leave to amend the pleadings to add a cause of action under the Resource Conservation and Recovery Act ("RCRA"). This amendment could be accomplished in March 2008. So Chevron will not be required to respond to successive complaints (in light of the March 26 deadline for Chevron's response), Plaintiffs will notify Chevron by March 12, 2008 whether they intend to file an amended complaint to add a RCRA claim and, if so, Plaintiffs will file such amended complaint, as of right, by no later than March 26, 2008.

### 6. Evidence Preservation:

The critical evidence includes documents from the City of Antioch relating to the transaction, aerial photographs, and results of the environmental investigation of the contaminated parcels. The latter investigation was conducted with some participation by defendants in the related case against TRC, who insisted on steps for the preservation of evidence.

### 7. Disclosures:

The parties have cooperatively exchanged some documents in the course of initial discussions about this action. Parties will provide initial disclosures under Rule 26 at the appropriate time after the complaint has been answered.

### 8. Discovery:

Plaintiffs seek discovery from Defendant of documents, if any exist, of the arrangement between Standard Oil Company and the City of Antioch regarding usage of one or more of the parcels for a municipal waste dumpsite. Plaintiffs will also seek the same information or documents from the City of Antioch.

///

**9. Class Actions:**

This is not a class action.

**10. Related Cases:**

The Court has determined that this action is related to *SPPI-Somersville, Inc., Somersville-Gentry, Inc., v. TRC Companies, Inc., et al.*, Case No. C 04-02648 SI.

**11. Relief:**

Plaintiffs seek under their CERCLA claims cost recovery to compensate them for the investigation and remediation costs incurred to clean up Markley Creek and the contaminated parcels. Overall costs for the Markley Creek remediation alone have been estimated up to $8 million by the environmental consultant designing the remediation. Plaintiffs have not calculated yet damages compensable under the state tort claims.

**12. Settlement and ADR:**

Plaintiffs are amenable to mediation and settlement. Plaintiffs suggest that a mediation plan for this action be coordinated with such plan for the related case.

Defendant is amenable to mediation and settlement. Due to the differences between this action and the TRC case, Defendant does not believe it necessary to coordinate mediation with the related case.

**13. Consent to Magistrate Judge For All Purposes:**

The parties at this point do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References:**

The parties have not met and conferred yet on the suitability of this action for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

The parties will seek to narrow the issues after exchange of the Rule 26 initial disclosures.

**16. Expedited Schedule:**

The parties do not believe this action is suitable for handling on an expedited basis with streamlined procedures.

**17. Scheduling:**

The deadline for Defendant to respond to the complaint is March 26, 2008, and Plaintiffs are still considering whether to file an amended complaint adding a RCRA claim. Accordingly, the parties suggest deferring, until the next case management conference, the setting of dates for discovery and motion cut-offs, pretrial conference and trial.

**18. Trial:**

Plaintiff is entitled to a trial by jury on the state tort claims. The expected length of the trial is six to nine court days.

**19. Disclosure of Non-party Interested Entities or Persons:**

The parties will electronically file the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 by the next case management conference.

Plaintiffs are closed corporations owned by individuals.

Chevron is wholly owned, directly or indirectly, by Chevron Corporation (CVX), which is publicly traded on the New York Stock Exchange.

**20. Other Matters:**

The parties will try to identify the means to provide a just, speedy and inexpensive disposition of this matter.

Dated: February 29, 2008                ARCHER NORRIS

_____
John L. Kortum
Attorneys for Plaintiffs
SPPI-SOMERSVILLE INC. and
SOMERSVILLE-GENTRY INC.

Dated: February 29, 2008                PILLSBURY WINTHROP SHAW PITTMAN LLP

/s/ Blaine I. Green by JLK
_____
Blaine I. Green
Attorneys for Defendant
CHEVRON U.S.A., INC.