1    Peter W. McGaw (Bar No. 104691)
     John L. Kortum (Bar No. 148573)
2    ARCHER NORRIS
     Attorneys At Law
3    2033 North Main Street, Suite 800
     Walnut Creek, CA 94596
4    Telephone:    (925) 930-6600
     Facsimile:    (925) 930-6620
5
     Attorneys for Plaintiffs SPPI-SOMERSVILLE INC.,
6    SOMERSVILLE-GENTRY INC.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | SPPI-SOMERSVILLE INC.,<br>SOMERSVILLE-GENTRY INC. | NO.  C 04-2648 SI |
|---|---|---|
| 12 | Plaintiffs, | **THIRD AMENDED COMPLAINT FOR:** |
| 13 | vs. | 1.  RECOVERY OF RESPONSE COSTS<br>    UNDER CERCLA § 107; |
| 14 | TRC COMPANIES, INC.; GBF HOLDINGS<br>LLC; | 2.  CONTRIBUTION UNDER CERCLA;<br>3.  INJUNCTIVE RELIEF UNDER<br>    RCRA |
| 15 | CITY OF ANTIOCH; CITY OF<br>PITTSBURG; | 4.  DECLARATORY RELIEF UNDER<br>    FEDERAL LAW; |
| 16 |  | 5.  PRIVATE CONTINUING<br>    NUISANCE; |
| 17 | CONTRA COSTA WASTE SERVICE,<br>INC.; ESTATE OF SILVIO GARAVENTA, | 6.  CONTINUING TRESPASS;<br>7.  NEGLIGENCE; |
| 18 | SR.; MARY C. GARAVENTA, AS<br>ADMINISTRATRIX OF THE ESTATE OF | 8.  NEGLIGENCE PER SE;<br>9.  ULTRAHAZARDOUS ACTIVITY; |
| 19 | SILVIO GARAVENTA, SR.; MARY C.<br>GARAVENTA; SILVIO GARAVENTA, | 10. INVERSE CONDEMNATION;<br>11. DECLARATORY RELIEF UNDER |
| 20 | JR.; MARY C. GARAVENTA, AS<br>TRUSTEE OF THE GARAVENTA | STATE LAW |
| 21 | FAMILY TRUST; PITTSBURG DISPOSAL<br>& DEBRIS BOX SERVICE, INC.; |  |
| 22 | HAROLD WILLIAM PREWETT; MARY<br>GRACE (PREWETT) BERTSCH; | **JURY TRIAL**<br>**DEMANDED** |
| 23 |  |  |
| 24 | ASHLAND INC.; AVENTIS<br>CROPSCIENCE USA INC.; |  |
| 25 |  |  |
| 26 | BEAZER EAST, INC.; BOEING<br>SATELLITE SYSTEMS, INC.; |  |
| 27 | CATERPILLAR INC.; CHEMICAL &<br>PIGMENT CO.; COLGATE-PALMOLIVE |  |

28

A0157015/625715-2

1    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
     AND STATE LAW - C 04-2648 SI

1   COMPANY; COOPER INDUSTRIES,
    INC.; CROMPTON CORPORATION;
2   CROWN BEVERAGE PACKAGING, INC.;

3   THE DOW CHEMICAL COMPANY;

4   E.I. DU PONT DE NEMOURS AND
    COMPANY; EXXON MOBIL
5   CORPORATION;

6   FAIRCHILD SEMICONDUCTOR
    CORPORATION;

7
    GAYLORD CONTAINER
8   CORPORATION; GREAT WESTERN
    CHEMICAL COMPANY;

9
    HEWLETT PACKARD COMPANY;
10  HEXCEL CORPORATION;

11  J&G DISPOSAL; LOCKHEED MARTIN
    CORPORATION; NESTLE USA, INC.;

12
    OCCIDENTAL CHEMICAL
13  CORPORATION; OCEAN VIEW
    CAPITAL, INC.

14
    PACCAR INC.; PRO TEC CHEMICAL
15  CO., INC.;

16  QUEBECOR PRINTING SAN JOSE, INC.;

17  RAYCHEM INTERNATIONAL
    CORPORATION;

18
    SHELL OIL COMPANY; SHULLER
19  INTERNATIONAL, INC.; HENRY
    SIMONSEN;

20
    UNION OIL COMPANY OF
21  CALIFORNIA; UNION PACIFIC
    RAILROAD COMPANY; UNITED
22  STATES DEPARTMENT OF THE ARMY,
    UNITED STATES DEPARTMENT OF
23  DEFENSE, DEFENSE LOGISTICS
    AGENCY; UNITED STATES
24  DEPARTMENT OF THE NAVY; USX
    CORPORATION;

25
    and WITCO CORPORATION,
26
                    Defendants.
27

Archer Norris
Attorneys At Law
Walnut Creek

A0157015/625715-2

2       THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
        AND STATE LAW  - C 04-2648 SI

1    Plaintiffs SPPI-SOMERSVILLE INC., SOMERSVILLE-GENTRY INC. ("Plaintiffs" or

2    the "Somersville Entities") allege as follows:

3                                    NATURE OF THE ACTION

4        1.    The Somersville Entities own four parcels of property (the "Property" or

5    "Plaintiffs' Property") adjacent or near to the Contra Costa Sanitary Landfill (the "CCSL

6    Landfill") and the Old Antioch Landfill, which are both near Antioch, California. The

7    Somersville Entities are also assignees of rights held by the previous owner of the subject

8    properties, Tom Gentry California Company, and by this Complaint the Somersville Entities

9    assert those assigned rights as well. The CCSL Landfill is or was comprised of the Pittsburg

10   Landfill and the GBF Landfill. The CCSL Landfill, or part of it, was used as a disposal area for

11   hazardous materials during the 1960s and 1970s, and for the disposal of municipal waste,

12   including hazardous materials, until approximately 1992. The CCSL Landfill is the source of

13   groundwater contamination on and under the Property. The CCSL Landfill and the Old Antioch

14   Landfill are also the source of surface contamination on the Plaintiffs' Property. This

15   contamination prevents the Somersville Entities from developing the Property, or part of it, to the

16   highest and best use available were it without such contamination. The Somersville Entities bring

17   this action under the Comprehensive Environmental Response, Compensation, and Liability Act

18   ("CERCLA"), as amended, 42 U.S.C. §§ 9607 and 9613, to recover response costs and

19   contribution, and under the Resource Conservation and Recovery Act ("RCRA"), as amended, 42

20   U.S.C. § 6972 and related sections. The Somersville Entities also allege state claims for

21   nuisance, trespass, negligence and ultrahazardous activity against Defendants arising from the

22   contamination on the Property and seek injunctive and other relief. The Somersville Entities

23   further allege a claim for inverse condemnation against the City of Antioch and the City of

24   Pittsburg.

25                                 JURISDICTION AND VENUE

26       2.    The jurisdiction of this Court over the subject matter of this action is predicated on

27   28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), 42 U.S.C. §

28

1    9613(b) (CERCLA), and 42 U.S.C. § 6972(a) (RCRA).

2         3.    Venue in the Northern District of California is based on 28 U.S.C. § 1391(b)

3    (venue proper in district in which a substantial part of the events giving rise to the claim occurred)

4    and 42 U.S.C. § 9613(b) (venue where release occurred).

5         4.    Pursuant to Local Rule 3-2(d) of the Northern District, assignment to the Court in

6    San Francisco or Oakland is appropriate because this action arises in Contra Costa County.

7                                   **RELATED CASES**

8         5.    This action is related to *Members Of The GBF/Pittsburgh Landfill(s) Respondents*

9    *Group, et al. v. Contra Costa Waste Service, Inc.*, Case No. C 96-03147 SI (filed Sept. 3, 1996),

10   which has been closed.

11        6.    This action is also related to *West Coast Home Builders, Inc. v. Ashland Inc., et*

12   *al.*, Case No. C 01-4029 SI, United States District Court, Northern District of California (filed

13   Oct. 25, 2001), which is now closed.  The present action involves different plaintiffs and different

14   impacted property than the property at issue in Case No. C 01-4029, but the present action

15   involves the same CCSL Landfill, some of the same defendants, and, in part, the same

16   contamination emanating from the CCSL Landfill.  The present action also involves different

17   contamination emanating from the CCSL Landfill and the Old Antioch Landfill.

18        7.    This action is also related to *West Coast Home Builders, Inc. v. Aventis*

19   *Cropscience USA Inc., et al.*, Case No. C 04-2225 SI, United States District Court, Northern

20   District of California (filed June 7, 2004), now pending in this court.  The present action involves

21   different plaintiffs and different impacted property than the property at issue in Case No. C 04-

22   2225 SI, but the present action involves the same CCSL Landfill, some of the same defendants

23   and, in part, the same contamination emanating from the CCSL Landfill.  The present action also

24   involves different contamination emanating from the CCSL and the Old Antioch landfills.

25        8.    This action is also related to *SPPI-Somersville, Inc., Somersville-Gentry, Inc. v.*

26   *Chevron U.S.A., Inc.*, Case No. CV 07-5824 SI, United States District Court, Northern District of

27   California, filed November 15, 2007.  The Chevron defendant in this related case was a prior

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2                                      4    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
                                                            AND STATE LAW - C 04-2648 SI

1    owner of the properties involved in this action.

