1 | Peter W. McGaw (Bar No. 104691)
John L. Kortum (Bar No. 148573)
2 | ARCHER NORRIS
A Professional Law Corporation
3 | 2033 North Main Street, Suite 800
P.O. Box 8035
4 | Walnut Creek, CA 94596
Telephone:    (925) 930-6600
5 | Facsimile:    (925) 930-6620

6 | Attorneys for Plaintiff WEST COAST HOME BUILDERS, INC.

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | WEST COAST HOME BUILDERS, INC.,

12 | Plaintiff,

13 | vs.

14 | AVENTIS CROPSCIENCE USA INC.;
ASHLAND, INC.;

15

16 | BEAZER EAST, INC.; BOEING
SATELLITE SYSTEMS, INC.;

17

18 | CATERPILLAR INC.; CHEMICAL &
PIGMENT CO.; COLGATE-
PALMOLIVE COMPANY; COOPER

19 | INDUSTRIES, INC.; CROMPTON
CORPORATION; CROWN BEVERAGE

20 | PACKAGING, INC.;

21

22 | THE DOW CHEMICAL COMPANY;

23 | E.I. DU PONT DE NEMOURS AND
COMPANY; EXXON MOBIL

24 | CORPORATION;

25 | FAIRCHILD SEMICONDUCTOR
CORPORATION;

26

27 | GAYLORD CONTAINER
CORPORATION; GBF HOLDINGS LLC;

No. C 04-2225 SI

**SECOND AMENDED COMPLAINT FOR:**

1.  **RECOVERY OF RESPONSE COSTS UNDER CERCLA § 107;**
2.  **CONTRIBUTION UNDER CERCLA § 113;**
3.  **INJUNCTIVE RELIEF UNDER RCRA**
4.  **DECLARATORY RELIEF UNDER FEDERAL LAW;**
5.  **PRIVATE CONTINUING NUISANCE;**
6.  **CONTINUING TRESPASS;**
7.  **NEGLIGENCE;**
8.  **NEGLIGENCE PER SE;**
9.  **ULTRAHAZARDOUS ACTIVITY;**
10. **DECLARATORY RELIEF UNDER STATE LAW**

**JURY TRIAL
DEMANDED**

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

1   GREAT WESTERN CHEMICAL
    COMPANY;
2   HEWLETT PACKARD COMPANY;
    HEXCEL CORPORATION;
3

4    J&G DISPOSAL;

5   LOCKHEED MARTIN CORPORATION;

6   NESTLE USA, INC.;

7
    OCCIDENTAL CHEMICAL
8   CORPORATION; OCEAN VIEW
    CAPITAL, INC.
9

10  PACCAR INC.; HAROLD WILLIAM
    PREWETT; MARY GRACE (PREWETT)
11  BERTSCH; PRO TEC CHEMICAL CO.,
    INC.;
12

13  QUEBECOR PRINTING SAN JOSE,
    INC.;

14  RAYCHEM CORPORATION;

15
    SHELL OIL COMPANY; SHULLER
16  INTERNATIONAL, INC.; HENRY
    SIMONSEN;
17

18  TRC COMPANIES, INC.;

19  UNION OIL COMPANY OF
    CALIFORNIA; UNION PACIFIC
20  RAILROAD COMPANY; UNITED
    STATES DEPARTMENT OF THE
21  ARMY; UNITED STATES
    DEPARTMENT OF DEFENSE,
22  DEFENSE LOGISTICS AGENCY;
    UNITED STATES DEPARTMENT OF
23  THE NAVY; USX CORPORATION;

24
    and WITCO CORPORATION,,
25                Defendants.

26

27

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

1    Plaintiff WEST COAST HOME BUILDERS, INC. ("Plaintiff" or "West Coast") alleges

2    as follows:

3                                    NATURE OF THE ACTION

4        1.    West Coast owns a parcel of property (the "Property" or "Plaintiff's Property")

5    near or adjacent to the Contra Costa Sanitary Landfill near Antioch, California (the "Landfill").

6    The Landfill is or was comprised of the Pittsburg Landfill and the GBF Landfill. The Landfill, or

7    part of it, was used as a disposal area for hazardous materials during the 1960s and 1970s, and for

8    the disposal of municipal waste, including hazardous materials, until approximately 1992. The

9    Landfill is the source of groundwater contamination on and under the Property. This

10   contamination prevents West Coast from developing the Property, or part of it, to the highest and

11   best use available were it without such contamination. West Coast brings this action under the

12   Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as

13   amended, 42 U.S.C. §§ 9607 and 9613, to recover response costs and contribution, and under the

14   Resource Conservation and Recovery Act ("RCRA"), as amended, 42 U.S.C. § 6972 and related

15   sections. West Coast also alleges state claims for nuisance, trespass, negligence and

16   ultrahazardous activity against Defendants arising from the contamination on the Property and

17   seeks injunctive and other relief.

18                                  JURISDICTION AND VENUE

19       2.    The jurisdiction of this Court over the subject matter of this action is predicated on

20   28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction),  42 U.S.C. §

21   9613(b (CERCLA), and 42 U.S.C. § 6972(a) (RCRA)).

22       3.    Venue in the Northern District of California is based on 28 U.S.C. § 1391(b)

23   (venue proper in district in which a substantial part of the events giving rise to the claim occurred)

24   and 42 U.S.C. § 9613(b)(venue where release occurred).

25       4.    Pursuant to Local Rule 3-2(d) of the Northern District, assignment to the Court in

26   San Francisco or Oakland is appropriate because this action arises in Contra Costa County.

27

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

3    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

RELATED CASES

5.     This action is related to Members Of The GBF/Pittsburgh Landfill(s) Respondents Group, et al. v. Contra Costa Waste Service, Inc., Case No. C 96-03147 SI (filed Sept. 3, 1996), which has been settled.

6.     This action is also related to West Coast Home Builders, Inc. v. Ashland Inc., et al., Case No. C 01-4029 SI, United States District Court, Northern District of California (filed Oct. 25, 2001).  Defendants herein were originally named in the C 01-4029 action, but were dismissed without prejudice upon signing a tolling agreement.This action is also related to *SPPI-Somersville, Inc., Somersville-Gentry, Inc. v. TRC Companies, Inc.; GBF Holdings LLC, et al.,* Case No. C 04-2648 SI, United States District Court, Northern District of California and *SPPI-Somersville, Inc., Somersville-Gentry, Inc. v. Chevron U.S.A., Inc.,* Case No. CV 07-5824 SI, United States District Court, Northern District of California, filed November 15, 2007.

PARTIES TO THE ACTION

7.     Plaintiff WEST COAST HOME BUILDERS, INC. is a closely held corporation organized and existing under the laws of the state of California.  Its main office is located in Concord, California and its principal place of business is also California.

8.     On information and belief, Plaintiff alleges that defendant AVENTIS CROPSCIENCE USA INC., is a Delaware corporation, formerly known as RHONE-POULENC, INC., a New York corporation, and is successor to Stauffer Chemical Company.

9.     On information and belief, Plaintiff alleges that defendant ASHLAND INC. is a Kentucky corporation and was formerly known as, or is successor to, Ashland Chemical Company, an Ohio corporation, Ashland Chemical, Inc., a Delaware corporation, and Ashland Chemical, Inc., an Ohio corporation.

10.     On information and belief, Plaintiff alleges that defendant BEAZER EAST, INC. is a Delaware corporation that was formerly known as Koppers Company, Inc.

