1   Lee A. Archer (Bar No. 038938)
    Peter W. McGaw (Bar No. 104691)
2   John L. Kortum (Bar No. 148573)
    ARCHER NORRIS
3   Attorneys At Law
    2033 North Main Street, Suite 800
4   Walnut Creek, CA  94596
    Telephone:    (925) 930-6600
5   Facsimile:    (925) 930-6620

6   Attorneys for Plaintiffs SPPI-SOMERSVILLE INC.,
    SOMERSVILLE-GENTRY INC.
7

8                   UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  SPPI-SOMERSVILLE INC.,              NO.  C 07-05824 SI
    SOMERSVILLE-GENTRY INC.
12                                      FIRST AMENDED COMPLAINT FOR:
                Plaintiffs,
13                                      1.  RECOVERY OF RESPONSE
        vs.                                 COSTS UNDER CERCLA § 107;
14                                      2.  CONTRIBUTION UNDER
    CHEVRON U.S.A., INC., as successor to     CERCLA;
15  Standard Oil of California, Inc.,   3.  INJUNCTIVE RELIEF UNDER RCRA
                                        4.  DECLARATORY RELIEF UNDER
16              Defendants.                 FEDERAL LAW;
                                        5.  PRIVATE CONTINUING NUISANCE;
17                                      6.  CONTINUING TRESPASS;
                                        7.  NON-DISCLOSURE;
18                                      8.  DECLARATORY RELIEF UNDER
                                            STATE LAW
19

20                                            JURY TRIAL
                                              DEMANDED
21

22

23

24        Plaintiffs SPPI-SOMERSVILLE INC., SOMERSVILLE-GENTRY INC. ("Plaintiffs" or

25  the "Somersville Entities") allege as follows:

26                          NATURE OF THE ACTION

27        1.    The Somersville Entities own four parcels of property (the "Property" or

28  "Plaintiffs' Property") adjacent or near to the Contra Costa Sanitary Landfill (the "CCSL

ARCHER NORRIS        A0157015/642003-1                    COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW
ATTORNEYS AT LAW
WALNUT CREEK                                1

1    Landfill") and the Old Antioch Landfill, which are both near Antioch, California. The

2    Somersville Entities are also assignees of rights held by the previous owner of the subject

3    properties, Tom Gentry California Company, and by this Complaint the Somersville Entities

4    assert those assigned rights as well. The CCSL Landfill is or was comprised of the Pittsburg

5    Landfill and the GBF Landfill. The CCSL Landfill, or part of it, was used as a disposal area for

6    hazardous materials during the 1960s and 1970s, and for the disposal of municipal waste,

7    including hazardous materials, until approximately 1992. The CCSL Landfill is the source of

8    groundwater contamination on and under the Property. The CCSL Landfill and the Old Antioch

9    Landfill are also the source of surface contamination on the Plaintiffs' Property. This

10   contamination prevents the Somersville Entities from developing the Property, or part of it, to the

11   highest and best use available were it without such contamination. The Somersville Entities bring

12   this action under the Comprehensive Environmental Response, Compensation, and Liability Act

13   ("CERCLA"), as amended, 42 U.S.C. §§ 9607 and 9613, to recover response costs and

14   contribution, and under the Resource Conservation and Recovery Act ("RCRA"), as amended, 42

15   U.S.C. § 6972 and related sections. The Somersville Entities also allege state claims for

16   nuisance, trespass, negligence and ultrahazardous activity against Defendants arising from the

17   contamination on the Property and seek injunctive and other relief.

18                          JURISDICTION AND VENUE

19        2.        The jurisdiction of this Court over the subject matter of this action is predicated on

20   28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), and 42 U.S.C.

21   § 9613(b).

22        3.        Venue in the Northern District of California is based on 28 U.S.C. § 1391(b)

23   (venue proper in district in which a substantial part of the events giving rise to the claim occurred)

24   and 42 U.S.C. § 9613(b) (venue where release occurred).