2                              **PARTIES TO THE ACTION**

3                                  **The Plaintiffs**

4         9.      Plaintiff SPPI-SOMERSVILLE INC. is a closely held corporation organized and

5    existing under the laws of the state of California.  Its main office is located in Concord, California

6    and its principal place of business is also California.

7         10.     Plaintiff SOMERSVILLE-GENTRY INC. is a closely held corporation organized

8    and existing under the laws of the state of California.  Its main office is located in Concord,

9    California and its principal place of business is also California.

10                       **The Present Owner-Operator Defendants**

11        11.     On information and belief, Plaintiffs allege that defendant GBF HOLDINGS LLC

12   is a California limited liability company.  GBF HOLDINGS LLC was formed on or about

13   January 24, 2001.

14        12.     On information and belief, Plaintiffs allege that defendant TRC COMPANIES,

15   INC. is a Delaware corporation.

16        13.     Defendant CITY OF ANTIOCH is a municipality located in Contra Costa County,

17   California.  Plaintiffs presented a notice of tort claim to the CITY OF ANTIOCH on June 30,

18   2006, which attached, among other items, several tolling agreements between, on one hand,

19   Plaintiffs' predecessor-in-interest and the Plaintiffs and, on the other hand, the CITY OF

20   ANTIOCH.  Plaintiffs have not received any denial of claim from the city and so the claim is

21   deemed denied under California Government Code § 912.4.

22                       **The Former Owner-Operator Defendants**

23        14.     On information and belief, Plaintiffs allege that defendant CONTRA COSTA

24   WASTE SERVICE, INC. is a California corporation.

25        15.     On information and belief, Plaintiffs allege that defendant ESTATE OF SILVIO

26   GARAVENTA, SR. is the legal successor to Silvio Garaventa, Sr., an individual, who is

27   deceased.

28

1        16.     On information and belief, Plaintiffs allege that defendant MARY C.

2    GARAVENTA, as administratrix of the ESTATE OF SILVIO GARAVENTA, SR., is a citizen

3    of California.

4        17.     On information and belief, Plaintiffs allege that defendant MARY C.

5    GARAVENTA, an individual, is a citizen of California.

6        18.     On information and belief, Plaintiffs allege that defendant SILVIO

7    GARAVENTA, JR., an individual, is a citizen of the State of California.

8        19.     On information and belief, Plaintiffs allege that defendant MARY C.

9    GARAVENTA, AS TRUSTEE OF THE GARAVENTA FAMILY TRUST, is the legal Trustee

10    of the Garaventa Family Trust, which is a trust established under California law by the late Silvio

11    Garaventa, Sr. and MARY C. GARAVENTA, settlors, for the benefit of one or more Garaventa

12    family members.

13        20.     On information and belief, Plaintiffs allege that defendant PITTSBURG

14    DISPOSAL & DEBRIS BOX SERVICE, INC. is a California corporation, is also known as

15    Pittsburg Disposal Service, and is a successor to Pitsil, Inc.

16        21.     On information and belief, Plaintiffs allege that defendant HAROLD WILLIAM

17    PREWETT, an individual, is a resident of California.

18        22.     On information and belief, Plaintiffs allege that defendant MARY GRACE

19    (PREWETT) BERTSCH, an individual, is a resident of California.

20        23.     Defendant CITY OF PITTSBURG is a municipality located in Contra Costa

21    County, California.  Plaintiffs presented a notice of tort claim to the CITY OF PITTSBURG on

22    December 18, 2007.  Plaintiffs have not received any denial of claim from the city and so the

23    claim is deemed denied under California Government Code § 912.4.

24                     **The Generator Defendants**

25        24.     On information and belief, Plaintiffs allege that defendant ASHLAND INC. is a

26    Kentucky corporation and was formerly known as, or is successor to, Ashland Chemical

27    Company, an Ohio corporation, Ashland Chemical, Inc., a Delaware corporation, and Ashland

1    Chemical, Inc., an Ohio corporation.

2          25.      On information and belief, Plaintiffs allege that defendant AVENTIS

3    CROPSCIENCE USA INC., a Delaware corporation, was formerly known as RHONE-

4    POULENC, INC., a New York corporation, and is successor to Stauffer Chemical Company.

5          26.      On information and belief, Plaintiffs allege that defendant BEAZER EAST, INC.

6    is a Delaware corporation that was formerly known as Koppers Company, Inc.

7          27.      On information and belief, Plaintiffs allege that defendant BOEING SATELLITE

8    SYSTEMS, INC. is a Delaware corporation, and is the successor to Hughes Electronics

9    Corporation.

10          28.      On information and belief, Plaintiffs allege that defendant CATERPILLAR INC.

11    is a Delaware corporation.

12          29.      On information and belief, Plaintiffs allege that defendant CHEMICAL &

13    PIGMENT COMPANY is a California corporation.

14          30.      On information and belief, Plaintiffs allege that defendant COLGATE-

15    PALMOLIVE COMPANY is a Delaware corporation.

16          31.      On information and belief, Plaintiffs allege that defendant COOPER

17    INDUSTRIES, INC. is an Ohio corporation, and is the successor to Campbell Chain Company, a

18    Delaware corporation.

19          32.      On information and belief, Plaintiffs allege that defendant CROMPTON

20    CORPORATION is a Delaware corporation, and is the successor to U.S. Peroxygen, which was a

21    California corporation.

22          33.      On information and belief, Plaintiffs allege that defendant CROWN BEVERAGE

23    PACKAGING, INC. is a Delaware corporation, and is the successor to Continental Can

24    Company, Inc., a Delaware corporation.

25          34.      On information and belief, Plaintiffs allege that defendant THE DOW

26    CHEMICAL COMPANY is a Delaware corporation, and is the successor to Dow Chemical

27    U.S.A.

28

Archer Norris
Attorneys At Law
Walnut Creek

A0157015/625715-2

7

THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1        35.     On information and belief, Plaintiffs allege that defendant E.I. DU PONT DE

2    NEMOURS AND COMPANY is a Delaware corporation.

3        36.     On information and belief, Plaintiffs allege that defendant EXXON MOBIL

4    CORPORATION is a New Jersey corporation, and is the successor to Humble Oil & Refining

5    Company, which was a Delaware corporation.

6        37.     On information and belief, Plaintiffs allege that defendant FAIRCHILD

7    SEMICONDUCTOR CORPORATION is a Delaware corporation and that FAIRCHILD

8    SEMICONDUCTOR CORPORATION OF CALIFORNIA is a Delaware corporation.

9        38.     On information and belief, Plaintiffs allege that defendant GAYLORD

10   CONTAINER CORPORATION is a Delaware corporation, and is a successor to Crown

11   Zellerbach.

12       39.     On information and belief, Plaintiffs allege that defendant GREAT WESTERN

13   CHEMICAL COMPANY is a Washington corporation.

14       40.     On information and belief, Plaintiffs allege that defendant HEWLETT-PACKARD

15   COMPANY is a Delaware corporation.

16       41.     On information and belief, Plaintiffs allege that defendant HEXCEL

17   CORPORATION is a Delaware corporation.

18       42.     On information and belief, Plaintiffs allege that defendant J & G DISPOSAL, INC.

19   was a California corporation.

20       43.     On information and belief, Plaintiffs allege that defendant LOCKHEED MARTIN

21   CORPORATION is a Maryland corporation.

22       44.     On information and belief, Plaintiffs allege that defendant NESTLE USA, INC. is

23   a Delaware corporation, and is the successor to Nestle Food Company and Libby, McNeill &

24   Libby.

25       45.     On information and belief, Plaintiffs allege that defendant OCCIDENTAL

26   CHEMICAL CORPORATION is a New York corporation, and is the successor to Diamond

27   Shamrock Chemicals Corporation.

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK          A0157015/625715-2                    8        THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
                                                                    AND STATE LAW - C 04-2648 SI

46.     On information and belief, Plaintiffs allege that defendant OCEAN VIEW CAPITAL, INC. is a Delaware corporation, and is a successor to Triangle Wire & Cable, Inc. which was a Delaware corporation.

47.     On information and belief, Plaintiffs allege that defendant PACCAR INC. is a Delaware corporation, and is successor for Peterbilt Motors Company.

48.     On information and belief, Plaintiffs allege that defendant PRO TEC CHEMICAL COMPANY, INC. is a California corporation.

49.     On information and belief, Plaintiffs allege that defendant QUEBECOR PRINTING SAN JOSE, INC. is a Delaware corporation, and is the successor to Arcata Graphics Company.

50.     On information and belief, Plaintiffs allege that defendant RAYCHEM INTERNATIONAL CORPORATION is a California corporation, and is the successor to Raychem Corporation, a California corporation, and Raychem Corporation, a Delaware corporation.

51.     On information and belief, Plaintiffs allege that defendant SHELL OIL COMPANY is a Delaware corporation.

52.     On information and belief, Plaintiffs allege that defendant SHULLER INTERNATIONAL, INC. is a Delaware corporation, and is successor to Manville Sales Corporation.