11.     On information and belief, Plaintiff alleges that defendant BOEING SATELLITE SYSTEMS, INC. is a Delaware corporation, and is the successor to Hughes Electronics

1   Corporation.

2         12.    On information and belief, Plaintiff alleges that defendant CATERPILLAR INC.

3   is a Delaware corporation.

4         13.    On information and belief, Plaintiff alleges that defendant CHEMICAL &

5   PIGMENT COMPANY is a California corporation.

6         14.    On information and belief, Plaintiff alleges that defendant COLGATE-

7   PALMOLIVE COMPANY is a Delaware corporation.

8         15.    On information and belief, Plaintiff alleges that defendant COOPER

9   INDUSTRIES, INC. is an Ohio corporation, and is the successor to Campbell Chain Company, a

10  Delaware corporation.

11        16.    On information and belief, Plaintiff alleges that defendant CROMPTON

12  CORPORATION is a Delaware corporation, and is the successor to U.S. Peroxygen, which was a

13  California corporation.

14        17.    On information and belief, Plaintiff alleges that defendant CROWN BEVERAGE

15  PACKAGING, INC. is a Delaware corporation, and is the successor to Continental Can

16  Company, Inc., a Delaware corporation.

17        18.    On information and belief, Plaintiff alleges that defendant THE DOW

18  CHEMICAL COMPANY is a Delaware corporation, and is the successor to Dow Chemical

19  U.S.A.

20        19.    On information and belief, Plaintiff alleges that defendant E.I. DU PONT DE

21  NEMOURS AND COMPANY is a Delaware corporation.

22        20.    On information and belief, Plaintiff alleges that defendant EXXON MOBIL

23  CORPORATION is a New Jersey corporation, and is the successor to Humble Oil & Refining

24  Company, which was a Delaware corporation.

25        21.    On information and belief, Plaintiff alleges that defendant FAIRCHILD

26  SEMICONDUCTOR CORPORATION is a Delaware corporation and that FAIRCHILD

27  SEMICONDUCTOR CORPORATION OF CALIFORNIA is a Delaware corporation.

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

5   SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1       22.    On information and belief, Plaintiff alleges that defendant GAYLORD

2  CONTAINER CORPORATION is a Delaware corporation, and is a successor to Crown

3  Zellerbach.

4       23.    On information and belief, Plaintiff alleges that defendant GBF HOLDINGS LLC

5  is a California limited liability company.  GBF HOLDINGS LLC was formed on or about

6  January 24, 2001.

7       24.    On information and belief, Plaintiff alleges that defendant GREAT WESTERN

8  CHEMICAL COMPANY is a Washington corporation.

9       25.    On information and belief, Plaintiff alleges that defendant HEWLETT PACKARD

10  COMPANY is a Delaware corporation.

11       26.    On information and belief, Plaintiff alleges that defendant HEXCEL

12  CORPORATION is a Delaware corporation.

13       27.    On information and belief, Plaintiff alleges that defendant J & G DISPOSAL, INC.

14  was a California corporation.

15       28.    On information and belief, Plaintiff alleges that defendant LOCKHEED MARTIN

16  CORPORATION is a Maryland corporation.

17       29.    On information and belief, Plaintiff alleges that defendant NESTLE USA, INC. is

18  a Delaware corporation, and is the successor to Nestle Food Company and Libby, McNeill &

19  Libby.

20       30.    On information and belief, Plaintiff alleges that defendant OCCIDENTAL

21  CHEMICAL CORPORATION is a New York corporation, and is the successor to Diamond

22  Shamrock Chemicals Corporation.

23       31.    On information and belief, Plaintiff alleges that defendant OCEAN VIEW

24  CAPITAL, INC. is a Delaware corporation, and is a successor to Triangle Wire & Cable, Inc.

25  which was a Delaware corporation.

26       32.    On information and belief, Plaintiff alleges that defendant PACCAR INC. is a

27  Delaware corporation, and is successor for Peterbilt Motors Company.

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2        6   SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1   33.   On information and belief, Plaintiff alleges that defendant HAROLD WILLIAM

2   PREWETT, an individual, is a resident of California.

3   34.   On information and belief, Plaintiff alleges that defendant MARY GRACE

4   (PREWETT) BERTSCH, an individual, is a resident of California.

5   35.   On information and belief, Plaintiff alleges that defendant PRO TEC CHEMICAL

6   COMPANY, INC. is a California corporation.

7   36.   On information and belief, Plaintiff alleges that defendant QUEBECOR

8   PRINTING SAN JOSE, INC. is a Delaware corporation, and is the successor to Arcata Graphics

9   Company.

10   37.   On information and belief, Plaintiff alleges that defendant RAYCHEM

11   INTERNATIONAL CORPORATION is a California corporation, and is the successor to

12   Raychem Corporation, a California corporation, and Raychem Corporation, a Delaware

13   corporation.

14   38.   On information and belief, Plaintiff alleges that defendant SHELL OIL

15   COMPANY is Delaware corporation.

16   39.   On information and belief, Plaintiff alleges that defendant SHULLER

17   INTERNATIONAL, INC. is a Delaware corporation, and is successor to Manville Sales

18   Corporation.

19   40.   On information and belief, Plaintiff alleges that defendant HENRY SIMONSEN is

20   an individual and a citizen of the State of California.

21   41.   On information and belief, Plaintiff alleges that defendant TRC COMPANIES,

22   INC. is a Delaware corporation.

23   42.   On information and belief, Plaintiff alleges that defendant UNION OIL

24   COMPANY OF CALIFORNIA is a California corporation, and is doing business as UNOCAL,

25   and is the successor to Collier Carbon & Chemical.

26   43.   On information and belief, Plaintiff alleges that defendant UNION PACIFIC

27   RAILROAD COMPANY is a Delaware corporation, and is successor to Southern Pacific

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

7   SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW – C 04-2225 SI

1    Transportation Company, which was a Delaware corporation.

2        44.    Defendant UNITED STATES DEPARTMENT OF THE ARMY is an agency of

3    the United States of America, and includes such subdivisions as the Sharpe Army Depot.

4        45.    Defendant UNITED STATES DEPARTMENT OF DEFENSE, DEFENSE

5    LOGISTICS AGENCY is an agency of the United States, and manages the Sharpe Army Depot

6    and Tracy Defense Depot.

7        46.    Defendant UNITED STATES DEPARTMENT OF THE NAVY is an agency of

8    the United States of America, and includes such subdivisions as the Alameda Naval Air Station,

9    the Hunters Point Naval Shipyard, and the United States Marine Corps.

10       47.    On information and belief, Plaintiff alleges that defendant USX CORPORATION

11   is a Delaware corporation, and is the successor to U.S. Steel Corporation and Columbia Steel

12   Corporation.

13       48.    On information and belief, Plaintiff alleges that WITCO CORPORATION is a

14   Delaware corporation and is the successor to U.S. Peroxide.

15                          SUMMARY OF THE ACTION

16                            The Property

17       49.    West Coast is a developer and builder of homes in Contra Costa County, which is

18   currently experiencing a boom in the housing market driven by the desire of the growing

19   population to own single family and other fine homes.  West Coast's predecessor in interest,

20   Northstate Development Company, purchased the Property in 1987 for a prospective residential

21   development.  The Property was subsequently transferred to Plaintiff to be used for the same

22   general purpose.  The Property is part of a tract of land in an unincorporated part of Contra Costa

23   County, California, near the cities of Antioch and Pittsburg.

24       50.    Prior to West Coast's purchase of the Property, it had been used as a storage

25   facility for heavy crude oil by Chevron.  That usage resulted in some hydrocarbon contamination

26   of the surface soils of the Property which is being contained and which has not affected the

27   groundwater and which will not affect the future use of the Property.