25        4.        Pursuant to Local Rule 3-2(d) of the Northern District, assignment to the Court in

26   San Francisco or Oakland is appropriate because this action arises in Contra Costa County.

27                             RELATED CASES

28        5.        This action is related to *SPPI-Somersville, Inc., Somersville-Gentry, Inc. v. TRC*

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/642003-1                                    COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW

1 | *Companies, Inc.; GBF Holdings LLC, et al.*, Case No. C 04-2648 SI, United States District

2 | Court, Northern District of California, now pending in this court.  The present action involves the

3 | same plaintiffs, the same property, but one of the same landfills, but a different defendant.

PARTIES TO THE ACTION

The Plaintiffs

6 | 6.      Plaintiff SPPI-SOMERSVILLE INC. is a closely held corporation organized and

7 | existing under the laws of the state of California.  Its main office is located in Concord, California

8 | and its principal place of business is also California.

9 | 7.      Plaintiff SOMERSVILLE-GENTRY INC. is a closely held corporation organized

10 | and existing under the laws of the state of California.  Its main office is located in Concord,

11 | California and its principal place of business is also California.

The Present Owner-Operator Defendant

13 | 8.      On information and belief, Plaintiffs allege that defendant CHEVRON U.S.A.,

14 | INC. is a Pennsylvania corporation authorized to do business in California, and has its principal

15 | office in San Ramon, California.  CHEVRON U.S.A., INC. was formed on or about January 18,

16 | 1965, and is the successor to Standard Oil of California, Inc.

SUMMARY OF THE ACTION

The Property

19 | 9.      The Somersville Entities are developers in Contra Costa County.  Somersville

20 | Entities' predecessor in interest, Tom Gentry California Company, purchased the Property from

21 | Standard Oil of California, Inc. in or around 1966 for prospective development.  The Property

22 | was subsequently transferred to Plaintiffs to be used for the same general purpose.  The Property

23 | is part of a tract of land in an unincorporated part of Contra Costa County, California, near the

24 | cities of Antioch and Pittsburg.

25 | 10.     The parcels are located between Somersville Road and the GBF/Pittsburg Landfill,

26 | in Contra Costa County, California.  Specifically, Somersville-Gentry, Inc. owns Assessor Parcel

27 | Number 076-010-034 that occupies approximately 4 acres.  SPPI-Somersville, Inc. owns APN

28 | 076-010-030, APN 076-010-031 and APN 076-010-032 that collectively occupy approximately

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/642003-1

COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW

3

1    20 acres.

2         11.    The Companies acquired the Property from the Tom Gentry California Company

3    on or about November 21, 2003 and were assigned all rights of their predecessor-in-interest.

4         12.    Prior to Somersville Entities' purchase of the Property, it had been used as a field.

5    At some point in July 2001, the Tom Gentry California Corporation discovered that municipal

6    solid waste had spilled from one or more of the adjacent landfills or otherwise been deposited

7    onto the Property, contaminating at least the surface of the property.  The California Regional

8    Water Quality Control Board has since issued an order requiring certain parties to this action to

9    remediate the impact of this municipal solid waste on Markley Creek, which transverses the

10   parcels owned by the Somersville Entities.

11                               The Old Antioch Landfill

12        13.    The Property is located northeast of, and adjacent or near to, the Old Antioch

13   Landfill.  The Old Antioch Landfill was operated by the City of Antioch and is still owned by the

14   city.  The Old Antioch Landfill is located on both sides of Markley Creek east of Somersville

15   Road in the southeast ¼ Section 27, T2N, R1E.  The Old Antioch Landfill occupies APN 076-

16   021-015 (13.20 acres) and 076-021-014 (3.85 acres).

17        14.    The Old Antioch Landfill, which operated from the early 1900s until its closure in

18   1968, accepted municipal solid waste and for part of its history operated as a burn dump.  Early

19   landfill operations burned waste prior to final discharge.  In approximately 1957, the City of

20   Antioch was notified by the air quality regulators that it could no longer conduct burning

21   operations at the Old Antioch Landfill.  The City of Antioch thereafter accumulated municipal

22   and industrial waste, which it deposited on its property and the Property then owned by Standard

23   Oil of California, Inc.  Documents indicate that Standard Oil of California was aware of this

24   accumulation of waste product and its distribution on Standard Oil of California property.  The

25   Antioch dump continued to process waste, and although later operations discharged unburned

26   waste, burning continued.  The Old Antioch Landfill was unlined.  The landfill was closed in

27   1968 with a cover of approximately 12-inches of clayey soil.