53.     On information and belief, Plaintiffs allege that defendant HENRY SIMONSEN is an individual and a citizen of the State of California.

54.     On information and belief, Plaintiffs allege that defendant UNION OIL COMPANY OF CALIFORNIA is a California corporation, and is doing business as UNOCAL, and is the successor to Collier Carbon & Chemical.

55.     On information and belief, Plaintiffs allege that defendant UNION PACIFIC RAILROAD COMPANY is a Delaware corporation, and is successor to Southern Pacific Transportation Company, which was a Delaware corporation.

1    56.    Defendant UNITED STATES DEPARTMENT OF THE ARMY is an agency of

2 the United States of America, and includes such subdivisions as the Sharpe Army Depot.

3    57.    Defendant UNITED STATES DEPARTMENT OF DEFENSE includes as a

4 component the DEFENSE LOGISTICS AGENCY, which manages the Sharpe and Tracy Depots.

5    58.    Defendant UNITED STATES DEPARTMENT OF THE NAVY is an agency of

6 the United States of America, and includes such subdivisions as the Alameda Naval Air Station,

7 the Hunters Point Naval Shipyard, and the United States Marine Corps.

8    59.    On information and belief, Plaintiffs allege that defendant USX CORPORATION

9 is a Delaware corporation, and is the successor to U.S. Steel Corporation and Columbia Steel

10 Corporation.

11    60.    On information and belief, Plaintiffs allege that WITCO CORPORATION is a

12 Delaware corporation and is the successor to U.S. Peroxide.

13                                SUMMARY OF THE ACTION

14                                        The Property

15    61.    The Somersville Entities are developers in Contra Costa County.  Somersville

16 Entities' predecessor in interest, Tom Gentry California Company, purchased the Property in or

17 around 1966 for prospective development.  The Property was subsequently transferred to

18 Plaintiffs to be used for the same general purpose.  The Property is part of a tract of land in an

19 unincorporated part of Contra Costa County, California, near the cities of Antioch and Pittsburg.

20    62.    The parcels are located between Somersville Road and the GBF/Pittsburg Landfill,

21 in Contra Costa County, California.  Specifically, Somersville-Gentry, Inc. owns Assessor Parcel

22 Number 076-010-034 that occupies approximately 4 acres.  SPPI-Somersville, Inc. owns APN

23 076-010-030, APN 076-010-031 and APN 076-010-032 that collectively occupy approximately

24 20 acres.

25    63.    The Companies acquired the Property from the Tom Gentry California Company

26 on or about November 21, 2003 and were assigned all rights of their predecessor-in-interest.

27    64.    Prior to Somersville Entities' purchase of the Property, it had been used as a field.

28

1    At some point in July 2001, the Tom Gentry California Corporation discovered that municipal

2    solid waste had spilled from one or more of the adjacent landfills or otherwise been deposited

3    onto the Property, contaminating at least the surface of the parcel APN 076-010-034. Further,

4    municipal waste deposited into and around Markley Creek in the vicinity of the Property has

5    contaminated the Property. The California Regional Water Quality Control Board has since

6    issued an order requiring certain parties to this action to remediate the impact of this municipal

7    solid waste on Markley Creek, which transverses the parcels owned by the Somersville Entities.

8                                    **The CCSL Landfill**

9          65.    The eastern portion of the Property is adjacent to and north of the CCSL Landfill.

10   In this area, groundwater flows in the general direction from the south to the north, and therefore

11   transports contaminants emanating from the CCSL Landfill into the groundwater on and under

12   the Property.

13         66.    The CCSL Landfill is an approximately 88-acre area located in an unincorporated

14   area of Contra Costa County near the cities of Antioch and Pittsburg. The CCSL Landfill is

15   comprised of (a) the former GBF Landfill (the eastern 63-acre parcel), and (b) the former

16   Pittsburg Landfill (the western 25-acre parcel), both of which were consolidated into (c) an 88-

17   acre overlying solid waste landfill that was operated as the Contra Costa Sanitary Landfill. The

18   CCSL Landfill ceased accepting wastes in 1992.

19         67.    On information and belief, Plaintiffs allege that from approximately 1947 to 1963,

20   E.A.H. Prewett, as Trustee, held the fee interest in the property that became the CCSL Landfill

21   property. A 1/6 interest was held in trust for Mary Grace (Prewett) Bertsch and a 1/6 interest was

22   held in trust for Harold William Prewett, until 1960, when each assumed a ¼ interest in trust.

23   From 1963 to 1973, Harold William Prewett and Mary Grace (Prewett) Bertsch each owned a ¼

24   fee ownership interest in the CCSL Landfill property.

25         68.    On information and belief, Plaintiffs allege that Harold William Prewett and Mary

26   Grace (Prewett) Bertsch (along with E.A.H. Prewett) leased some or all a portion of the CCSL

27   Landfill property to Contra Costa Waste Service, Inc. and the City of Pittsburg "for use as a waste

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2                    11    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
                                           AND STATE LAW - C 04-2648 SI

1    disposal site." Contra Costa Waste Service, Inc. leased the GBF Landfill property from the

2    Prewett family in or about 1960 for the purpose of conducting a refuse disposal business.

3          69.    On information and belief, Plaintiffs allege that in 1963, CCWS leased from the

4    Prewetts, pursuant to a written lease, a portion of the CCSL Landfill property for a "business of

5    disposing of garbage, rubbish, industrial refuse and waste, including industrial liquid waste, and

6    other such non-putrescible materials," among other things. The term of the November 1, 1963

7    lease was from November 1, 1963 to April 30, 1970.

8          70.    On information and belief, Plaintiffs allege that on November 1, 1967, CCWS

9    entered into another lease with the Prewetts for a portion of the CCSL Landfill property, again

10   "for the purpose of conducting a refuse disposal business and business of disposing of garbage,

11   rubbish, industrial refuse and waste, including industrial liquid waste, and other such non-

12   putrescible materials." In signing the November 1, 1967 lease, Mr. Garaventa, on behalf of

13   CCWS, warranted that the "Lessee [CCWS] presently possesses a permit to use the said described

14   property for the purposes as herein provided from the County of Contra Costa and other

15   appropriate governmental and regulatory authorities." The term of the November 1, 1967 lease

16   was from November 1, 1967 to June 30, 1977.

17         71.    On information and belief, Plaintiffs allege that from July 1, 1957, to December

18   28, 1973, the City of Pittsburg leased the Pittsburg Landfill from the Prewetts "for the purpose of

19   dumping, processing, salvaging and/or burying municipal refuse and garbage."

20         72.    On information and belief, Plaintiffs allege that on December 28, 1973, the

21   Pittsburg Landfill was sold by the Prewetts to Silvio Garaventa, Sr. and Italo Ferrando dba G.B.F.

22   Company who assumed the existing July 1, 1973 lease between the Prewetts and the City of

23   Pittsburg.

24         73.    On information and belief, Plaintiffs allege that from July 1, 1973 to June 30,

25   1981, the City of Pittsburg leased the Pittsburg Landfill from Silvio Garaventa, Sr. and Italo

26   Ferrando dba G.B.F. Co. "for purposes of dumping, processing, salvaging and/or burying refuse,

27   garbage and solid waste."

28

1     74.    On information and belief, Plaintiffs allege that in December of 1973, "GBF

2    Company" bought the CCSL Landfill property. The "GBF Company" was a general partnership.

3    The initials "GBF" stood for the three general partners: Silvio Garaventa, Sr., Dan Borges, Sr.

4    and Italo ("Babe") Ferrando. In December 1973, Mr. Garaventa was a general partner in the GBF

5    Company general partnership.

6     75.    On information and belief, Plaintiffs allege that on December 20, 1977, GBF

7    Company sold the CCSL Landfill property to Mr. Garaventa, his wife Mary C. Garaventa, Italo

8    Ferrando, and his wife Olga Ferrando. Ten days later, on December 30, 1977, Italo Ferrando, and

9    his wife Olga Ferrando sold their interest in the CCSL Landfill property to Mr. Garaventa and his

10    wife Mary C. Garaventa.

11     76.    On information and belief, Plaintiffs allege that Silvio Garaventa, Sr. and Mary C.

12    Garaventa owned the CCSL Landfill Property until Mr. Garaventa's death, at which point Mr.

13    Garaventa's interest was administered as the Estate of Silvio Garaventa, Sr. (Mary C. Garaventa,

14    Administratrix).

15     77.    On information and belief, Plaintiffs allege that in approximately 2001, the Estate

16    of Silvio Garaventa, Sr. and Mary C. Garaventa transferred their interest in the CCSL Landfill

17    Property to GBF Holdings, LLC, a subsidiary of TRC Companies, Inc., which is the present

18    owner of the CCSL Landfill Property.

19                  **The GBF Landfill**

20     78.    On information and belief, Plaintiffs allege that the Prewett family leased what

21    later became known as the GBF Landfill to IT in the 1950s (or earlier) for the purpose of

22    conducting an industrial waste disposal operation.