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

8    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
     RCRA AND STATE LAW - C 04-2225 SI

1    51.    The eastern portion of the Property is adjacent to and north of the Landfill. In this

2  area, groundwater generally flows from the south to the north, and therefore transports

3  contaminants emanating from the Landfill into the groundwater on and under the Property.

4                                    The Landfill

5    52.    The Landfill is an approximately 88-acre area located in an unincorporated area of

6  Contra Costa County near the cities of Antioch and Pittsburg. The Landfill is comprised of (a)

7  the former GBF Landfill (the eastern 63-acre parcel), and (b) the former Pittsburg Landfill (the

8  western 25-acre parcel), both of which were consolidated into (c) an 88-acre overlying solid

9  waste landfill that was operated as the Contra Costa Sanitary Landfill. The Contra Costa Sanitary

10  Landfill ceased accepting wastes in 1992.

11    53.    On information and belief, Plaintiff alleges that from approximately 1947 to 1963,

12  E.A.H. Prewett, as Trustee, held the fee interest in the property that became the Landfill property.

13  A 1/6 interest was held in trust for Mary Grace (Prewett) Bertsch and a 1/6 interest was held in

14  trust for Harold William Prewett, until 1960, when each assumed a ¼ interest in trust. From 1963

15  to 1973, Harold William Prewett and Mary Grace (Prewett) Bertsch each owned a ¼ fee

16  ownership interest in the Landfill property.

17    54.    On information and belief, Plaintiff alleges that Harold William Prewett and Mary

18  Grace (Prewett) Bertsch (along with E.A.H. Prewett) leased some or all of a portion of the

19  Landfill property to Contra Costa Waste Service, Inc. and the City of Pittsburg "for use as a waste

20  disposal site." Contra Costa Waste Service, Inc. leased the GBF Landfill property from the

21  Prewett family in or about 1960 for the purpose of conducting a refuse disposal business.

22    55.    On information and belief, Plaintiff alleges that in 1963, CCWS, Inc. ("CCWS")

23  leased from the Prewetts, pursuant to a written lease, a portion of the Landfill property for a

24  "business of disposing of garbage, rubbish, industrial refuse and waste, including industrial liquid

25  waste, and other such non-putrescible materials," among other things. The term of the November

26  1, 1963 lease was from November 1, 1963 to April 30, 1970.

27    56.    On information and belief, Plaintiff alleges that on November 1, 1967, CCWS

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

9    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW - C 04-2225 SI

1  entered into another lease with the Prewetts for a portion of the Landfill property, again "for the

2  purpose of conducting a refuse disposal business and business of disposing of garbage, rubbish,

3  industrial refuse and waste, including industrial liquid waste, and other such non-putrescible

4  materials." In signing the November 1, 1967 lease, Mr. Garaventa, on behalf of CCWS,

5  warranted that the "Lessee [CCWS] presently possesses a permit to use the said described

6  property for the purposes as herein provided from the County of Contra Costa and other

7  appropriate governmental and regulatory authorities." The term of the November 1, 1967 lease

8  was from November 1, 1967 to June 30, 1977.

9       57.    On information and belief, Plaintiff alleges that from July 1, 1957 to December 28,

10  1973, the City of Pittsburg leased the Pittsburg Landfill from the Prewetts "for the purpose of

11  dumping, processing, salvaging and/or burying municipal refuse and garbage."

12       58.    On information and belief, Plaintiff alleges that on December 28, 1973, the

13  Pittsburg Landfill was sold by the Prewetts to Silvio Garaventa, Sr. and Italo Ferrando dba G.B.F.

14  Company who assumed the existing July 1, 1973 lease between the Prewetts and the City of

15  Pittsburg.

16       59.    On information and belief, Plaintiff alleges that from July 1, 1973 to June 30,

17  1981, the City of Pittsburg leased the Pittsburg Landfill from Silvio Garaventa, Sr. and Italo

18  Ferrando dba G.B.F. Co. "for purposes of dumping, processing, salvaging and/or burying refuse,

19  garbage and solid waste."

20       60.    On information and belief, Plaintiff alleges that in December of 1973, "GBF

21  Company" bought the Landfill property. The "GBF Company" was a general partnership. The

22  initials "GBF" stood for the three general partners: Silvio Garaventa, Sr., Dan Borges, Sr. and

23  Italo ("Babe") Ferrando. In December 1973, Mr. Garaventa was a general partner in the GBF

24  Company general partnership.

25       61.    On information and belief, Plaintiff alleges that on December 20, 1977, GBF

26  Company sold the Landfill property to Mr. Garaventa, his wife Mary C. Garaventa, Italo

27  Ferrando, and his wife Olga Ferrando. Ten days later, on December 30, 1977, Italo Ferrando, and

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

28

A0157004/626795-2

10   SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1   his wife Olga Ferrando sold their interest in the Landfill property to Mr. Garaventa and his wife

2   Mary C. Garaventa.

3         62.     On information and belief, Plaintiff alleges that Silvio Garaventa, Sr. and Mary C.

4   Garaventa owned the Landfill Property until Mr. Garaventa's death, at which point Mr.

5   Garaventa's interest was administered as the Estate of Silvio Garaventa, Sr. (Mary C. Garaventa,

6   Administratrix).

7         63.     On information and belief, Plaintiff alleges that in approximately 2001, the Estate

8   of Silvio Garaventa, Sr. and Mary C. Garaventa transferred their interest in the Landfill Property

9   to GBF Holdings, LLC, a subsidiary of TRC Companies, Inc., which is the present owner of the

10   Landfill Property.

11         64.     Plaintiff West Coast submitted a Creditor's Claim to the Estate of Silvio

12   Garaventa, Sr. on or about December 7, 1998. The Estate of Silvio Garaventa, Sr. rejected West

13   Coast's Creditor's Claim on or about July 27, 2001.

14   The GBF Landfill

15         65.     On information and belief, Plaintiff alleges that the Prewett family leased what

16   later became known as the GBF Landfill to IT in the 1950s (or earlier) for the purpose of

17   conducting an industrial waste disposal operation.

18         66.     On information and belief, Plaintiff alleges that in 1960 the Prewett family leased

19   what later became known as the GBF Landfill to CCWS and that CCWS, in turn, subleased what

20   later became known as the GBF Landfill to Industrial Tank (a predecessor to IT Corporation) in

21   1960.

22         67.     On information and belief, Plaintiff alleges that beginning in approximately 1960,

23   IT constructed unlined disposal "ponds" for liquid wastes which eventually covered the majority

24   of the landfill's 63-acre site. Between 1960 and approximately 1973, IT disposed of

25   approximately 80 million gallons of liquid toxic waste into these ponds. The disposed liquids

26   included chlorinated solvents, waste acids, beryllium metal, PCBs, oils, benzene, lead, mercury,

27   and vinyl chloride. Approximately 50% of these liquids has now infiltrated into the vadose zone.

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

28

A0157004/626795-2

11   SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW - C 04-2225 SI

68.     On information and belief, Plaintiff alleges that in order to abate an air pollution problem, IT advocated before the Bay Area Air Pollution Control District ("Air District") that industrial and municipal solid waste be dumped in the ponds to soak up the liquid toxic waste. This remedy was approved and CCWS began to dump municipal waste at the GBF Landfill as well as construction debris, wood, and cardboard.