28        15.    Aerial photographs dating back at least as far as 1953 show land use patterns for

ARCHER NORRIS        A0157015/642003-1                                    COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW
ATTORNEYS AT LAW
WALNUT CREEK
                                          4

1    the Pittsburg and Antioch landfills and the 076-010-034 parcel. These photographs show, among

2    other information, distribution of refuse over the 034 parcel during the late 1950s and early 1960s

3    that is apparently related to the operations on either the Pittsburg Landfill and the Antioch

4    Landfill, or both.

5            16.    In 1996, 1997 and 1998, slope failures and erosion in the south bank of Markley

6    Creek on City of Antioch property discharged waste into the creek. The City removed the waste

7    and repaired the soil. Subsequent investigations of Markley Creek by Contra Costa County

8    Environmental Health Department staff detected at least four additional small slope failures

9    exposing waste in the south bank of Markley Creek and exposed waste in the north bank at the

10    "mound area."

11            17.    The California Regional Water Quality Control Board, Central Valley Region (the

12    "Regional Board"), ordered site characterizations. In August 2002, the City of Antioch submitted

13    to the Regional Board the Site Characterization Report, Old Antioch Landfill. The report

14    demonstrated that waste had been discharged on both sides of Markley Creek. The waste is

15    composed of mixed burn and unburned municipal waste. In places, the south bank of Markley

16    Creek is composed entirely of waste (over 30 feet) with a thin cover of soil. In the north bank

17    there is at least 20 feet of mixed burned and unburned municipal waste in the "mound" area. The

18    waste is covered with 1 to 3 feet of clayey soil.

19            18.    In September 2002, the Tom Gentry California Company submitted to the

20    Regional Board the Site Characterization Report Gentry Property. The report demonstrated that 1

21    to 5 feet of waste has been deposited over the entire area of APN 076-010-034, which was then

22    owned by the Tom Gentry California Company. Waste is thickest nearest the Old Antioch

23    Landfill and thins to the east. The waste is covered with 6 inches to 3 feet of clayey soil.

24            19.    On January 7, 2003, the Regional Board issued Cleanup and Abatement Order No.

25    R5-2002-0736, requiring the City of Antioch, the Tom Gentry of California Company, and GBF

26    Holdings LLC to cleanup the Markley Creek area.

27            20.    The Regional Board Cleanup and Abatement Order addresses some, but not all, of

28    the surface contamination on the four acres of APN 076-010-034. The contamination not

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/642003-1                                    COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW

1    addressed by the Regional Board order prevents the Companies from developing the Property, or

2    part of it, to the highest and best use available were it without such contamination.

3        21.    On or about July 19, 2006, the Regional Board issued an Administrative Civil

4    Liability Complaint ("ACL"), Complaint No. R5-2006-0512, to the City of Antioch and

5    Somersville-Gentry Inc. proposing that these parties pay a $300,000 penalty for failure to comply

6    with the prior administrative order.

### FIRST CAUSE OF ACTION

**(Recovery of Response Costs Pursuant to CERCLA)**

9        22.    Plaintiffs refer to and reallege paragraphs 1 through 21 of this Complaint and

10    incorporate them herein by this reference.

11        23.    Plaintiffs and Defendant are "persons" as defined by CERCLA § 101(21), 42

12    U.S.C. § 9601(21).

13        24.    At relevant times identified herein, Defendants was the "owners" and/or

14    "operators" of the parcels contaminated with waste, within the meaning of Section 107(a)(1) and

15    (2).

16        25.    Defendant was a "person" who arranged for the treatment or disposal of hazardous

17    substances at the Property within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. §

18    9607(a)(3).

19        26.    The Property is, and at all times relevant hereto was, a "facility" as defined by

20    CERCLA § 101(9), 42 U.S.C. § 9601(9).

21        27.    The elements, compounds, mixtures, solutions and substances discovered on the

22    Property and identified herein are "hazardous substances" within the meaning of CERCLA §

23    101(14), 42 U.S.C. § 9601(14).

24        28.    The actions by Defendant with regard to these hazardous substances constituted a

25    "release" at the facility within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

26        29.    Defendant did, over extended periods of time, arranged for disposal of those

27    hazardous substances in such a manner at the Property so as to cause hazardous substances to be

28    released or threaten to release into the environment.