23     79.    On information and belief, Plaintiffs allege that in 1960 the Prewett family leased

24    what later became known as the GBF Landfill to CCWS and that CCWS, in turn, subleased what

25    later became known as the GBF Landfill to Industrial Tank (a predecessor to IT Corporation) in

26    1960.

27     80.    On information and belief, Plaintiffs allege that beginning in approximately 1960,

ARCHER NORRIS  28
ATTORNEYS AT LAW
WALNUT CREEK    A0157015/625715-2          13    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
                                             AND STATE LAW - C 04-2648 SI

1    IT constructed unlined disposal "ponds" for liquid wastes which eventually covered the majority

2    of the landfill's 63-acre site.  Between 1960 and approximately 1973, IT disposed of

3    approximately 80 million gallons of liquid toxic waste into these ponds.  The disposed liquids

4    included chlorinated solvents, waste acids, beryllium metal, PCBs, oils, benzene, lead, mercury,

5    and vinyl chloride.  Approximately 50% of these liquids has now infiltrated into the vadose zone.

6        81.    On information and belief, Plaintiffs allege that in order to abate an air pollution

7    problem, IT advocated before the Bay Area Air Pollution Control District ("Air District") that

8    industrial and municipal solid waste be dumped in the ponds to soak up the liquid toxic waste.

9    This remedy was approved and CCWS began to dump municipal waste at the GBF Landfill as

10   well as construction debris, wood, and cardboard.

11                          **The Pittsburg Landfill**

12       82.    On information and belief, Plaintiffs allege that the Prewett family leased what

13   became known as the Pittsburg Landfill to the City of Pittsburg from 1952 (or earlier) to 1973 for

14   use as a disposal site for municipal household waste.

15       83.    On information and belief, Plaintiffs allege that after acquisition of the Landfill by

16   the GBF Company in 1973, the Pittsburg Landfill continued to accept municipal waste, including

17   some hazardous chemicals and industrial liquid wastes, until at least 1978.

18       84.    On information and belief, Plaintiffs allege that the Pittsburg Landfill continued to

19   operate as a solid waste facility after 1978 to 1987, when it was consolidated with the GBF

20   Landfill to form the Contra Costa Sanitary Landfill, which was owned and operated by CCWS.

21                     **Groundwater Monitoring and DTSC Order**

22       85.    On information and belief, Plaintiffs allege that contaminants have migrated

23   through the groundwater from the GBF Landfill.  Accordingly, the Department of Toxic

24   Substances Control ("DTSC") ordered IT, CCWS and numerous other entities to investigate and

25   remediate the groundwater-borne contamination at the GBF Landfill by an order dated September

26   25, 1987, and amended June 6, 1988 and July 28, 1993.

27       86.    As reported in the July 28, 1993 remedial action order, six groundwater

1    monitoring wells were installed on the Landfill in or about May 1986. All six sample wells tested

2    had levels of hazardous substances exceeding the Maximum Contaminant Levels ("MCLs"), that

3    generally reflect applicable drinking water standards. In or about April and May 1990, ten

4    groundwater monitoring wells were installed in the uppermost water-bearing zone, and six

5    monitoring wells and one piezometer were installed in the water-bearing zone underlying the

6    uppermost water-bearing zone. Those wells also revealed that the groundwater contains levels of

7    hazardous substances in excess of the MCLs. Hazardous substances detected in excess of the

8    MCLs included the following: Arsenic, Benzene, Cadmium, Carbon Tetrachloride, Chloroform,

9    Chromium (total), 1,1-Dichloroethane, 1,1-Dichloroethylene, 1,2-Dichcloroethylene, 1,2-

10   Dichloropropane, Lead, Mercury, Perchloroethylene, Selenium, Silver, Trichloroethylene, and

11   Vinyl Chloride.

12        87.    As reported in the July 28, 1993 Remedial Action Order, the DTSC determined

13   that as a result of the water-borne contaminants, "removal and remedial action is necessary at the

14   IT [Landfill] because there may be an imminent and/or substantial endangerment to the public

15   health or welfare or to the environment." The order also determined that the "actual and/or

16   threatened release of hazardous substances at the [Landfill] also constitutes a public nuisance as

17   defined in California Civil Code Sections 3479 and 3480." DTSC also noted in the 1993 order

18   that three residential developments were proposed for construction in the vicinity of the Landfill

19   and that the "population at risk due to contaminated groundwater includes potential near-site

20   downgradient residents who may utilize shallow groundwater and potential off-site downgradient

21   users of water-supply wells."

22        88.    The July 28, 1993 Remedial Action Order also required the owners, operators,

23   generators and other potentially responsible parties named as respondents in the order to prepare a

24   remedial investigation/feasibility study, a remedial action plan, and a remedial design plan, as

25   well as other documents. The order clearly indicated that alternatives for treatment of the

26   contaminated groundwater be considered and, if feasible, implemented.

27        89.    Pursuant to the 1993 Remedial Action Order and amendments thereto,

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

15    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

28

1  investigation of the condition of the soil and groundwater on and under the CCSL Landfill and

2  surrounding properties was commenced. This investigation disclosed that contamination had

3  leached from the CCSL Landfill and had left the boundary of the CCSL Landfill property and,

4  without Plaintiffs' knowledge or permission, had traveled onto and under Plaintiffs' property.

5       90.    In June 1997, the DTSC issued a Remedial Action Plan ordering the owners,

6  operators, generators and other potentially responsible parties to undertake certain remedial

7  actions in connection with the CCSL Landfill. These remedial actions include actions that, if

8  implemented, are designed to, and will, abate any condition of pollution, nuisance and trespass

9  created by the CCSL Landfill on and under Plaintiffs' Property.

10       91.    The remedial actions required by the 1997 Remedial Action Plan are reasonable

11  and feasible; however, as of the filing of this action, Defendants have failed to implement the

12  requirements of the 1997 Remedial Action Plan and have failed to take adequate or appropriate

13  steps to remediate and abate the condition of pollution, nuisance and trespass created on and

14  under Plaintiffs' Property.

15                          **The Old Antioch Landfill**

16       92.    The Property is also located northeast of, and adjacent or near to, the Old Antioch

17  Landfill. The Old Antioch Landfill was operated by the City of Antioch and is still owned by the

18  city. The Old Antioch Landfill is located on both sides of Markley Creek east of Somersville

19  Road in the southeast ¼ Section 27, T2N, R1E. The Old Antioch Landfill occupies APN 076-

20  021-015 (13.20 acres) and 076-021-014 (3.85 acres).

21       93.    The Old Antioch Landfill, which operated from the early 1900s until its closure in

22  1968, accepted municipal solid waste and for part of its history operated as a burn dump. Early

23  landfill operations burned waste prior to final discharge; later operations discharged unburned

24  waste. It was unlined. The landfill was closed in 1968 with a cover of approximately 12-inches

25  of clayey soil.

26       94.    Aerial photographs dating back at least as far as 1953 show land use patterns for

27  the Pittsburg and Antioch landfills and the 034 parcel. These photographs show, among other

28

1    information, distribution of refuse over the 034 parcel during the late 1950s and the 1960s that is

2    apparently related to the operations on the Pittsburg Landfill and the Antioch Landfill.

3        95.    In 1996, 1997 and 1998, slope failures and erosion in the south bank of Markley

4    Creek on City of Antioch property discharged waste into the creek. The City removed the waste

5    and repaired the soil. Subsequent investigations of Markley Creek by Contra Costa County

6    Environmental Health Department staff detected at least four additional small slope failures

7    exposing waste in the south bank of Markley Creek and exposed waste in the north bank at the

8    "mound area."

9        96.    The California Regional Water Quality Control Board, Central Valley Region (the

10    "Regional Board"), ordered site characterizations. In August 2002, the City of Antioch submitted

11    to the Regional Board the Site Characterization Report, Old Antioch Landfill. The report

12    demonstrated that waste had been discharged on both sides of Markley Creek. The waste is

13    composed of mixed burn and unburned municipal waste. In places, the south bank of Markley

14    Creek is composed entirely of waste (over 30 feet) with a thin cover of soil. In the north bank

15    there is at least 20 feet of mixed burned and unburned municipal waste in the "mound" area. The

16    waste is covered with 1 to 3 feet of clayey soil. The report identified, among other matters, the

17    presence of elevated lead and copper levels subject to classification as hazardous waste.

18        97.    In September 2002, the Tom Gentry California Company submitted to the

19    Regional Board the Site Characterization Report Gentry Property. The report demonstrated that 1

20    to 5 feet of waste has been deposited over the entire area of APN 076-010-034, which was then

21    owned by the Tom Gentry California Company. Waste is thickest nearest the Old Antioch

22    Landfill and thins to the east. The waste is covered with 6 inches to 3 feet of clayey soil. The

23    report noted, among other matters, the presence of elevated lead levels subject to classification as

24    hazardous waste.

25        98.    On January 7, 2003, the Regional Board issued Cleanup and Abatement Order No.