The Pittsburg Landfill

69.     On information and belief, Plaintiff alleges that the Prewett family leased what became known as the Pittsburg Landfill to the City of Pittsburg from 1952 (or earlier) to 1973 for use as a disposal site for municipal household waste.

70.     On information and belief, Plaintiff alleges that after acquisition of the Landfill by the GBF Company in 1973, the Pittsburg Landfill continued to accept municipal waste until at least 1978.

71.     On information and belief, Plaintiff alleges that the Pittsburg Landfill continued to operate as a solid waste facility after 1978 to 1987, when it was consolidated with the GBF Landfill to form the Contra Costa Sanitary Landfill, which was owned and operated by CCWS.

72.     On information and belief, Plaintiff alleges that the Pittsburg Landfill received municipal wastes, including some hazardous chemicals and industrial liquid wastes, until 1978.

Groundwater Monitoring and DTSC Order

73.     On information and belief, Plaintiff alleges that contaminants have migrated through the groundwater from the GBF Landfill.  Accordingly, the Department of Toxic Substances Control ("DTSC") ordered IT, CCWS and numerous other entities to investigate and remediate the groundwater-borne contamination at the GBF Landfill by order dated September 25, 1987, and amended June 6, 1988 and July 28, 1993.

74.     As reported in the July 28, 1993 remedial action order, six groundwater monitoring wells were installed on the Landfill in or about May 1986.  All six sample wells tested had levels of hazardous substances exceeding the Maximum Contaminant Levels ("MCLs"), which generally reflect applicable drinking water standards.  In or about April and May 1990, ten

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

12     SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1    groundwater monitoring wells were installed in the uppermost water-bearing zone, and six

2    monitoring wells and one piezometer were installed in the water-bearing zone underlying the

3    uppermost water-bearing zone. Those wells also revealed that the groundwater contains levels of

4    hazardous substances in excess of the MCLs. Hazardous substances detected in excess of the

5    MCLs included the following: Arsenic, Benzene, Cadmium, Carbon Tetrachloride, Chloroform,

6    Chromium (total), 1,1-Dichloroethane, 1,1-Dichloroethylene, 1,2-Dichcloroethylene, 1,2-

7    Dichloropropane, Lead, Mercury, Perchloroethylene, Selenium, Silver, Trichloroethylene, and

8    Vinyl Chloride.

9        75.    As reported in the July 28, 1993 Remedial Action Order, the DTSC determined

10    that as a result of the water-borne contaminants, "removal and remedial action is necessary at the

11    Site [Landfill] because there may be an imminent and/or substantial endangerment to the public

12    health or welfare or to the environment." The order also determined that the "actual and/or

13    threatened release of hazardous substances at the [Landfill] also constitutes a public nuisance as

14    defined in California Civil Code Sections 3479 and 3480." DTSC also noted in the 1993 order

15    that three residential developments were proposed for construction in the vicinity of the Landfill

16    and that the "population at risk due to contaminated groundwater includes potential near-site

17    downgradient residents who may utilize shallow groundwater and potential off-site downgradient

18    users of water-supply wells."

19        76.    The July 28, 1993 Remedial Action Order also required the owners, operators,

20    generators and other potentially responsible parties named as respondents in the order to prepare a

21    remedial investigation/feasibility study, a remedial action plan, and a remedial design plan, as

22    well as other documents. The order clearly indicated that alternatives for treatment of the

23    contaminated groundwater be considered and, if feasible, implemented.

24        77.    Pursuant to the 1993 Remedial Action Order and amendments thereto,

25    investigation of the condition of the soil and groundwater on and under the Landfill and

26    surrounding properties was commenced. This investigation disclosed that contamination had

27    leached from the Landfill and had left the boundary of the Landfill property and, without

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

13    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1    Plaintiff's knowledge or permission, had traveled onto and under Plaintiff's property.

2         78.    In June 1997, the DTSC issued a Remedial Action Plan ordering the owners,

3    operators, generators and other potentially responsible parties to undertake certain remedial

4    actions in connection with the Landfill.  These remedial actions include actions that, if

5    implemented, are designed to, and will, abate any condition of pollution, nuisance and trespass

6    created by the Landfill on and under Plaintiff's Property.

7         79.    The remedial actions required by the 1997 Remedial Action Plan are reasonable

8    and feasible; however, as of the filing of this action, Defendants have failed to implement the

9    requirements of the 1997 Remedial Action Plan and have failed to take adequate or appropriate

10    steps to remediate and abate the condition of pollution, nuisance and trespass created on and

11    under Plaintiff's Property.

12         80.    Plaintiff has no plain, adequate or speedy remedy at law and therefore desires this

13    court to enter such orders as are necessary and appropriate to protect Plaintiff's interests.

14    **FIRST CAUSE OF ACTION**

15    **(Recovery of Response Costs Pursuant to CERCLA)**

16    **(Against All Defendants)**

17         81.    Plaintiff refers to and realleges paragraphs 1 through 80 of this Complaint and

18    incorporates them herein by this reference.

19         82.    Plaintiffs and Defendants are "persons" as defined by CERCLA § 101(21), 42

20    U.S.C. § 9601(21).

21         83.    At relevant times identified herein, Defendants, or some of them, were the owners

22    and/or operators of the Landfill within the meaning of CERCLA § 107(a)(1) and (2).  The

23    Landfill was a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9), at the time

24    hazardous materials were disposed of at the Landfill and at the Property.

25         84.    Defendants, or some of them, are persons who arranged for the treatment or

26    disposal of hazardous substances at the Landfill within the meaning of § 107(a)(3) of CERCLA,

27    42 U.S.C. § 9607(a)(3).

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

14    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1    85.    Defendants, or some of them, are persons who transported hazardous substances to

2  the Landfill within the meaning of § 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4).

3    86.    The Landfill and the Property are, and at all times relevant hereto were, a "facility"

4  as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

5    87.    The elements, compounds, mixtures, solutions and substances discovered on the

6  Landfill and at the Property and identified herein are "hazardous substances" within the meaning

7  of CERCLA § 101(14), 42 U.S.C. § 9601(14).

8    88.    The actions by Defendants with regard to these hazardous substances constituted a

9  "release" at the facility within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

10    89.    Each Defendant did, over extended periods of time, own, possess, generate,

11  handle, transport and/or dispose of, and/or arrange for disposal of those hazardous substances in

12  such a manner at the Landfill and at the Property so as to cause hazardous substances to be

13  released or threaten to release into the environment.

14    90.    The release and/or threatened release of hazardous substances by the Defendants

15  have caused and continue to cause Plaintiff to incur response costs.  As used in this Complaint,

16  the term "response costs" means the costs of "removal" and "remedial actions" of hazardous

17  substances, as those terms are defined in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and

18  (24), and all other costs to respond to releases of hazardous substances, as defined under

19  CERCLA § 101(25), 42 U.S.C. § 9601(25).  Such costs include, but are not limited to, costs

20  incurred to monitor, assess and evaluate the release and/or threatened release of hazardous

21  substances.

22    91.    Plaintiff will incur substantial response costs in developing and implementing the

23  appropriate response actions.

24    92.    All such response costs incurred and that will be incurred have been and will

25  continue to be necessary and consistent with the National Contingency Plan ("NCP") as set forth

26  in 40 C.F.R. Part 300.

27    93.    Pursuant to 42 U.S.C. § 9607(a), the Defendants, and each of them, are jointly and

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

15    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1   severally liable to Plaintiff for all necessary response costs incurred by Plaintiff in responding to

2   the release or threatened release of hazardous substances.  Plaintiff is in no way responsible or

3   liable for the release or threatened release of hazardous substances on or at the Landfill or at the

4   Property and, as compared to the Defendants who actively and intentionally disposed of

5   hazardous substances at the Landfill and at the Property, is blameless.