1    30.    The release and/or threatened release of hazardous substances by the Defendant

2   have caused and continue to cause Plaintiffs to incur response costs.  As used in this Complaint,

3   the term "response costs" means the costs of "removal" and "remedial actions" of hazardous

4   substances, as those terms are defined in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and

5   (24), and all other costs to respond to releases of hazardous substances, as defined under

6   CERCLA § 101(25), 42 U.S.C. § 9601(25).  Such costs include, but are not limited to, costs

7   incurred to monitor, assess and evaluate the release and/or threatened release of hazardous

8   substances.

9    31.    Plaintiffs will incur substantial response costs in developing and implementing the

10   appropriate response actions.

11    32.    All such response costs incurred and that will be incurred have been and will

12   continue to be necessary and consistent with the National Contingency Plan ("NCP") as set forth

13   in 40 C.F.R. Part 300.

14    33.    Pursuant to 42 U.S.C. § 9607(a), the Defendant is liable to Plaintiffs for all

15   necessary response costs incurred by Plaintiffs in responding to the release or threatened release

16   of hazardous substances.  Plaintiffs are in no way responsible or liable for the release or

17   threatened release of hazardous substances on or at the Property and, as compared to the

18   defendant who actively and intentionally disposed of hazardous substances at the Property, are

19   blameless.

20    **WHEREFORE,** Plaintiffs pray for judgment as hereinafter set forth.

21    **SECOND CAUSE OF ACTION**

22    **(CONTRIBUTION PURSUANT TO CERCLA)**

23    34.    Plaintiffs refer to and reallege paragraphs 1 through 33 of this Complaint and

24   incorporate them herein by reference.

25    35.    As compared to the Defendant, who actively and intentionally disposed of

26   hazardous substances at the Property, Plaintiffs are blameless.  Plaintiffs' liability, if any, stems

27   from the fact that they are the owner of the Property that Defendant's waste disposal activities

28   have contaminated.

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/642003-1

COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW

7

1    36.    Defendant is liable or potentially liable parties under Section 107(a) of CERCLA,

2    42 U.S.C. § 9607(a) and have been sued under that section in the first cause of action herein.

3    37.    Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), provides that "[a]ny person may

4    seek contribution from any other person who is liable or potentially liable under section 9607(a)

5    of this title, during or following any civil action under section 9606 of this title or under section

6    9607(a) of this title." Further, pursuant to case law interpreting CERCLA, Plaintiffs are entitled

7    to seek contribution, implied under Section 107(a) or express under Section 113(f), from

8    Defendant for the costs they have incurred and will incur in connection with the response actions

9    at the Property.

10    38.    Defendant is liable to Plaintiffs for contribution pursuant to CERCLA, for some or

11    all amounts expended by Plaintiffs as response costs and amounts that Plaintiffs will expend as

12    response costs in the future.

13    **WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

14    ### THIRD CAUSE OF ACTION

15    **(Resource Conservation And Recovery Act)**

16    39.    Plaintiffs refer to and reallege paragraphs 1 through 38 of this Complaint and

17    incorporate them herein by reference.

18    40.    Section 7002(a) of the Resource Conservation and Recovery Act ("RCRA"),

19    codified at 42 U.S.C. § 6972(a), provides, in relevant part, that any person may bring an action:

20    (B) against any person, including the United States . . . who
has contributed or who is contributing to the past or present

21    handling, storage, treatment, transportation, or disposal of any solid
or hazardous waste which may present an imminent and substantial

22    endangerment to health or the environment . . . .

23    . . . . The district court shall have jurisdiction, without regard to the
amount in controversy or the citizenship of the parties, . . . to

24    restrain any person who has contributed or who is contributing to
the past or present handling, storage, treatment, transportation, or

25    disposal of any solid or hazardous waste referred to in paragraph
(1)(B), to order such person to take such action as may be

26    necessary, or both, . . . and to apply any appropriate civil penalties
under section 6928(a) and (g) of this title.