26    R5-2002-0736, requiring the City of Antioch, the Tom Gentry of California Company, and GBF

27    Holdings LLC to cleanup the Markley Creek area.

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2                    17    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

99.    The Regional Board Cleanup and Abatement Order addresses some, but not all, of the surface contamination on the four acres of APN 076-010-034. The contamination not addressed by the Regional Board order prevents the Companies from developing the Property, or part of it, to the highest and best use available were it without such contamination.

100.    On or about July 19, 2006, the Regional Board issued an Administrative Civil Liability Complaint ("ACL"), Complaint No. R5-2006-0512, to the City of Antioch and Somersville-Gentry Inc. proposing that these parties pay a $300,000 penalty for failure to comply with the prior administrative order. This complaint has been settled by both the City of Antioch and Somersville-Gentry Inc. As a condition of settlement a schedule was put in place for the remediation of Markley Creek. As part of the remediation, Shaw Environmental, Inc. performed further characterization on the Markley Creek streambed, and identified the presence of elevated levels of lead subject to classification as hazardous waste.

### FIRST CAUSE OF ACTION

### (Recovery of Response Costs Pursuant to CERCLA)

### (Against All Defendants)

101.    Plaintiffs refer to and reallege paragraphs 1 through 100 of this Complaint and incorporate them herein by this reference.

102.    Plaintiffs and Defendants are "persons" as defined by CERCLA § 101(21), 42 U.S.C. § 9601(21).

103.    At relevant times identified herein, Defendants, or some of them, were the "owners" and/or "operators" of the CCSL Landfill and the Old Antioch Landfill, within the meaning of Section 107(a)(1) and (2). The CCSL Landfill and the Old Antioch Landfill each were a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9), at the time hazardous materials were disposed of at the Landfill and at the Property.

104.    Defendants, or some of them, are persons who arranged for the treatment or disposal of hazardous substances at the Landfill within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

1      105.    Defendants, or some of them, are "transporters" of hazardous substances within

2  the meaning of Section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4).

3      106.    The CCSL Landfill, the Old Antioch Landfill and the Property are, and at all times

4  relevant hereto were, a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

5      107.    The elements, compounds, mixtures, solutions and substances discovered on the

6  CCSL Landfill, the Old Antioch Landfill and at the Property and identified herein are "hazardous

7  substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

8      108.    The actions by Defendants with regard to these hazardous substances constituted a

9  "release" at the facility within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

10      109.    Each Defendant did, over extended periods of time, own, possess, generate,

11  handle, transport and/or dispose of, and/or arrange for disposal of those hazardous substances in

12  such a manner at the CCSL Landfill, the Old Antioch Landfill and at the Property so as to cause

13  hazardous substances to be released or threaten to release into the environment.

14      110.    The release and/or threatened release of hazardous substances by the Defendants

15  have caused and continue to cause Plaintiffs to incur response costs.  As used in this Complaint,

16  the term "response costs" means the costs of "removal" and "remedial actions" of hazardous

17  substances, as those terms are defined in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and

18  (24), and all other costs to respond to releases of hazardous substances, as defined under

19  CERCLA § 101(25), 42 U.S.C. § 9601(25).  Such costs include, but are not limited to, costs

20  incurred to monitor, assess and evaluate the release and/or threatened release of hazardous

21  substances.

22      111.    Plaintiffs will incur substantial response costs in developing and implementing the

23  appropriate response actions.

24      112.    All such response costs incurred and that will be incurred have been and will

25  continue to be necessary and consistent with the National Contingency Plan ("NCP") as set forth

26  in 40 C.F.R. Part 300.

27      113.    Pursuant to 42 U.S.C. § 9607(a), the Defendants, and each of them, are jointly and

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

19

THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1    severally liable to Plaintiffs for all necessary response costs incurred by Plaintiffs in responding

2    to the release or threatened release of hazardous substances. Plaintiffs are in no way responsible

3    or liable for the release or threatened release of hazardous substances on or at the CCSL Landfill,

4    the Old Antioch Landfill or at the Property and, as compared to the defendants who actively and

5    intentionally disposed of hazardous substances at the CCSL Landfill, the Old Antioch Landfill

6    and at the Property, are blameless.

7        WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

8                    **SECOND CAUSE OF ACTION**

9                   **(Contribution Pursuant to CERCLA)**

10                    **(Against All Defendants)**

11        114.    Plaintiffs refer to and reallege paragraphs 1 through 113 of this Complaint and

12    incorporate them herein by reference.

13        115.    As compared to the Defendants, who actively and intentionally disposed of

14    hazardous substances at the CCSL Landfill, the Old Antioch Landfill and at the Property,

15    Plaintiffs are blameless. Plaintiffs' liability, if any, stems from the fact that they are the owner of

16    the Property that Defendants' waste disposal activities have contaminated.

17        116.    Defendants are liable or potentially liable parties under Section 107(a) of

18    CERCLA, 42 U.S.C. § 9607(a) and have been sued under that section in the first cause of action

19    herein.

20        117.    Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), provides that "[a]ny person may

21    seek contribution from any other person who is liable or potentially liable under section 9607(a)

22    of this title, during or following any civil action under section 9606 of this title or under section

23    9607(a) of this title." Further, pursuant to case law interpreting CERCLA, Plaintiffs are entitled

24    to seek contribution, implied under Section 107(a) or express under Section 113(f), from each

25    Defendant for the costs they have incurred and will incur in connection with the response actions

26    at the Property.

27        118.    Defendants, and each of them, are liable to Plaintiffs for contribution pursuant to

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

20    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1  CERCLA, for some or all amounts expended by Plaintiffs as response costs and amounts that

2  Plaintiffs will expend as response costs in the future.

3        WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

4  ### THIRD CAUSE OF ACTION

5  ### (Resource Conservation And Recovery Act)

6  ### (Against All Defendants Identified On Exhibit A Of This Complaint)

7        119.   Plaintiffs refer to and reallege paragraphs 1 through 118 of this Complaint and

8  incorporate them herein by reference.

9        120.   Section 7002(a) of the Resource Conservation and Recovery Act ("RCRA"),

10  codified at 42 U.S.C. § 6972(a), provides, in relevant part, that any person may bring an action

11          (B) against any person, including the United States . . . who
   has contributed or who is contributing to the past or present
12  handling, storage, treatment, transportation, or disposal of any solid
   or hazardous waste which may present an imminent and substantial
13  endangerment to health or the environment . . . .

14          . . . . The district court shall have jurisdiction, without
   regard to the amount in controversy or the citizenship of the parties,
15  . . . to restrain any person who has contributed or who is
   contributing to the past or present handling, storage, treatment,
16  transportation, or disposal of any solid or hazardous waste referred
   to in paragraph (1)(B), to order such person to take such action as
17  may be necessary, or both, . . . and to apply any appropriate civil
   penalties under section 6928(a) and (g) of this title.
18

19        121.   Each of the defendants named in this cause of action is a "person" as that term is

20  defined in RCRA Section 1004(15), codified at 42 U.S.C. § 6903(15).

21        122.   RCRA Section 1004(3), codified at 42 U.S.C. § 6903(3), defines "disposal" as

22  follows:

23        the discharge, deposit, injection, dumping, spilling, leaking, or
   placing of any solid waste or hazardous waste into or on any land or
24  water so that such solid waste or hazardous waste or any constituent
   thereon may enter the environment or be emitted into the air or
25  discharged into any waters, including ground waters.

26        123.   RCRA Section 1004(27), codified at 42 U.S.C. § 6903(27), defines "solid waste"

27  as folllows:

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

21   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1    any garbage, refuse, sludge from a waste treatment plant, water
     supply treatment plant, or air pollution control facility and other
2    discarded material, including solid, liquid, semisolid, or contained
     gaseous material resulting from industrial, commercial, mining, and
3    agricultural operations, and from community activities, but does not
     include solid or dissolved material in domestic sewage, or solid or
4    dissolved materials in irrigation return flows or industrial
     discharges which are point sources subject to permits under section
5    1342 of Title 33, or source, special nuclear, or byproduct material
     as defined by the Atomic Energy Act of 1954, as amended (68 Stat.
6    923) [42 U.S.C. § 2011 et seq.].

7    124.    The contaminants identified at the Property, including without limitation, the

8    surface waste containing metals (e.g., lead) and the subsurface groundwater containing hazardous

9    chemicals are "solid wastes" within the meaning of 42 U.S.C. § 6903(27) that have been disposed

10   of within the meaning of 42 U.S.C. § 6903.

11   125.    The California Environmental Protection Agency, Department of Toxic

12   Substances Control, one of the agencies charged by statute with making such determinations in

13   California, has determined that the contaminants identified at the Property may present an

14   imminent and substantial endangerment to health or the environment.

15   126.    Each of the defendants named in this cause of action has contributed to the past

16   disposal of the solid wastes which may present an imminent or substantial endangerment to health

17   or the environment and accordingly should be ordered to take appropriate actions to abate the

18   endangerment to health and the environment.

19   127.    On November 2, 2007, Plaintiffs sent by registered mail, return receipt requested,

20   the notice required by RCRA Section 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A), to the

21   Defendants listed in Exhibit A to this Complaint, with copies to the Administrator of the United

22   States Environmental Protection Agency and to the State of California (through the Director of

23   the Department of Toxic Substances Control). This Third Amended Complaint is filed more than

24   90 days after the mailing and receipt of Plaintiffs' notice letter.