6               **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

7                           <u>**SECOND CAUSE OF ACTION**</u>

8                       **(Contribution Pursuant to CERCLA)**

9                           **(Against All Defendants)**

10          94.     Plaintiff refers to and realleges paragraphs 1 through 93 of this Complaint and

11   incorporates them herein by reference.

12          95.     As compared to the Defendants, who actively and intentionally disposed of

13   hazardous substances at the Landfill and at the Property, Plaintiff is blameless.  Plaintiff's

14   liability, if any, stems from the fact that it is the owner of the Property that Defendants' waste

15   disposal activities have contaminated.

16          96.     Defendants are liable or potentially liable parties under Section 107(a) of

17   CERCLA, 42 U.S.C. § 9607(a).

18          97.     Pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), Plaintiff is entitled to

19   seek contribution from each Defendant for the costs that it has incurred and will incur in

20   connection with the response actions at the Property.

21          98.     Defendants, and each of them, are liable to Plaintiff for contribution pursuant to

22   Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for some or all amounts expended by Plaintiff

23   as response costs and amounts that Plaintiff will expend as response costs in the future.

24               **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

25

26

27

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2                    16    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
                                           RCRA AND STATE LAW  - C 04-2225 SI

1

### THIRD CAUSE OF ACTION

2

### (Resource Conservation And Recovery Act)

3

### (Against All Defendants Identified On Exhibit A Of This Complaint)

4        99. Plaintiff refers to and realleges paragraphs 1 through 98 of this Complaint and

5    incorporate them herein by reference.

6        100.    Section 7002(a) of the Resource Conservation and Recovery Act ("RCRA"),

7    codified at 42 U.S.C. § 6972(a), provides, in relevant part, that any person may bring an action

8                    (B) against any person, including the United States . . . who
                 has contributed or who is contributing to the past or present
9                 handling, storage, treatment, transportation, or disposal of any solid
                 or hazardous waste which may present an imminent and substantial
10                endangerment to health or the environment . . . .

11                    . . . . The district court shall have jurisdiction, without
                 regard to the amount in controversy or the citizenship of the parties,
12                . . . to restrain any person who has contributed or who is
                 contributing to the past or present handling, storage, treatment,
13                transportation, or disposal of any solid or hazardous waste referred
                 to in paragraph (1)(B), to order such person to take such action as
14                may be necessary, or both, . . . and to apply any appropriate civil
                 penalties under section 6928(a) and (g) of this title.
15

16        101.    Each of the defendants named in this cause of action is a "person" as that term is

17    defined in RCRA Section 1004(15), codified at 42 U.S.C. § 6903(15).

18        102.    RCRA Section 1004(3), codified at 42 U.S.C. § 6903(3), defines "disposal" as

19    follows:

20                    the discharge, deposit, injection, dumping, spilling, leaking, or
                 placing of any solid waste or hazardous waste into or on any land or
21                water so that such solid waste or hazardous waste or any constituent
                 thereon may enter the environment or be emitted into the air or
22                discharged into any waters, including ground waters.

23        103.    RCRA Section 1004(27), codified at 42 U.S.C. § 6903(27), defines "solid waste"

24    as follows:

25                    any garbage, refuse, sludge from a waste treatment plant, water
                 supply treatment plant, or air pollution control facility and other
26                discarded material, including solid, liquid, semisolid, or contained
                 gaseous material resulting from industrial, commercial, mining, and
27                agricultural operations, and from community activities, but does not
                 include solid or dissolved material in domestic sewage, or solid or

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

28    A0157004/626795-2                              17    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
                                                          RCRA AND STATE LAW - C 04-2225 SI

dissolved materials in irrigation return flows or industrial discharges which are point sources subject to permits under section 1342 of Title 33, or source, special nuclear, or byproduct material as defined by the Atomic Energy Act of 1954, as amended (68 Stat. 923) [42 U.S.C. § 2011 et seq.].

104.    The contaminants identified at the Property, including without limitation, the surface waste containing metals (e.g., lead) and the subsurface groundwater containing hazardous chemicals are "solid wastes" within the meaning of 42 U.S.C. § 6903(27) that have been disposed of within the meaning of 42 U.S.C. § 6903.

105.    The California Environmental Protection Agency, Department of Toxic Substances Control, one of the agencies charged by statute with making such determinations in California, has determined that the contaminants identified at the Property may present an imminent and substantial endangerment to health or the environment.

106.    Each of the defendants named in this cause of action has contributed to the past disposal of the solid wastes which may present an imminent or substantial endangerment to health or the environment and accordingly should be ordered to take appropriate actions to abate the endangerment to health and the environment.

107.    On November 2, 2007, Plaintiff sent by registered mail, return receipt requested, the notice required by RCRA Section 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A), to the Defendants listed in Exhibit A to this Complaint, with copies to the Administrator of the United States Environmental Protection Agency and to the State of California (through the Director of the Department of Toxic Substances Control). This Second Amended Complaint is filed more than 90 days after the mailing and receipt of Plaintiffs' notice letter.

108.    Plaintiff will promptly serve a file-endorsed copy of this Second Amended Complaint on the Attorney General of the United States and on the Administrator of the United States Protection Agency once it has been filed with the Court.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

18    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

## FOURTH CAUSE OF ACTION

### (Declaratory Relief Under Federal Law)

### (Against All Defendants)

109.    Plaintiff refers to and realleges paragraphs 1 through 108 of this Complaint and incorporates them herein by reference.

110.    A dispute has arisen and an actual controversy exists between Plaintiff and Defendants in that Plaintiff claims that Defendants, and each of them, jointly and severally, are obligated to indemnify Plaintiff against, and reimburse Plaintiff for, all necessary response costs and any other costs and attorneys fees heretofore or hereafter incurred by Plaintiff in responding to the release or threatened release of hazardous waste, solid waste and/or hazardous substances or taking any other removal or remedial action as a result of Defendants' acts and conduct complained of herein.  Defendants deny such obligation.

111.    Substantial costs will be incurred by Plaintiff over time and after conclusion of this action.  Unless declaratory relief is granted, it will be necessary for Plaintiff to commence many successive actions against Defendants, and each of them, to secure compensation for the costs incurred and damages sustained, and damages that will be sustained, thus requiring a multiplicity of suits.

112.    Plaintiff is entitled to, and hereby seeks, a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Plaintiff's right to contribution and reimbursement from and indemnification by Defendants, and each of them, for all costs, jointly and severally, which Plaintiff has and will incur resulting from Defendants' release of wastes into the environment.

**WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Private Continuing Nuisance – Against All Defendants, Except Federal Defendants)

113.    Plaintiff refers to and realleges paragraphs 1 through 112 of this Complaint and incorporates them herein by reference.

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

19    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1    114.    At all times herein mentioned, the Defendants used and/or maintained said

2    premises or conducted their business and operations in an unnecessary, unreasonable, and

3    njurious manner that allowed wastes to be accumulated at the Landfill and into the surface and

4    sub-surface soils and groundwaters, including into the soils and groundwaters of the Property.