27

28    41.    The defendant named in this cause of action is a "person" as that term is defined in

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/642003-1                                    COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW

1    RCRA Section 1004(15), codified at 42 U.S.C. § 6903(15).

2        42.    RCRA Section 1004(3), codified at 42 U.S.C. § 6903(3), defines "disposal" as

3    follows:

> 4 the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or
> 5 water so that such solid waste or hazardous waste or any constituent thereon may enter the environment or be emitted into the air or
> 6 discharged into any waters, including ground waters.

7        43.    RCRA Section 1004(27), codified at 42 U.S.C. § 6903(27), defines "solid waste"

8    as folllows:

> 9 any garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and other
> 10 discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and
> 11 agricultural operations, and from community activities, but does not include solid or dissolved material in domestic sewage, or solid or
> 12 dissolved materials in irrigation return flows or industrial discharges which are point sources subject to permits under section
> 13 1342 of Title 33, or source, special nuclear, or byproduct material as defined by the Atomic Energy Act of 1954, as amended (68 Stat.
> 14 923) [42 U.S.C. § 2011 et seq.].

15        44.    The contaminants identified at the Property, including without limitation, the

16 surface waste containing metals (e.g., lead) and the subsurface groundwater containing hazardous

17 chemicals are "solid wastes" within the meaning of 42 U.S.C. § 6903(27) that have been disposed

18 of within the meaning of 42 U.S.C. § 6903.

19        45.    The California Environmental Protection Agency, Department of Toxic

20 Substances Control, one of the agencies charged by statute with making such determinations in

21 California, has determined that the contaminants identified at the Property may present an

22 imminent and substantial endangerment to health or the environment.

23        46.    The defendant named in this cause of action has contributed to the past disposal of

24 the solid wastes which may present an imminent or substantial endangerment to health or the

25 environment and accordingly should be ordered to take appropriate actions to abate the

26 endangerment to health and the environment.

27        47.    On November 2, 2007, Plaintiffs sent by registered mail, return receipt requested,

28 the notice required by RCRA Section 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A), to the

1    Defendant, with copies to the Administrator of the United States Environmental Protection

2    Agency and to the State of California (through the Director of the Department of Toxic

3    Substances Control). This First Amended Complaint is filed more than 90 days after the mailing

4    and receipt of Plaintiffs' notice letter.

5        48.    Plaintiffs will promptly serve a file-endorsed copy of this First Amended

6    Complaint on the Attorney General of the United States and on the Administrator of the United

7    States Protection Agency once it has been filed with the Court.

### FOURTH CAUSE OF ACTION

#### (Declaratory Relief Under Federal Law)

10        49.    Plaintiffs refer to and reallege paragraphs 1 through 48 of this Complaint and

11    incorporate them herein by reference.

12        50.    A dispute has arisen and an actual controversy exists between Plaintiffs and

13    Defendant in that Plaintiffs claim that Defendant is obligated to indemnify Plaintiffs against, and

14    reimburse Plaintiffs for, all necessary response costs and any other costs and attorneys fees

15    heretofore or hereafter incurred by Plaintiffs in responding to the release or threatened release of

16    hazardous waste, solid waste and/or hazardous substances or in taking any other removal or

17    remedial action as a result of Defendant's acts and conduct complained of herein. Defendant

18    denies such obligation.

19        51.    Substantial costs will be incurred by Plaintiffs over time and after conclusion of

20    this action. Unless declaratory relief is granted, it will be necessary for Plaintiffs to commence

21    many successive actions against Defendant to secure compensation for the costs incurred and

22    damages sustained, and damages that will be sustained, thus requiring a multiplicity of suits.

23        52.    Plaintiffs are entitled to, and hereby seek, a judicial determination pursuant to the

24    Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Plaintiffs' rights to contribution and

25    reimbursement from and indemnification by Defendant for all costs, jointly and severally, which

26    Plaintiffs have and will incur resulting from Defendant's Release of wastes into the environment.

27    / / /

28    / / /

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/642003-1                                   · COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW

1    **WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

2                          **FIFTH CAUSE OF ACTION**

3                          **(Private Continuing Nuisance)**

4        53.    Plaintiffs refer to and reallege paragraphs 1 through 52 of this Complaint and

5    incorporate them herein by reference.

6        · 54.    At all times herein mentioned, the Defendant used and/or maintained said premises

7    or conducted their business and operations in an unnecessary, unreasonable, and injurious manner

8    that allowed wastes to be accumulated at the Property and into the surface and sub-surface soils

9    and groundwaters, including into the soils and groundwaters of the Property.