25   128.    Plaintiffs will promptly serve a file-endorsed copy of this Third Amended

26   Complaint on the Attorney General of the United States and on the Administrator of the United

27   States Protection Agency once it has been filed with the Court.

28

1    WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

2    **FOURTH CAUSE OF ACTION**

3    **(Declaratory Relief Under Federal Law)**

4    **(Against All Defendants)**

5    129.    Plaintiffs refer to and reallege paragraphs 1 through 128 of this Complaint and

6    incorporate them herein by reference.

7    130.    A dispute has arisen and an actual controversy exists between Plaintiffs and

8    Defendants in that Plaintiffs claim that Defendants, and each of them, jointly and severally, are

9    obligated to indemnify Plaintiffs against, and reimburse Plaintiffs for, all necessary response costs

10    and any other costs and attorneys fees heretofore or hereafter incurred by Plaintiffs in responding

11    to the release or threatened release of hazardous waste, solid waste and/or hazardous substances

12    or in taking any other removal or remedial action as a result of Defendants' acts and conduct

13    complained of herein.  Defendants deny such obligation.

14    131.    Substantial costs will be incurred by Plaintiffs over time and after conclusion of

15    this action.  Unless declaratory relief is granted, it will be necessary for Plaintiffs to commence

16    many successive actions against Defendants, and each of them, to secure compensation for the

17    costs incurred and damages sustained, and damages that will be sustained, thus requiring a

18    multiplicity of suits.

19    132.    Plaintiffs are entitled to, and hereby seek, a judicial determination pursuant to the

20    Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Plaintiffs' rights to contribution and

21    reimbursement from and indemnification by Defendants, and each of them, for all costs, jointly

22    and severally, which Plaintiffs have and will incur resulting from Defendants' Release of wastes

23    into the environment.

24    WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

25

26

27

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

23    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1

### FIFTH CAUSE OF ACTION

2

**(Private Continuing Nuisance – Against All Defendants, Except Federal Defendants)**

3      133.    Plaintiffs refer to and reallege paragraphs 1 through 132 of this Complaint and

4      incorporate them herein by reference.

5      134.    At all times herein mentioned, the Defendants used and/or maintained said

6      premises or conducted their business and operations in an unnecessary, unreasonable, and

7      injurious manner that allowed wastes to be accumulated at the CCSL Landfill, the Old Antioch

8      Landfill and into the surface and sub-surface soils and groundwaters, including into the soils and

9      groundwaters of the Property.

10     135.    The aforementioned disposal by Defendants constitutes a nuisance within the

11     meaning of California Civil Code § 3479 in that the wastes disposed of at the CCSL Landfill, the

12     Old Antioch Landfill created and creates a condition which is injurious to health, or is indecent or

13     offensive to the senses, or an obstruction to the free use of property and interferes with Plaintiffs'

14     comfortable enjoyment of the Property.

15     136.    The wastes, in the surface and sub-surface soils at, and groundwater beneath, the

16     Property have commingled to create a single, indivisible harm to and potential endangerment of

17     public health, welfare and the environment.  The wastes have continuously migrated and spread

18     in the soils and waters at the Property since their initial release and their impact has varied over

19     time.

20     137.    The Plaintiffs, as the record title owners of the Property, have been injured as a

21     result of Defendants' release, discharge and/or disposal of wastes into the Property.

22     138.    Defendants are strictly and jointly and severally liable for abatement of the single

23     indivisible endangerment to the environment and resulting interference with the Plaintiffs' free

24     use and enjoyment of property, constituting a private nuisance in that the Plaintiffs have been

25     denied, and will continue to be denied, free use of the Property.  Despite the remediation activities

26     described herein, said wastes threaten to release further into the environment and thus continue to

27     cause losses and damage to Plaintiffs.

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

24    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1     139.    Defendants are on notice of the damage caused by the nuisance but Defendants

2     have failed and refused, and continue to fail and refuse, to timely and properly abate the nuisance

3     or to compensate the Plaintiffs for damages suffered.

4     140.    As a further proximate result of the nuisance, the Plaintiffs have been deprived of

5     the full use and enjoyment of the Property and have suffered and will continue to suffer damages

6     by reason of loss of use of the Property caused by its contaminated condition.  In addition, the

7     Plaintiffs have incurred, and will continue to incur, substantial amounts in administrative, legal

8     and technical fees to assess responsibility for and respond to the contamination at the Property.

9     The amount of said damages shall be in accordance with proof at trial.

10     WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

11     **SIXTH CAUSE OF ACTION**

12     **(Continuing Trespass - Against All Defendants, Except Federal Defendants)**

13     141.    Plaintiffs refer to and reallege paragraphs 1 through 140 of this Complaint and

14     incorporate them herein by reference.

15     142.    At all times herein mentioned, the Defendants used and/or maintained the CCSL

16     Landfill, the Old Antioch Landfill, or conducted their business operations in such an unnecessary,

17     unreasonable and injurious manner that allowed wastes to be accumulated at the CCSL Landfill,

18     and at the Old Antioch Landfill, and leach into the surface and sub-surface soils and

19     groundwaters and onto and under the Property.

20     143.    The aforementioned disposal by Defendants caused and constituted and continues

21     to cause and constitute a physical invasion of Plaintiffs' Property and interference with Plaintiffs'

22     possession of said Property thereby constituting a continuing trespass despite the remediation

23     activities described herein.

24     144.    The wastes in the groundwater beneath the Property have commingled to create a

25     single, indivisible harm to and potential endangerment of public health, welfare and the

26     environment.  The wastes have continuously migrated and spread in the soils and waters at the

27     CCSL Landfill, and the Old Antioch Landfill, and at the Property since their initial release and

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

28

A0157015/625715-2

25     THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1    their impact has varied over time.

2        145.    The Plaintiffs, as the record title owners of the Property, has been injured as a

3    result of Defendants' release, discharge and/or disposal of wastes into the CCSL Landfill, and at

4    the Old Antioch Landfill, and onto and under the Property.

5        146.    Defendants are strictly and jointly and severally liable for abatement of the single

6    indivisible endangerment to the environment and resulting trespass to, on, and under Plaintiffs'

7    property.

8        147.    As a proximate result of the trespass by the Defendants, the Plaintiffs have been

9    deprived of the full use and enjoyment of the Property and have suffered and will continue to

10   suffer loss of use of the Property caused by its contaminated condition.  In addition, the Plaintiffs

11   have incurred, and will continue to incur, substantial amounts in administrative, legal and

12   technical fees to assess responsibility for and respond to the contamination at and emanating from

13   the Landfill.  The amount of said damages shall be in accordance with proof at trial.

14       WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

15                          **SEVENTH CAUSE OF ACTION**

16   **(Negligence - By Plaintiffs Against All Defendants, Except Federal Defendants)**

17       148.    Plaintiffs refer to and reallege paragraphs 1 through 147 of this Complaint and

18   incorporate them herein by reference.

19       149.    Defendants had a duty to Plaintiffs to exercise due care in controlling, monitoring,

20   maintaining, and operating the Landfill, and in storing and disposing of various toxic chemicals at

21   the Landfill.

22       150.    Defendants failed to exercise their duty of due care by releasing and allowing the

23   release of hazardous substances and other waste onto and into the Landfill and the Property as

24   detailed above.

25       151.    As a direct and proximate result of Defendants' breach of duty, hazardous

26   substances and other waste have been released directly on and into the Property.

27       152.    This release of hazardous substances and other waste resulting from Defendants'

28

A0157015/625715-2                           26    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
                                                  AND STATE LAW - C 04-2648 SI

1    misconduct has caused damages to Plaintiffs, as set forth above, including other consequential,

2    incidental and general damages to be proven at trial.

3        WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

4

5    **(Negligence Per Se - Against All Defendants, Except Federal Defendants)**

6        153.    Plaintiffs refer to and reallege paragraphs 1 through 152 of this Complaint and

7    incorporates them herein by reference.

8        154.    Defendants' failure to exercise due care in controlling the release of hazardous

9    substances and other waste violates various state and federal statutes, rules and regulations, as

10    detailed in this Complaint, the purpose of which are to set a standard of care or conduct to protect

11    Plaintiffs and others in its class and its property and the environment from the type of improper

12    activities engaged in by Defendants.  Therefore, such improper activities and violations constitute

13    negligence per se.

14        155.    Defendants have failed to comply with provisions of federal and state

15    environmental laws:

16        a.    violation of prohibitions on the disposal of hazardous, high-moisture, designated

17            and/or liquid waste (23 Cal. Code of Regs. §§ 2510 through 2533; 14 Cal. Code of

18            Regs. §§ 17407.5, 17407.6, 17742, 17743; Pub. Res. Code §§ 43020, 43021,

19            44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268,

20            13301);

21        b.    violations of hazardous waste screening requirements (23 Cal. Code of Regs. §

22            2510; 14 Cal. Code of Regs. § 17258.20; Pub. Res. Code §§ 43020, 43021, 44002;

23            Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301);

24        c.    violations of requirements for the prompt and proper documentation, reporting and

25            remediation of hazardous waste disposal (23 Cal. Code of Regs. §§ 2550.10,

26            2550.12; 14 Cal. Code of Regs. § 17414; Pub. Res. Code §§ 43020, 43021,

27            44002);

28

1      d.      failure to take prompt corrective action (23 Cal. Code of Regs. § 2550.12; 14 Cal.