5    115.    The aforementioned disposal by Defendants constitutes a nuisance within the

6    meaning of California Civil Code § 3479 in that the wastes disposed of at the Landfill created and

7    creates a condition which is injurious to health, or is indecent or offensive to the senses, or an

8    obstruction to the free use of Property and interferes with Plaintiff's comfortable enjoyment of the

9    Property.

10    116.    The wastes, in the surface and sub-surface soils at, and groundwater beneath, the

11    Property have commingled to create a single, indivisible harm to and potential endangerment of

12    public health, welfare and the environment.  The wastes have continuously migrated and spread

13    in the soils and waters at the Property since their initial release and their impact has varied over

14    time.

15    117.    The Plaintiff, as the record title owner of the Property, has been injured as a result

16    of Defendants' release, discharge and/or disposal of wastes into the Property.

17    118.    Defendants are strictly and jointly and severally liable for abatement of the single

18    indivisible endangerment to the environment and resulting interference with the Plaintiff's free

19    use and enjoyment of the Property, constituting a private nuisance in that the Plaintiff has been

20    denied, and will continue to be denied, free use of the Property.  Despite the remediation activities

21    described herein, said wastes threaten to release further into the environment and thus continue to

22    cause losses and damage to Plaintiff.

23    119.    Defendants are on notice of the damage caused by the nuisance but Defendants

24    have failed and refused, and continue to fail and refuse, to timely and properly abate the nuisance

25    or to compensate the Plaintiff for damages suffered.

26    120.    As a further proximate result of the nuisance, the Plaintiff has been deprived of the

27    full use and enjoyment of the Property and has suffered and will continue to suffer damages by

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

20    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW - C 04-2225 SI

1    reason of loss of use of the Property caused by its contaminated condition.  In addition, the

2    Plaintiff has incurred, and will continue to incur, substantial amounts in administrative, legal and

3    technical fees to assess responsibility for and respond to the contamination at the Property.  The

4    amount of said damages shall be in accordance with proof at trial.

5              **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

6                        <u>**SIXTH CAUSE OF ACTION**</u>

7        **(Continuing Trespass - Against All Defendants, Except Federal Defendants)**

8              121.    Plaintiff refers to and realleges paragraphs 1 through 120 of this Complaint and

9    incorporates them herein by reference.

10             122.    At all times herein mentioned, the Defendants used and/or maintained the Landfill

11    or conducted their business operations in such an unnecessary, unreasonable and injurious manner

12    that allowed wastes to be accumulated at the Landfill and leach into the surface and sub-surface

13    soils and groundwaters and onto and under the Property.

14             123.    The aforementioned disposal by Defendants caused and constituted and continues

15    to cause and constitute a physical invasion of Plaintiff's Property and interference with Plaintiff's

16    possession of said property thereby constituting a continuing trespass despite the remediation

17    activities described herein.

18             124.    The wastes in the groundwater beneath the Property have commingled to create a

19    single, indivisible harm to and potential endangerment of public health, welfare and the

20    environment.  The wastes have continuously migrated and spread in the soils and waters at the

21    Landfill and at the Property since their initial release and their impact has varied over time.

22             125.    The Plaintiff, as the record title owner of the Property, has been injured as a result

23    of Defendants' release, discharge and/or disposal of wastes into the Landfill and onto and under

24    the Property.

25             126.    Defendants are strictly and jointly and severally liable for abatement of the single

26    indivisible endangerment to the environment and resulting trespass to, on, and under Plaintiff's

27    Property.

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

21    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1    127.    As a proximate result of the trespass by the Defendants, the Plaintiff has been

2    deprived of the full use and enjoyment of the Property and has suffered and will continue to suffer

3    loss of use of the Property caused by its contaminated condition.  In addition, the Plaintiff has

4    incurred, and will continue to incur, substantial amounts in administrative, legal and technical

5    fees to assess responsibility for and respond to the contamination at and emanating from the

6    Landfill.  The amount of said damages shall be in accordance with proof at trial.

7    · **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

8    ## SEVENTH CAUSE OF ACTION

9    **(Negligence - By Plaintiff Against All Defendants, Except Federal Defendants)**

10    128.    Plaintiff refers to and realleges paragraphs 1 through 127 of this Complaint and

11    incorporates them herein by reference.

12    129.    Defendants had a duty to Plaintiff to exercise due care in controlling, monitoring,

13    maintaining, and operating the Landfill, and in storing and disposing of various toxic chemicals at

14    the Landfill.

15    130.    Defendants failed to exercise their duty of due care by releasing and allowing the

16    release of hazardous substances onto and into the Landfill and the Property as detailed above.

17    131.    As a direct and proximate result of defendants' breach of duty, hazardous

18    substances have been released directly on and into the Property.

19    132.    This release of hazardous substances resulting from Defendants' misconduct has

20    caused damages to Plaintiff, as set forth above, including other consequential, incidental and

21    general damages to be proven at trial.

22    **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

23    ## EIGHTH CAUSE OF ACTION

24    **(Negligence Per Se - Against All Defendants, Except Federal Defendants)**

25    133.    Plaintiff refers to and realleges paragraphs 1 through 132 of this Complaint and

26    incorporates them herein by reference.

27    134.    Defendants' failure to exercise due care in controlling the release of hazardous

28

1   substances violates various state and federal statutes, rules and regulations, as detailed in this

2   Complaint, the purpose of which are to set a standard of care or conduct to protect Plaintiff and

3   others in its class and its property and the environment from the type of improper activities

4   engaged in by Defendants.  Therefore, such improper activities and violations constitute

5   negligence per se.

6        135.    Defendants have failed to comply with provisions of federal and state

7   environmental laws, including:

8        a.      violation of prohibitions on the disposal of hazardous, high-moisture, designated

9                and/or liquid waste (23 Cal. Code of Regs. §§ 2510 through 2533; 14 Cal. Code of

10               Regs. §§ 17407.5, 17407.6, 17742, 17743; Pub. Res. Code §§ 43020, 43021,

11               44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268,

12               13301);

13       b.      violations of hazardous waste screening requirements (23 Cal. Code of Regs. §

14               2510; 14 Cal. Code of Regs. § 17258.20; Pub. Res. Code §§ 43020, 43021, 44002;

15               Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301);

16       c.      violations of requirements for the prompt and proper documentation, reporting and

17               remediation of hazardous waste disposal (23 Cal. Code of Regs. §§ 2550.10,

18               2550.12; 14 Cal. Code of Regs. § 17414; Pub. Res. Code §§ 43020, 43021,

19               44002);

20       d.      failure to take prompt corrective action (23 Cal. Code of Regs. § 2550.12; 14 Cal.

21               Code of Regs. §§ 17258.73, 17258.74; Pub Res. Code §§ 43020, 43021, 44002);

22       e.      violation of leachate collection, monitoring and control requirements (23 Cal.

23               Code of Regs. §§ 2543, 2545, 2550.0 through 21550.12; 14 Cal. Code of Regs. §

24               17704; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261,

25               13263, 13264, 13265, 13267, 13268, 13301);

26       f.      violation of drainage, erosion, slumping and related requirements (23 Cal. Code of

27               Regs. § 2546; 14 Cal. Code of Regs. §§ 17407.4, 17708, 17710; Pub. Res. Code

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

28   A0157004/626795-2                            23   SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
                                                       RCRA AND STATE LAW  - C 04-2225 SI

1    §§ 43020, 43021; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267,

2    13268, 13301);

3    g.    violation of prohibitions on the allowance of ponding (23 Cal. Code of Regs. §

4          2546; 14 Cal. Code of Regs. § 17715; Pub. Res. Code §§ 43020, 43021, 44002;

5          Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301);

6    h.    violation of permit and/or closure plan slope restrictions (14 Cal. Code of Regs. §

7          17678; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261,

8          13263, 13264, 13265, 13257, 13268, 13301);

9    i.    violation of height limitations (23 Cal. Code of Regs. § 2510; Pub. Res. Code §§

10         43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267,

11         13268, 13301);

12   j.    violation of cover requirements (23 Cal. Code of Regs. § 2544; 14 Cal. Code of

13         Regs. §§ 17258.21, 17677, 17678, 17682, 17684; Pub. Res. Code §§ 43020,

14         43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13257, 13268,

15         13301);

16   k.    violation of groundwater monitoring and facility reporting requirements (23 Cal.