10       55.    The aforementioned disposal by Defendant constitutes a nuisance within the

11   meaning of California Civil Code § 3479 in that the wastes disposed of at the Property created

12   and creates a condition which is injurious to health, or is indecent or offensive to the senses, or an

13   obstruction to the free use of property and interferes with Plaintiffs' comfortable enjoyment of the

14   Property.

15       56.    The wastes, in the surface and sub-surface soils at, and groundwater beneath, the

16   Property have commingled to create a single, indivisible harm to and potential endangerment of

17   public health, welfare and the environment.  The wastes have continuously migrated and spread

18   in the soils and waters at the Property since their initial release and their impact has varied over

19   time.

20       57.    The Plaintiffs, as the record title owners of the Property, have been injured as a

21   result of Defendant's release, discharge and/or disposal of wastes into the Property.

22       58.    Defendant is strictly liable for abatement of the single indivisible endangerment to

23   the environment and resulting interference with the Plaintiffs' free use and enjoyment of property,

24   constituting a private nuisance in that the Plaintiffs have been denied, and will continue to be

25   denied, free use of the Property.  Despite the remediation activities described herein, said wastes

26   threaten to release further into the environment and thus continue to cause losses and damage to

27   Plaintiffs.

28       59.    Defendant is on notice of the damage caused by the nuisance but Defendant has

ARCHER NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157015/642003-1                                    COMPLAINT FOR RELIEF UNDER CERCLA AND STATE LAW

1    failed and refused, and continues to fail and refuse, to timely and properly abate the nuisance or to

2    compensate the Plaintiffs for damages suffered.

3         60.    As a further proximate result of the nuisance, the Plaintiffs have been deprived of

4    the full use and enjoyment of the Property and have suffered and will continue to suffer damages

5    by reason of loss of use of the Property caused by its contaminated condition.  In addition, the

6    Plaintiffs have incurred, and will continue to incur, substantial amounts in administrative, legal

7    and technical fees to assess responsibility for and respond to the contamination at the Property.

8    The amount of said damages shall be in accordance with proof at trial.

9         **WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

10                          <u>**SIXTH CAUSE OF ACTION**</u>

11                              **(Continuing Trespass)**

12        61.    Plaintiffs refer to and reallege paragraphs 1 through 60 of this Complaint and

13    incorporate them herein by reference.

14        62.    At all times herein mentioned, the Defendant used and/or maintained the Property,

15    or conducted their business operations in such an unnecessary, unreasonable and injurious manner

16    that allowed wastes to be accumulated at the Property, and leach into the surface and sub-surface

17    soils and groundwaters and onto and under the Property.

18        63.    The aforementioned disposal by Defendant caused and constituted and continues

19    to cause and constitute a physical invasion of Plaintiffs' Property and interference with Plaintiffs'

20    possession of said Property thereby constituting a continuing trespass despite the remediation

21    activities described herein.

22        64.    The wastes in the groundwater beneath the Property have commingled to create a

23    single, indivisible harm to and potential endangerment of public health, welfare and the

24    environment.  The wastes have continuously migrated and spread in the soils and waters at the

25    Property since their initial release and their impact has varied over time.

26        65.    The Plaintiffs, as the record title owners of the Property, has been injured as a

27    result of Defendant's release, discharge and/or disposal of wastes onto and under the Property.

28        66.    Defendant is strictly liable for abatement of the single indivisible endangerment to

1    the environment and resulting trespass to, on, and under Plaintiffs' property.

2         67.    As a proximate result of the trespass by the Defendant, the Plaintiffs have been

3    deprived of the full use and enjoyment of the Property and have suffered and will continue to

4    suffer loss of use of the Property caused by its contaminated condition.  In addition, the Plaintiffs

5    have incurred, and will continue to incur, substantial amounts in administrative, legal and

6    technical fees to assess responsibility for and respond to the contamination at and emanating from

7    the Landfill.  The amount of said damages shall be in accordance with proof at trial.

8         **WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

9                      ## SEVENTH CAUSE OF ACTION

10                            **(Non-Disclosure)**

11        68.    Plaintiffs refer to and reallege paragraphs 1 through 67 of this Complaint and

12   incorporate them herein by reference.