2              Code of Regs. §§ 17258.73, 17258.74; Pub Res. Code §§ 43020, 43021, 44002);

3      e.      violation of leachate collection, monitoring and control requirements (23 Cal.

4              Code of Regs. §§ 2543, 2545, 2550.0 through 21550.12; 14 Cal. Code of Regs. §

5              17704; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261,

6              13263, 13264, 13265, 13267, 13268, 13301);

7      f.      violation of drainage, erosion, slumping and related requirements (23 Cal. Code of

8              Regs. § 2546; 14 Cal. Code of Regs. §§ 17407.4, 17708, 17710; Pub. Res. Code

9              §§ 43020, 43021; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267,

10             13268, 13301);

11     g.      violation of prohibitions on the allowance of ponding (23 Cal. Code of Regs. §

12             2546; 14 Cal. Code of Regs. § 17715; Pub. Res. Code §§ 43020, 43021, 44002;

13             Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301);

14     h.      violation of permit and/or closure plan slope restrictions (14 Cal. Code of Regs. §

15             17678; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261,

16             13263, 13264, 13265, 13257, 13268, 13301);

17     i.      violation of height limitations (23 Cal. Code of Regs. § 2510; Pub. Res. Code §§

18             43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267,

19             13268, 13301);

20     j.      violation of cover requirements (23 Cal. Code of Regs. § 2544; 14 Cal. Code of

21             Regs. §§ 17258.21, 17677, 17678, 17682, 17684; Pub. Res. Code §§ 43020,

22             43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13257, 13268,

23             13301);

24     k.      violation of groundwater monitoring and facility reporting requirements (23 Cal.

25             Code of Regs. § 2550.0 through 2550.12; 14 Cal. Code of Regs. §§ 17258.29,

26             17638; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261,

27             13263, 13264, 13265, 13267, 13258, 13301);

28   A0157015/625715-2                    28    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
                                               AND STATE LAW  - C 04-2648 SI

1    l.    failing to repair or replace monitoring wells (23 Cal. Code of Regs. § 2550.0

2          through 2550.12; Pub res. Code §§ 43020, 43021, 44002; Water Code §§ 2550.0

3          through 2550.12; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260,

4          13261, 13263, 13264, 13265, 13267, 13268, 13301);

5    m.    violation of prohibitions against the creation of nuisance and/or pollution (23 Cal.

6          Code of Regs. § 2510; 14 Cal. Code of Regs. §§ 17408.5, 17701; Pub. Res. Code

7          §§ 43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265,

8          13257, 13268, 13301);

9    n.    violation of landfill gas collection and monitoring requirements (BAAQMD Reg.

10          8, Rule 34; 14 Cal. Code of Regs. §§ 17258.23, 17258.24, 17705; Pub. Res. Code

11          §§ 43020, 43021, 43030, 44002; Health & Safety Code § 40702);

12    o.    violation of limitations on the tonnage of waste to be received (23 Cal. Code of

13          Regs. § 2510; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260,

14          13261, 13263, 13264, 13265, 13267, 13268, 13301); and

15    p.    improperly operating the Pittsburg Landfill and the GBF Landfill jointly as one

16          site where each landfill was separately permitted (23 Cal. Code of Regs. § 2510;

17          14 Cal. Code of Regs. §§ 17603, 17606; Pub. Res. Code §§ 43020, 43021, 44002,

18          44004; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268,

19          13301).

20    q.    violation of other statutes and regulations governing Defendants' conduct not

21          presently known to Plaintiffs.

22    156.    As a direct and proximate result of Defendants' negligence per se, Plaintiffs have

23    suffered damages as set forth above, including other consequential, incidental and general

24    damages to be proven at trial.

25          WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

26

27

1                             **NINTH CAUSE OF ACTION**

2     **(Ultrahazardous Activity - By Plaintiffs Against All Defendants, Except Federal**

3                                    **Defendants)**

4        157.    Plaintiffs refer to and reallege paragraphs 1 through 156 of this Complaint and

5  incorporates them herein by reference.

6        158.    The disposal, discharge and depositing of toxic chemicals as stated in this

7  Complaint and other hazardous chemicals and other waste onto and into the environment

8  constitutes an "ultrahazardous activity."

9        159.    As a direct and proximate result of such discharge, depositing, storage or disposal,

10  Plaintiffs have suffered damages as set forth above, including other consequential, incidental and

11  general damages to be proven at trial for which defendants are strictly liable.

12         WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

13                             **TENTH CAUSE OF ACTION**

14     **(Inverse Condemnation – Against the City of Antioch and the City of Pittsburg)**

15        160.    Plaintiffs refer to and reallege paragraphs 1 through 159 of this Complaint and

16  incorporates them herein by reference.

17        161.    Defendants City of Antioch and City of Pittsburg are municipalities organized and

18  existing under the laws of the State of California.

19        162.    The City of Antioch and the City of Pittsburg owned and operated separate

20  landfills abutting the Somersville Entities' Property and, in the course of that ownership and

21  operation, deposited refuse and waste on the Property. Defendants' acts of depositing refuse and

22  waste on the Property is a physical invasion of property constituting a taking of private property

23  for public use.

24        163.    Such refuse and waste is still present on the Property and, in part, is the subject of

25  administrative orders requiring abatement or is otherwise susceptible of abatement.

26        164.    As a result of this deposit of refuse and waste on the Property, the real property of

27  Plaintiffs has been damaged in an amount not presently ascertainable. Plaintiffs will seek

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

30   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1    permission to amend this complaint when the true amount of damages becomes known to

2    Plaintiffs.

3         165.    Plaintiffs have not received any compensation on account of the above-described

4    damage to its properties.

5         166.    Plaintiffs have incurred and will continue to incur attorney, appraisal, and

6    engineering fees for the prosecution of this action, which fees are recoverable under the authority

7    of Code of Civil Procedure § 1036.

8         WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

9         **ELEVENTH CAUSE OF ACTION**

10   **(Declaratory Relief Under State Law – Against All Defendants, Except Federal Defendants)**

11        167.    Plaintiffs refer to and reallege paragraphs 1 through 166 of this Complaint and

12   incorporate them herein by reference.

13        168.    A dispute has arisen and an actual controversy exists between Plaintiffs and

14   Defendants in that Plaintiffs claim that Defendants, jointly and severally, are obligated to

15   indemnify Plaintiffs against, and reimburse Plaintiffs for, all response costs and any other costs or

16   other damages heretofore or hereafter incurred or suffered by Plaintiffs in removing the hazardous

17   materials, substances and wastes or taking any other removal or remedial action as a result of

18   Defendants' conduct complained of herein, and Defendants deny such obligation.

19        169.    Substantial costs and damages will be incurred or suffered by Plaintiffs over time

20   and after conclusion of this action.  Unless declaratory relief is granted, it will be necessary to

21   commence many successive actions against Defendants to secure compensation for damages

22   sustained, thus requiring a multiplicity of suits.

23        170.    Plaintiffs desire a judicial determination pursuant to California Code of Civil

24   Procedure § 1060 of Plaintiffs' right to reimbursement and indemnification by Defendants for all

25   costs and damages heretofore or hereafter incurred or suffered by Plaintiffs as a result of

26   Defendants' conduct complained of herein.

27        WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

31

THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1

## PRAYER FOR RELIEF

2    WHEREFORE, Plaintiffs pray for judgment as follows:

3

### First Cause of Action

4    1.    For recovery from Defendants, jointly and severally, of all response costs that have

5  been or will be incurred by Plaintiffs in response to the release and threatened release of

6  hazardous substances from the Landfill and onto the Property and in the enforcement of

7  CERCLA's statutory liability scheme, according to proof at trial;

8    2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

9    3.    For all costs of suit incurred herein.

10

### Second Cause of Action

11    1.    For total contribution from all Defendants for all response costs that have been or

12  will be incurred by Plaintiffs in response to the release and threatened release of hazardous

13  substances at the Property and in enforcement of CERCLA's statutory liability scheme, or in an

14  amount this Court deems appropriate;

15    2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

16    3.    For all costs of suit incurred herein.

17

### Third Cause of Action

18    1.    For an entry of an order directing all Defendants listed on Exhibit A to this

19  Complaint to implement the measures necessary to abate the endangerment to health and the

20  environment to the satisfaction of DTSC, the Regional Water Quality Control Board, and any

21  other regulatory agencies that may assert jurisdiction over the abatement of hazardous conditions

22  at the Property;

23    2.    For an award of litigation costs including attorneys' and expert witness' fees

24  pursuant to 42 U.S.C. § 6972(e).