17         Code of Regs. § 2550.0 through 2550.12; 14 Cal. Code of Regs. §§ 17258.29,

18         17638; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261,

19         13263, 13264, 13265, 13267, 13258, 13301);

20   l.    failing to repair or replace monitoring wells (23 Cal. Code of Regs. § 2550.0

21         through 2550.12; Pub res. Code §§ 43020, 43021, 44002; Water Code §§ 2550.0

22         through 2550.12; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260,

23         13261, 13263, 13264, 13265, 13267, 13268, 13301);

24   m.    violation of prohibitions against the creation of nuisance and/or pollution (23 Cal.

25         Code of Regs. § 2510; 14 Cal. Code of Regs. §§ 17408.5, 17701; Pub. Res. Code

26         §§ 43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265,

27         13257, 13268, 13301);

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

24   SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
     RCRA AND STATE LAW  - C 04-2225 SI

n.    violation of landfill gas collection and monitoring requirements (BAAQMD Reg. 8, Rule 34; 14 Cal. Code of Regs. §§ 17258.23, 17258.24, 17705; Pub. Res. Code §§ 43020, 43021, 43030, 44002; Health & Safety Code § 40702);

o.    violation of limitations on the tonnage of waste to be received (23 Cal. Code of Regs. § 2510; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301); and

p.    improperly operating the Pittsburg Landfill and the GBF Landfill jointly as one site where each landfill was separately permitted (23 Cal. Code of Regs. § 2510; 14 Cal. Code of Regs. §§ 17603, 17606; Pub. Res. Code §§ 43020, 43021, 44002, 44004; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301).

As a direct and proximate result of Defendants' negligence per se, Plaintiff has suffered damages as set forth above, including other consequential, incidental and general damages to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## NINTH CAUSE OF ACTION

**(Ultrahazardous Activity - By Plaintiff Against All Defendants, Except Federal Defendants)**

136.    Plaintiff refers to and realleges paragraphs 1 through 135 of this Complaint and incorporates them herein by reference.

137.    The disposal, discharge and depositing of toxic chemicals as stated in this Complaint and other hazardous chemicals onto and into the environment constitutes an "ultrahazardous activity."

As a direct and proximate result of such discharge, depositing, storage or disposal, Plaintiff has suffered damages as set forth above, including other consequential, incidental and general damages to be proven at trial for which defendants are strictly liable.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

1

**TENTH CAUSE OF ACTION**

2

**(Declaratory Relief Under State Law – Against All Defendants, Except Federal Defendants)**

3    138.    Plaintiff refers to and realleges paragraphs 1 through 137 of this Complaint and

4    incorporates them herein by reference.

5    139.    A dispute has arisen and an actual controversy exists between Plaintiff and

6    Defendants in that Plaintiff claims that Defendants, jointly and severally, are obligated to

7    indemnify Plaintiff against, and reimburse Plaintiff for, all Response Costs and any other costs

8    heretofore or hereafter incurred by Plaintiff in removing the hazardous materials, substances and

9    wastes or taking any other removal or remedial action as a result of Defendants' conduct

10    complained of herein, and Defendants deny such obligation.

11    140.    Substantial costs will be incurred by Plaintiff over time and after conclusion of this

12    action.  Unless declaratory relief is granted, it will be necessary to commence many successive

13    actions against Defendants to secure compensation for damages sustained, thus requiring a

14    multiplicity of suits.

15    141.    Plaintiff desires a judicial determination pursuant to California Code of Civil

16    Procedure § 1060 of Plaintiff's right to reimbursement and indemnification by Defendants for all

17    costs heretofore or hereafter incurred by Plaintiff as a result of Defendants' conduct complained

18    of herein.

19    **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

20

**PRAYER FOR RELIEF**

21    **WHEREFORE**, Plaintiff prays for judgment as follows:

22

**First Cause of Action**

23    1.    For recovery from Defendants, jointly and severally, of all response costs that have

24    been incurred by Plaintiffs in response to the release and threatened release of hazardous

25    substances at the Property and in the enforcement of CERCLA's statutory liability scheme,

26    according to proof at trial;

27    2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

26    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW  - C 04-2225 SI

1    3.    For all costs of suit incurred herein.

2                    **Second Cause of Action**

3    1.    For total contribution from all Defendants for all response costs that have been

4  incurred by Plaintiff in response to the release and threatened release of hazardous substances at

5  the Property and in enforcement of CERCLA's statutory liability scheme, or in an amount this

6  Court deems appropriate;

7    2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

8    3.    For all costs of suit incurred herein.

9                    **Third Cause of Action**

10    1.    For an entry of an order directing all Defendants listed on Exhibit A to this

11  Complaint to implement the measures necessary to abate the endangerment to health and the

12  environment to the satisfaction of DTSC, the Regional Water Quality Control Board, and any

13  other regulatory agencies that may assert jurisdiction over the abatement of hazardous conditions

14  at the Property;

15    2.    For an award of litigation costs including attorneys' and expert witness' fees

16  pursuant to 42 U.S.C. § 6972(e).

17                    **Fourth Cause of Action**

18    1.    For a declaration that Defendants, jointly and severally, are obligated to pay to

19  Plaintiffs all future response costs and any other costs incurred by Plaintiff hereafter in response,

20  removal or remediation efforts incurred pursuant to a DTSC-issued and/or court-approved

21  remedial action plan that is required by the NCP in order to properly respond to the disposal of

22  wastes and pollutants by Defendants.

23    2.    For attorneys' fees; and

24    3.    For all costs of suit incurred herein.

25            **Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action**

26    1.    For a mandatory, preliminary and permanent injunction ordering the Defendants to

27  undertake, at their expense, all of the environmental engineering, investigation, studies,

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

27    SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW - C 04-2225 SI

1  maintenance, monitoring and response actions necessary to respond to, abate, remediate, maintain

2  and monitor fully and promptly the condition resulting from solid waste and hazardous waste

3  contamination at the Property and emanating from the Landfill;

4      2.      For abatement, cleanup, maintenance and monitoring costs from Defendants,

5  jointly and severally, in an amount equal to all response costs and all other costs incurred in

6  response to the condition resulting from the discharge of contaminants by Defendants, according

7  to proof at trial;

8      3.      For an order directing Defendants, and each of them, to pay for restitution to

9  Plaintiff in an amount according to proof;

10     4.      For compensatory damages according to proof, including, but not limited to,

11 compensation for loss of use of the Property;

12     5.      For incidental and consequential damages according to proof;

13     6.      For pre-judgment interest at the legal rate;

14     7.      For attorneys' fees as may be allowed by statute or otherwise; and

15     8.      For all costs of suit incurred herein.

16                          **Tenth Cause of Action**

17     1.      For a declaration that Defendants, jointly and severally, are obligated to pay to

18 Plaintiff all future response costs and any other costs incurred by Plaintiffs hereafter in response,

19 removal or remediation efforts incurred pursuant to a DTSC-issued and/or court-approved

20 remedial action plan that is required by DTSC in order to properly respond to the disposal of

21 wastes and pollutants by Defendants;

22     2.      For attorneys' fees as may be allowed by statute or otherwise; and

23     3.      For all costs of suit incurred herein.