13        69.    Defendant had a duty to Plaintiffs, as assignee of the rights of the Tom Gentry

14   Company of California, to disclose the prior use of the Property as a dump site.

15        70.    Defendant failed to disclose the prior use of the Property as a dump site to the Tom

16   Gentry Company of California.

17        71.    As a direct and proximate result of Defendant's breach of this duty, the Tom

18   Gentry Company of California was unaware of the hazardous substances and other waste that had

19   been released directly on and into the Property.

20        72.    This breach of duty has caused damages to Plaintiffs, as set forth above, including

21   other consequential, incidental and general damages to be proven at trial.

22        **WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

23                      ## EIGHTH CAUSE OF ACTION

24                    **(Declaratory Relief Under State Law)**

25        73.    Plaintiffs refer to and reallege paragraphs 1 through 73 of this Complaint and

26   incorporate them herein by reference.

27        74.    A dispute has arisen and an actual controversy exists between Plaintiffs and

28   Defendant in that Plaintiffs claim that Defendant is obligated to indemnify Plaintiffs against, and

1    reimburse Plaintiffs for, all response costs and any other costs or other damages heretofore or

2    hereafter incurred or suffered by Plaintiffs in removing the hazardous materials, substances and

3    wastes or taking any other removal or remedial action as a result of Defendant's conduct

4    complained of herein, and Defendant denies such obligation.

5          75.    Substantial costs and damages will be incurred or suffered by Plaintiffs over time

6    and after conclusion of this action. Unless declaratory relief is granted, it will be necessary to

7    commence many successive actions against Defendant to secure compensation for damages

8    sustained, thus requiring a multiplicity of suits.

9          76.    Plaintiffs desire a judicial determination pursuant to California Code of Civil

10    Procedure § 1060 of Plaintiffs' right to reimbursement and indemnification by Defendant for all

11    costs and damages heretofore or hereafter incurred or suffered by Plaintiffs as a result of

12    Defendant's conduct complained of herein.

13          **WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

14    <u>**PRAYER FOR RELIEF**</u>

15          **WHEREFORE**, Plaintiffs pray for judgment as follows:

16    <u>**First Cause of Action**</u>

17          1.    For recovery from Defendant of all response costs that have been or will be

18    incurred by Plaintiffs in response to the release and threatened release of hazardous substances

19    from the Landfill and onto the Property and in the enforcement of CERCLA's statutory liability

20    scheme, according to proof at trial;

21          2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

22          3.    For all costs of suit incurred herein.

23    <u>**Second Cause of Action**</u>

24          1.    For total contribution from Defendant for all response costs that have been or will

25    be incurred by Plaintiffs in response to the release and threatened release of hazardous substances

26    at the Property and in enforcement of CERCLA's statutory liability scheme, or in an amount this

27    Court deems appropriate;

28          2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

3.      For all costs of suit incurred herein.

## Third Cause of Action

1.      For an entry of an order directing Defendant to implement the measures necessary

to abate the endangerment to health and the environment to the satisfaction of DTSC, the

Regional Water Quality Control Board, and any other regulatory agencies that may assert

jurisdiction over the abatement of hazardous conditions at the Property;

2.      For an award of litigation costs including attorneys' and expert witness' fees

pursuant to 42 U.S.C. § 6972(e).

## Fourth Cause of Action

1.      For a declaration that Defendant is obligated to pay to Plaintiffs all future response

costs and any other costs incurred by Plaintiffs hereafter in response, removal or remediation

efforts incurred pursuant to a DTSC-issued and/or court-approved remedial action plan that is

required by the NCP in order to properly respond to the disposal of wastes and pollutants by

Defendants.