25

### Fourth Cause of Action

26    1.    For a declaration that Defendants, jointly and severally, are obligated to pay to

27  Plaintiffs all future response costs and any other costs incurred by Plaintiffs hereafter in response,

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

32  THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1    removal or remediation efforts incurred pursuant to a DTSC-issued and/or court-approved

2    remedial action plan that is required by the NCP in order to properly respond to the disposal of

3    wastes and pollutants by Defendants.

4       2.      For attorneys' fees as may be allowed by the statute or otherwise; and

5       3.      For all costs of suit incurred herein.

6                 **Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action**

7       1.      For a mandatory, preliminary and permanent injunction ordering the Defendants to

8    undertake, at their expense, all of the environmental engineering, investigation, studies,

9    maintenance, monitoring and response actions necessary to respond to, abate, remediate, maintain

10    and monitor fully and promptly the condition resulting from solid waste and hazardous waste

11    contamination at the Property and emanating from the Landfill;

12       2.      For abatement, cleanup, maintenance and monitoring costs from Defendants,

13    jointly and severally, in an amount equal to all response costs and all other costs incurred by

14    Plaintiffs in response to the condition resulting from the discharge of contaminants by

15    Defendants, according to proof at trial;

16       3.      For an order directing Defendants, and each of them, to pay for restitution to

17    Plaintiffs in an amount according to proof;

18       4.      For compensatory damages according to proof, including, but not limited to,

19    diminution in value and/or compensation for loss of use of the Property;

20       5.      For incidental and consequential damages according to proof, including

21    indemnification for fines and penalties assessed by any agency of the State or government;

22       6.      For pre-judgment interest at the legal rate;

23       7.      For attorneys' fees as may be allowed by statute or otherwise; and

24       8.      For all costs of suit incurred herein.

25                 **Tenth Cause of Action**

26       1.      Damages in an amount to be determined at trial with interest thereon at the legal

27    rate from the date of those damages;

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

28

A0157015/625715-2

33    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

1      2.      Litigation expenses;

2      3.      Costs of suit; and

3      4.      Other relief that the Court considers proper.

4                          **Eleventh Cause of Action**

5      1.      For a declaration that Defendants, jointly and severally, are obligated to pay to

6   Plaintiffs all future response costs, fines and penalties assessed by any agency of the State or

7   government, and any other costs and damages incurred or suffered by Plaintiffs hereafter in

8   response, removal or remediation efforts incurred in order to properly respond to the disposal of

9   wastes and pollutants by Defendants;

10     2.      For attorneys' fees as may be allowed by statute or otherwise; and

11     3.      For all costs of suit incurred herein.

12                          **<u>All Causes of Action</u>**

13     For such other and further relief as this Court deems just and proper.

14   Dated: March 10, 2008                    Respectfully submitted,

15                                            ARCHER NORRIS

16

17                                            Peter W. McGaw
                                             Attorneys for Plaintiffs
18                                           SPPI-SOMERSVILLE INC. and
                                             SOMERSVILLE-GENTRY INC.
19

20

21

22

23

24

25

26

27

28

1

**Demand for Jury Trial**

2        Plaintiffs SPPI-SOMERSVILLE INC. and SOMERSVILLE-GENTRY INC. hereby

3   demand a jury trial on all causes and claims susceptible to trial by jury.

4

5   Dated:  March 6, 2008                     Respectfully submitted,

6                                             ARCHER NORRIS

7

8                                             _____
                                              Peter W. McGaw
9                                             Attorneys for Plaintiffs
                                              SPPI-SOMERSVILLE INC. and
10                                            SOMERSVILLE-GENTRY INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Ashland Inc.
Agent For Service Of Process
Corporation Service Company Which Will Do Business In California As CSC - Lawyers
Incorporating Service
PO Box 526036
Sacramento, CA 95852

Beazer East, Inc.
Agent For Service Of Process
C T Corporation System
818 West Seventh St
Los Angeles, CA 90017

Boeing Satellite Systems, Inc.
Agent For Service Of Process
Corporation Service Company Which Will Do Business In California As CSC - Lawyers
Incorporating Service
PO Box 526036
Sacramento, CA 95852

Caterpillar Inc.
Agent For Service Of Process
C T Corporation System
818 West Seventh St
Los Angeles, CA 90017

Chevron, USA, Inc. Successor to Standard Oil of California
The Prentice-Hall Corporation System, Inc.
PO Box 526036
Sacramento, CA 95852

The City Clerk of the City of Antioch
PO Box 5007
Antioch, CA 94531-5007

The City Clerk of the City of Pittsburg
City of Pittsburg Civic Center
65 Civic Avenue
Pittsburg, CA 94565

Colgate-Palmolive Company
Agent For Service Of Process
C T Corporation System
818 West Seventh St
Los Angeles, CA 90017

Contra Costa Waste Service, Inc.
Agent For Service Of Process
Craig F Anderson
1320 Willow Pass Rd Ste 500
Concord, CA 94520

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

1     THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2648 SI

 1    Crown Beverage Packaging, Inc.
      Agent For Service Of Process
 2    C T Corporation System
      818 West Seventh St
 3    Los Angeles, CA  90017

 4    The Dow Chemical Company
      Agent For Service Of Process
 5    C T Corporation System
      818 West Seventh St
 6    Los Angeles, CA  90017

 7    E. I. Du Pont De Nemours And Company
      Agent For Service Of Process
 8    C T Corporation System
      818 West Seventh St
 9    Los Angeles, CA  90017

10    Exxon Mobil Corporation
      Agent For Service Of Process
11    Corporation Service Company Which Will Do Business In California As CSC - Lawyers
      Incorporating Service
12    PO Box 526036
      Sacramento, CA  95852
13
      Fairchild Semiconductor Corporation
14    Agent For Service Of Process
      Corporation Service Company Which Will Do Business In California As CSC - Lawyers
15    Incorporating Service
      PO Box 526036
16    Sacramento, CA  95852

17    GBF Holdings LLC
      Agent For Service Of Process
18    Deems Padgett
      1590 SolanoWay Ste A
19    Concord, CA  94520

20    Hewlett-Packard Company
      C T Corporation System
21    818 West Seventh St
      Los Angeles, CA  90017
22
      Lockheed Martin Corporation
23    Agent For Service Of Process
      Corporation Service Company Which Will Do Business In California As CSC - Lawyers
24    Incorporating Service
      PO Box 526036
25    Sacramento, CA  95852

26

27

28

1   Nestle USA, Inc.
    Agent For Service Of Process
2   C T Corporation System
    818 West Seventh St
3   Los Angeles, CA  90017

4   Occidental Chemical Corporation
    Agent For Service Of Process
5   C T Corporation System
    818 West Seventh St
6   Los Angeles, CA  90017

7   Paccar Inc.
    Agent For Service Of Process
8   The Prentice-Hall Corporation System, Inc.
    PO Box 526036
9   Sacramento, CA  95852

10  Pittsburg Disposal & Debris Box Service, Inc.
    Agent For Service Of Process
11  Craig F Andersen
    1320 Willow Pass Rd Ste 500
12  Concord, CA  94520

13  Mary Grace Prewett Bertsch
    1536 Bryant Street
14  Palo Alto, CA  94301

15  Quebecor Printing San Jose, Inc.
    CT Corporation
16  818 West 7th Street
    Los Angeles, CA 90017

17
    Raychem International Corporation
18  Agent For Service Of Process
    C T Corporation System
19  818 West Seventh St
    Los Angeles, CA  90017

20
    Rheem Manufacturing Company
21  Agent For Service Of Process
    Corporation Service Company Which Will Do Business In California As CSC - Lawyers
22  Incorporating Service
    PO Box 526036
23  Sacramento, CA  95852

24  Schuller International, Inc.
    2730 Gateway Oaks Drive STE 100
25  Sacramento, CA 95833

26

27

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

3    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
     AND STATE LAW  - C 04-2648 SI

1   Shell Oil Company
    Agent For Service Of Process
2   C T Corporation System
    818 West Seventh St
3   Los Angeles, CA  90017

4   Union Oil Company Of California
    Agent For Service Of Process
5   The Prentice-Hall Corporation System, Inc.
    PO Box 526036
6   Sacramento, CA  95852

7   Union Pacific Railroad Company
    Agent For Service Of Process
8   W H Poole
    10031 Foothills Blvd #200
9   Roseville, CA   95747

10  Peter D. Keisler
    U.S. Department of Justice
11  950 Pennsylvania Ave., NW
    Washington DC 20530-0001

12

13  United States Department of Defense
    Defense Logistics Agency
    8725 John J. Kingman Road, Suite 2545
14  Fort Belvoir, VA 22060-6221

15  Secretary of Army
    101 Army Pentagon
16  Washington DC 20310-0101

17  Secretary of the Navy
    1000 Navy Pentagon
18  Washington DC 20350-1000

19  TRC Companies, Inc.
    National Registered Agents, Inc.
20  12 Old Boston Post Road
    Old Saybrook, CT 06475

21

22  USX Corporation
    2730 Gateway Oaks Drive, Ste 100
    Sacramento, CA 95833
23

24  WITCO Corporation
    2730 Gateway Oaks Drive, Ste 100
    Sacramento, CA 95833

25

26

27

28

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/625715-2

4    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW  - C 04-2648 SI