24

25

26

27

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

28   SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
     RCRA AND STATE LAW - C 04-2225 SI

1

**All Causes of Action**

2          For such other and further relief as this Court deems just and proper.

3

4   Dated: March 6, 2008                    Respectfully submitted,

5                                            ARCHER NORRIS

6

7

8                                            Peter W. McGaw
                                             Attorneys for Plaintiff
9                                            WEST COAST HOME BUILDERS, INC.

10                        **Demand for Jury Trial**

11          Plaintiff West Coast Homebuilders, Inc. hereby demands a jury trial on all causes and

12   claims susceptible to trial by jury.

13

     Dated: March 6, 2008                    Respectfully submitted,

14

15                                            ARCHER NORRIS

16

17

18                                            Peter W. McGaw
                                             Attorneys for Plaintiff
19                                            WEST COAST HOME BUILDERS, INC.

20

21

22

23

24

25

26

27

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/626795-2

29   SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
     RCRA AND STATE LAW  - C 04-2225 SI

1

## EXHIBIT A

Ashland Inc.

2  Agent For Service Of Process
Corporation Service Company Which Will Do Business In California As CSC - Lawyers

3  Incorporating Service
PO Box 526036

4  Sacramento, CA  95852

5  Beazer East, Inc.
Agent For Service Of Process

6  C T Corporation System
818 West Seventh St

7  Los Angeles, CA  90017

8  Boeing Satellite Systems, Inc.
Agent For Service Of Process

9  Corporation Service Company Which Will Do Business In California As CSC - Lawyers
Incorporating Service

10  PO Box 526036
Sacramento, CA  95852

11

Caterpillar Inc.

12  Agent For Service Of Process
C T Corporation System

13  818 West Seventh St
Los Angeles, CA  90017

14

The City Clerk of the City of Antioch

15  PO Box 5007
Antioch, CA  94531-5007

16

The City Clerk of the City of Pittsburg

17  City of Pittsburg Civic Center
65 Civic Avenue

18  Pittsburg, CA  94565

19  Colgate-Palmolive Company
Agent For Service Of Process

20  C T Corporation System
818 West Seventh St

21  Los Angeles, CA  90017

22  Contra Costa Waste Service, Inc.
Agent For Service Of Process

23  Craig F Anderson
1320 Willow Pass Rd Ste 500

24  Concord, CA  94520

25  Crown Beverage Packaging, Inc.
Agent For Service Of Process

26  C T Corporation System
818 West Seventh St

27  Los Angeles, CA  90017

28

ARCHER NORRIS
A PROFESSIONAL LAW
CORPORATION
WALNUT CREEK

A0157004/626795-2

SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW - C 04-2225 SI)

1

1    The Dow Chemical Company
     Agent For Service Of Process
2    C T Corporation System
     818 West Seventh St
3    Los Angeles, CA  90017

4    E. I. Du Pont De Nemours And Company
     Agent For Service Of Process
5    C T Corporation System
     818 West Seventh St
6    Los Angeles, CA  90017

7    Exxon Mobil Corporation
     Agent For Service Of Process
8    Corporation Service Company Which Will Do Business In California As CSC - Lawyers
     Incorporating Service
9    PO Box 526036
     Sacramento, CA  95852

10

     Fairchild Semiconductor Corporation
11   Agent For Service Of Process
     Corporation Service Company Which Will Do Business In California As CSC - Lawyers
12   Incorporating Service
     PO Box 526036
13   Sacramento, CA  95852

14   GBF Holdings LLC
     Agent For Service Of Process
15   Deems Padgett
     1590 SolanoWay Ste A
16   Concord, CA  94520

17   Hewlett-Packard Company
     C T Corporation System
18   818 West Seventh St
     Los Angeles, CA  90017
19

     Lockheed Martin Corporation
20   Agent For Service Of Process
     Corporation Service Company Which Will Do Business In California As CSC - Lawyers
21   Incorporating Service
     PO Box 526036
22   Sacramento, CA  95852

23   Nestle USA, Inc.
     Agent For Service Of Process
24   C T Corporation System
     818 West Seventh St
25   Los Angeles, CA  90017

26   Occidental Chemical Corporation
     Agent For Service Of Process
27   C T Corporation System
     818 West Seventh St
28   Los Angeles, CA  90017

ARCHER NORRIS
A PROFESSIONAL LAW
CORPORATION
WALNUT CREEK

A0157004/626795-2

2

SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW - C 04-2225 SI)

1  Paccar Inc.
   Agent For Service Of Process
2  The Prentice-Hall Corporation System, Inc.
   PO Box 526036
3  Sacramento, CA  95852

4  Pittsburg Disposal & Debris Box Service, Inc.
   Agent For Service Of Process
5  Craig F Andersen
   1320 Willow Pass Rd Ste 500
6  Concord, CA  94520

7  Mary Grace Prewett Bertsch
   1536 Bryant Street
8  Palo Alto, CA  94301

9  Quebecor Printing San Jose, Inc.
   CT Corporation
10 818 West 7th Street
   Los Angeles, CA 90017

11

12 Raychem International Corporation
   Agent For Service Of Process
   C T Corporation System
13 818 West Seventh St
   Los Angeles, CA  90017

14

15 Rheem Manufacturing Company
   Agent For Service Of Process
   Corporation Service Company Which Will Do Business In California As CSC - Lawyers
16 Incorporating Service
   PO Box 526036
17 Sacramento, CA  95852

18 Schuller International, Inc.
   2730 Gateway Oaks Drive STE 100
19 Sacramento, CA 95833

20 Shell Oil Company
   Agent For Service Of Process
21 C T Corporation System
   818 West Seventh St
22 Los Angeles, CA  90017

23 Union Oil Company Of California
   Agent For Service Of Process
24 The Prentice-Hall Corporation System, Inc.
   PO Box 526036
25 Sacramento, CA  95852

26 Union Pacific Railroad Company
   Agent For Service Of Process
27 W H Poole
   10031 Foothills Blvd #200
28 Roseville, CA  95747

ARCHER NORRIS
A PROFESSIONAL LAW
CORPORATION
WALNUT CREEK

A0157004/626795-2

3

SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW - C 04-2225 SI)

1

2    Peter D. Keisler
     U.S. Department of Justice
3    950 Pennsylvania Ave., NW
     Washington DC 20530-0001

4    United States Department of Defense
     Defense Logistics Agency
5    8725 John J. Kingman Road, Suite 2545
     Fort Belvoir, VA 22060-6221

6

7    Secretary of Army
     101 Army Pentagon
     Washington DC 20310-0101

8

9    Secretary of the Navy
     1000 Navy Pentagon
     Washington DC 20350-1000

10

11   TRC Companies, Inc.
     National Registered Agents, Inc.
     12 Old Boston Post Road
12   Old Saybrook, CT 06475

13   USX Corporation
     2730 Gateway Oaks Drive, Ste 100
14   Sacramento, CA 95833

15   WITCO Corporation
     2730 Gateway Oaks Drive, Ste 100
16   Sacramento, CA 95833

17

18

19

20

21

22

23

24

25

26

27

28

ARCHER NORRIS
A PROFESSIONAL LAW
CORPORATION
WALNUT CREEK

A0157004/626795-2

4

SECOND AMENDED COMPLAINT FOR RELIEF UNDER CERCLA,
RCRA AND STATE LAW - C 04-2225 SI)