2.      For attorneys' fees as may be allowed by the statute or otherwise; and

3.      For all costs of suit incurred herein.

## Fifth, Sixth and Seventh Causes of Action

1.      For a mandatory, preliminary and permanent injunction ordering the Defendant to

undertake, at their expense, all of the environmental engineering, investigation, studies,

maintenance, monitoring and response actions necessary to respond to, abate, remediate, maintain

and monitor fully and promptly the condition resulting from solid waste and hazardous waste

contamination at the Property and emanating from the Landfill;

2.      For abatement, cleanup, maintenance and monitoring costs from Defendant in an

amount equal to all response costs and all other costs incurred by Plaintiffs in response to the

condition resulting from the discharge of contaminants by Defendant, according to proof at trial;

3.      For an order directing Defendant to pay for restitution to Plaintiffs in an amount

according to proof;

4.      For compensatory damages according to proof, including, but not limited to,

1    diminution in value and/or compensation for loss of use of the Property;

2         5.     For incidental and consequential damages according to proof, including

3    indemnification for fines and penalties assessed by any agency of the State or government;

4         6.     For pre-judgment interest at the legal rate;

5         7.     For attorneys' fees as may be allowed by statute or otherwise; and

6         8.     For all costs of suit incurred herein.

7    **Eighth Cause of Action**

8         1.     For a declaration that Defendant is obligated to pay to Plaintiffs all future response

9    costs, fines and penalties assessed by any agency of the State or government, and any other costs

10    and damages incurred or suffered by Plaintiffs hereafter in response, removal or remediation

11    efforts incurred in order to properly respond to the disposal of wastes and pollutants by

12    Defendants;

13         2.     For attorneys' fees as may be allowed by statute or otherwise; and

14         3.     For all costs of suit incurred herein.

15    **All Causes of Action**

16         For such other and further relief as this Court deems just and proper.

17

18    Dated: March 26, 2008             Respectfully submitted,

19                                     ARCHER NORRIS

20

21                                     John L. Kortum
                                 Attorneys for Plaintiffs

22                                     SPPI-SOMERSVILLE INC. and
                                 SOMERSVILLE-GENTRY INC.

23

24

25

26

27

28

1

## Demand for Jury Trial

2        Plaintiffs SPPI-SOMERSVILLE INC. and SOMERSVILLE-GENTRY INC. hereby

3    demand a jury trial on all causes and claims susceptible to trial by jury.

4

    Dated: March 26, 2008                    Respectfully submitted,

5
                                             ARCHER NORRIS
6

7                                            _____

                                             John L. Kortum
8                                            Attorneys for Plaintiffs
                                             SPPI-SOMERSVILLE INC. and
9                                            SOMERSVILLE-GENTRY INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

**Name of Action:  SPPI-Somersville Inc. Somersvill-Gentry Inc. v. Checron USA, Inc.**
**Court and Action No:  US Northern District Court, Case No. C07-05824 SI**

3

4

       I, Sandra Allen, declare that I am over the age of eighteen years, and not a party to this action or proceeding.  My business address is 2033 North Main Street, Suite 800, P.O. Box 8035, Walnut Creek, CA  94596.  On March 26, 2008, I caused the following document(s) to be served:

5

6

**FIRST AMENDED COMPLAINT FOR:**

7

8

9

10

1. **RECOVERY OF RESPONSE COSTS UNDER CERCLA § 107;**
2. **CONTRIBUTION UNDER CERCLA;**
3. **INJUNCTIVE RELIEF UNDER RCRA**
4. **DECLARATORY RELIEF UNDER FEDERAL LAW;**
5. **PRIVATE CONTINUING NUISANCE;**
6. **CONTINUING TRESPASS;**
7. **NON-DISCLOSURE;**
8. **DECLARATORY RELIEF UNDER STATE LAW**

11

12

13

14

☒    by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices.  I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

15

16

☐    by placing a true copy of the document(s) listed above enclosed in a sealed envelope, with postage fully prepaid thereon, in the United States mail at Walnut Creek, California addressed as set forth below.

17

18

☐    by having a true copy of the document(s) listed above transmitted by facsimile to the person(s) at the facsimile number(s) set forth below before 5:00 p.m.  The transmission was reported as complete without error by a report issued by the transmitting facsimile machine.  A true and correct copy of the transmission report is attached hereto.

19

☐    by having personally delivered a true copy of the document(s) listed above, enclosed in a sealed envelope, to the person(s) and at the address(es) set forth below.

20

21

22

23

    Blaine Ian Green, Esq.
    Pillsbury Winthrop Shaw Pittman, LLP
    50 Fremont Street
    San Francisco, CA 94105

24

25

       I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 26, 2008, at Walnut Creek, California.

26

27

_Sandra Allen_
               Sandra Allen

28

A0157015/643549-1