1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BLAINE I. GREEN  #193028
2   blaine.green@pillsburylaw.com
   JEFFREY S. JACOBI  #252884
3   jeffrey.jacobi@pillsburylaw.com
   50 Fremont Street
4  Post Office Box 7880
   San Francisco, CA  94120-7880
5  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
6
   Attorneys for Defendant
7  CHEVRON U.S.A., INC.

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11

12  SPPI-SOMERSVILLE INC.,                Case No. C 07-5824 SI
                                          (related to Case No. C 04-2225 SI and
13  SOMERSVILLE-GENTRY INC.,              Case No. C 04-2648 SI)

14                       Plaintiffs,

15        vs.                            **ANSWER OF DEFENDANT
                                         CHEVRON U.S.A., INC. TO FIRST
16  CHEVRON U.S.A., INC., as successor to AMENDED COMPLAINT; AND
   Standard Oil of California, Inc.,      COUNTERCLAIMS**

17                       Defendant.

18

19  CHEVRON U.S.A., INC., as successor to
   Standard Oil of California, Inc.,

20                 Counter-complainant,

21        vs.

22  SPPI-SOMERSVILLE INC.,

23  SOMERSVILLE-GENTRY INC.,

24                 Counter-defendants.

25

26

27

28

1    **<u>ANSWER</u>**

2        Defendant Chevron U.S.A., Inc. ("Chevron") hereby answers the First Amended

3    Complaint ("FAC") of plaintiffs SPPI-Somersville Inc. and Somersville-Gentry Inc. by

4    admitting, denying and averring as follows:

5    **<u>GENERAL DENIAL</u>**

6        Except as expressly admitted herein, Chevron denies each and every allegation in

7    the FAC.

8    **<u>NATURE OF THE ACTION</u>**

9        1.    In answer to Paragraph 1, the last two sentences of that paragraph are

10    conclusions of law to which no response is required.  With respect to the other allegations

11    in the paragraph, Chevron lacks sufficient knowledge or information to form a belief as to

12    the truth of the allegations and on that basis denies each and every allegation.

13    **<u>JURISDICTION AND VENUE</u>**

14        2.    The allegations contained in Paragraph 2 are conclusions of law to which no

15    response is required.

16        3.    The allegations contained in Paragraph 3 are conclusions of law to which no

17    response is required.

18        4.    The allegations contained in Paragraph 4 are conclusions of law to which no

19    response is required.

20    **<u>RELATED CASES</u>**

21        5.    The allegations contained in Paragraph 5 are conclusions of law to which no

22    response is required.

23    **<u>PARTIES TO THE ACTION</u>**

24    **<u>The Plaintiffs</u>**

25        6.    In answer to Paragraph 6, Chevron lacks sufficient knowledge or

26    information to form a belief regarding the allegations contained therein, and on that basis

27    denies each and every such allegation.

28

1    7.    In answer to Paragraph 7, Chevron lacks sufficient knowledge or

2    information to form a belief regarding the allegations contained therein, and on that basis

3    denies each and every such allegation.

4    <u>The Present Owner-Operator Defendant</u>

5    8.    In answer to Paragraph 8, Chevron avers that Chevron U.S.A. Inc. is a

6    Pennsylvania corporation authorized to do business in California, and has its principal

7    office in San Ramon, California.  Chevron further avers that Chevron U.S.A. Inc. is an

8    affiliate of Standard Oil of California, Inc. ("Standard Oil").

9    **<u>SUMMARY OF THE ACTION</u>**

10    <u>The Property</u>

11    9.    In answer to Paragraph 9, Chevron lacks sufficient knowledge or

12    information to form a belief regarding the allegations contained therein, and on that basis

13    denies each and every such allegation.

14    10.    In answer to Paragraph 10, Chevron lacks sufficient knowledge or

15    information to form a belief regarding the allegations contained therein, and on that basis

16    denies each and every such allegation.

17    11.    In answer to Paragraph 11, Chevron lacks sufficient knowledge or

18    information to form a belief regarding the allegations contained therein, and on that basis

19    denies each and every such allegation.

20    12.    In answer to Paragraph 12, Chevron lacks sufficient knowledge or

21    information to form a belief regarding the allegations contained therein, and on that basis

22    denies each and every such allegation.

23    <u>Old Antioch Landfill</u>

24    13.    In answer to the first sentence of Paragraph 13, Chevron admits that the

25    Property is located near the Old Antioch Landfill.  Chevron lacks sufficient knowledge or

26    information to form a belief regarding the remaining allegations contained therein, and on

27    that basis denies each and every such allegation.

28

1    14.    In answer to Paragraph 14, Chevron lacks sufficient knowledge or

2  information to form a belief regarding the allegations contained in the first four sentences

3  and the last three sentences of said paragraph.  With respect to the fifth sentence of said

4  paragraph, Chevron avers that Standard Oil entered into a one-year lease with the City of

5  Antioch, in December 1957 ("Lease"), under which the City was allowed to use the

6  Property "for the disposal of garbage and refuse."  Chevron further avers that the Lease was

7  terminated by the City of Antioch, effective December 1958.  A true and correct copy of the

8  Lease is attached hereto as Exhibit A.

9    15.    In answer to Paragraph 15, Chevron lacks sufficient knowledge or

10  information to form a belief regarding the allegations contained therein, and on that basis

11  denies each and every such allegation.

12    16.    In answer to Paragraph 16, Chevron lacks sufficient knowledge or

13  information to form a belief regarding the allegations contained therein, and on that basis

14  denies each and every such allegation.

15    17.    In answer to Paragraph 17, Chevron denies each and every allegation that

16  characterizes the "Site Characterization Report, Old Antioch Landfill" identified therein on

17  the basis that such document speaks for itself.  With respect to the remaining allegations in

18  Paragraph 17, Chevron lacks sufficient knowledge or information to form a belief, and on

19  that basis denies each and every such allegation.

20    18.    In answer to Paragraph 18, Chevron denies each and every allegation that

21  characterizes the "Site Characterization Report Gentry Property" identified therein on the

22  basis that such document speaks for itself.  With respect to the remaining allegations in

23  Paragraph 18, Chevron lacks sufficient knowledge or information to form a belief, and on

24  that basis denies each and every such allegation.

25    19.    In answer to Paragraph 19, Chevron lacks sufficient knowledge or

26  information to form a belief regarding the allegations contained therein, and on that basis

27  denies each and every such allegation.

28

1      20.     In answer to Paragraph 20, Chevron denies each and every allegation that

2   characterizes the "Regional Board Cleanup and Abatement Order" identified therein on the

3   basis that such document speaks for itself.  With respect to the remaining allegations in

4   Paragraph 20, Chevron lacks sufficient knowledge or information to form a belief, and on

5   that basis denies each and every such allegation.

6      21.     In answer to Paragraph 21, Chevron lacks sufficient knowledge or

7   information to form a belief regarding the allegations contained therein, and on that basis

8   denies each and every such allegation.

9                       **FIRST CAUSE OF ACTION**

10               **(Recovery of Response Costs Pursuant to CERCLA)**

11      22.     Chevron hereby incorporates by reference its response to Paragraphs 1

12   through 21, inclusive, of this answer as if fully set forth herein.

13      23.     The allegations contained in Paragraph 23 are conclusions of law to which

14   no response is necessary.  To the extent a response is required, Chevron lacks sufficient

15   knowledge or information to form a belief regarding the allegations contained in Paragraph

16   23, and on that basis denies each and every such allegation.

17      24.     The allegation contained in Paragraph 24 is a conclusion of law to which no

18   response is necessary.  To the extent a response is required, Chevron lacks sufficient

19   knowledge or information to form a belief regarding the allegations contained in Paragraph

20   24, and on that basis denies each and every such allegation.

21      25.     The allegation contained in Paragraph 25 is a conclusion of law to which

22   no response is necessary.  To the extent a response is required, Chevron lacks sufficient

23   knowledge or information to form a belief regarding the allegations contained in Paragraph

24   25, and on that basis denies each and every such allegation.

25      26.     The allegation contained in Paragraph 26 is a conclusion of law to which no

26   response is necessary.  To the extent a response is required, Chevron lacks sufficient

27   knowledge or information to form a belief regarding the allegations contained in Paragraph

28   26, and on that basis denies each and every such allegation.

1    27.    The allegations contained in Paragraph 27 are conclusions of law to which

2    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

3    knowledge or information to form a belief regarding the allegations contained in Paragraph

4    27, and on that basis denies each and every such allegation.

5    28.    The allegations contained in Paragraph 28 are conclusions of law to which

6    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

7    knowledge or information to form a belief regarding the allegations contained in Paragraph

8    28, and on that basis denies each and every such allegation.

9    29.    In answer to Paragraph 29, Chevron denies the allegations contained therein.

10    30.    The allegations contained in the final two sentences of Paragraph 30 are

11    legal conclusions to which no response is necessary.  With respect to the remaining

12    allegations in Paragraph 30, Chevron lacks sufficient knowledge or information to form a

13    belief, and on that basis denies each and every such allegation.

14    31.    In answer to Paragraph 31, Chevron lacks sufficient knowledge or

15    information to form a belief regarding the allegations contained therein, and on that basis

16    denies each and every such allegation.

17    32.    The allegations contained in Paragraph 32 are conclusions of law to which

18    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

19    knowledge or information to form a belief regarding the allegations contained in Paragraph

20    32, and on that basis denies each and every such allegation.

21    33.    In answer to Paragraph 33, Chevron denies the allegations contained therein.

22    **SECOND CAUSE OF ACTION**

23    **(Contribution Pursuant to CERCLA)**

24    34.    Chevron hereby incorporates by reference its response to Paragraphs 1

25    through 33, inclusive, of this answer as if fully set forth herein.

26    35.    The allegations contained in Paragraph 35 are conclusions of law to which

27    no response is required.  To the extent a response is required, Chevron lacks sufficient

28

1   knowledge or information to form a belief regarding the allegations contained in Paragraph

2   35, and on that basis denies each and every such allegation.

3       36.     The allegations contained in Paragraph 36 are conclusions of law to which

4   no response is required.  To the extent a response is required, Chevron lacks sufficient

5   knowledge or information to form a belief regarding the allegations contained in Paragraph

6   36, and on that basis denies each and every such allegation.

7       37.     The allegations contained in Paragraph 37 are conclusions of law to which

8   no response is required.  To the extent a response is required, Chevron lacks sufficient

9   knowledge or information to form a belief regarding the allegations contained in Paragraph

10  37, and on that basis denies each and every such allegation.

11      38.     The allegations contained in Paragraph 38 are conclusions of law to which

12  no response is required.  To the extent a response is required, Chevron denies the

13  allegations contained in Paragraph 38.

14              **THIRD CAUSE OF ACTION**

15              **(Resource Conservation and Recovery Act)**

16      39.     Chevron hereby incorporates by reference its response to Paragraphs 1

17  through 38, inclusive, of this answer as if fully set forth herein.

18      40.     The allegation contained in Paragraph 40 is a conclusion of law to which no

19  response is required.

20      41.     The allegation contained in Paragraph 41 is a conclusion of law to which no

21  response is required. To the extent a response is required, Chevron lacks sufficient

22  knowledge or information to form a belief regarding the allegations contained in Paragraph

23  41, and on that basis denies each and every such allegation.

24      42.     The allegation contained in Paragraph 42 is a conclusion of law to which no

25  response is required.

26      43.     The allegation contained in Paragraph 43 is a conclusion of law to which no

27  response is required.

28

1    44.    The allegations contained in Paragraph 44 are conclusions of law to which

2    no response is required.  To the extent a response is required, Chevron lacks sufficient

3    knowledge or information to form a belief regarding the allegations contained in Paragraph

4    44, and on that basis denies each and every such allegation.

5    45.    In answer to Paragraph 45, Chevron lacks sufficient knowledge or

6    information to form a belief regarding the allegations contained therein, and on that basis

7    denies each and every such allegation.

8    46.    In answer to Paragraph 46, Chevron denies the allegations contained therein.

9    47.    The allegations contained in Paragraph 47 are conclusions of law to which

10   no response is required.

11   48.    In answer to Paragraph 48, Chevron lacks sufficient knowledge or

12   information to form a belief regarding the allegations contained therein, and on that basis

13   denies each and every such allegation.

14                          **FOURTH CAUSE OF ACTION**

15                          **(Declaratory Relief Under Federal Law)**

16   49.    Chevron hereby incorporates by reference its response to Paragraphs 1

17   through 48, inclusive, of this answer as if fully set forth herein.

18   50.    The allegations contained in Paragraph 50 are conclusions of law to which

19   no response is required.  To the extent a response is required, Chevron lacks sufficient

20   knowledge or information to form a belief regarding the allegations contained in Paragraph

21   50, and on that basis denies each and every such allegation.

22   51.    In answer to Paragraph 51, Chevron lacks sufficient knowledge or

23   information to form a belief regarding the allegations contained therein, and on that basis

24   denies each and every such allegation.

25   52.    Paragraph 52 consists partly of conclusions of law to which no response is

26   required.  To the extent a response is required, Chevron lacks sufficient knowledge or

27   information to form a belief regarding the allegations contained in Paragraph 52, and on

28   that basis denies such allegations.

1

## **FIFTH CAUSE OF ACTION**

2

### **(Private Continuing Nuisance)**

3    53.    Chevron hereby incorporates by reference its response to Paragraphs 1

4    through 52, inclusive, of this answer as if fully set forth herein.

5    54.    In answer to Paragraph 54, Chevron denies the allegations contained therein.

6    55.    The allegations contained in Paragraph 55 are conclusions of law to which

7    no response is required.  To the extent a response is required, Chevron lacks sufficient

8    knowledge or information to form a belief regarding the allegations contained in Paragraph

9    55, and on that basis denies each and every such allegation.

10    56.    In answer to Paragraph 56, Chevron denies the allegations contained therein.

11    57.    In answer to Paragraph 57, Chevron denies the allegations contained therein.

12    58.    The allegations contained in Paragraph 58 are conclusions of law to which

13    no response is required.  To the extent a response is required, Chevron lacks sufficient

14    knowledge or information to form a belief regarding the allegations contained in Paragraph

15    58, and on that basis denies each and every such allegation.

16    59.    In answer to Paragraph 59, Chevron denies the allegations contained therein.

17    60.    In answer to Paragraph 60, Chevron denies the allegations contained therein.

18

## **SIXTH CAUSE OF ACTION**

19

### **(Continuing Trespass)**

20    61.    Chevron hereby incorporates by reference its response to Paragraphs 1

21    through 60, inclusive, of this answer as if fully set forth herein.

22    62.    Paragraph 62 consists of legal conclusions to which no response is required.

23    To the extent a response is required, Chevron denies the allegations contained in Paragraph

24    62.

25    63.    Paragraph 63 consists of legal conclusions to which no response is required.

26    To the extent a response is required, Chevron lacks sufficient knowledge or information to

27    form a belief regarding the allegations contained Paragraph 63, and on that basis denies

28    each and every such allegation.

1    64.    In answer to Paragraph 64, lacks sufficient knowledge or information to

2    form a belief regarding the allegations contained in Paragraph 64, and on that basis denies

3    each and every such allegation.

4    65.    In answer to Paragraph 65, Chevron denies the allegations contained therein.

5    66.    Paragraph 66 consists of legal conclusions to which no response is required.

6    To the extent a response is required, Chevron denies the allegations contained in Paragraph

7    64.

8    67.    Paragraph 67 consists of legal conclusions to which no response is required.

9    To the extent a response is required, Chevron denies the allegations contained in Paragraph

10    64.

11                    **SEVENTH CAUSE OF ACTION**

12                         **(Non-Disclosure)**

13    68.    Chevron hereby incorporates by reference its response to Paragraphs 1

14    through 67, inclusive, of this answer as if fully set forth herein.

15    69.    Paragraph 69 consists of legal conclusions to which no response is required.

16    To the extent a response is required, Chevron denies the allegations contained in Paragraph

17    69.

18    70.    In answer to Paragraph 70, Chevron lacks sufficient knowledge or

19    information to form a belief regarding the allegations contained in Paragraph 70, and on

20    that basis denies each and every such allegation.

21    71.    Paragraph 71 consists of legal conclusions to which no response is required.

22    To the extent a response is required, Chevron denies the allegations contained in Paragraph

23    71.

24    72.    Paragraph 72 consists of legal conclusions to which no response is required.

25    To the extent a response is required, Chevron denies the allegations contained in Paragraph

26    72.

27

28

1

**EIGHTH CAUSE OF ACTION**

2

**(Declaratory Relief Under State Law)**

3        73.        Chevron hereby incorporates by reference its response to Paragraphs 1

4    through 72, inclusive, of this answer as if fully set forth herein.

5        74.        Paragraph 74 consists of legal conclusions to which no response is required.

6    To the extent a response is required, Chevron lacks sufficient knowledge or information to

7    form a belief regarding the allegations contained in Paragraph 74, and on that basis denies

8    each and every such allegation.

9        75.        In answer to Paragraph 75, Chevron lacks sufficient knowledge or

10   information to form a belief regarding the allegations contained Paragraph 75, and on that

11   basis denies each and every such allegation.

12       76.        Paragraph 76 consists of legal conclusions to which no response is required.

13   To the extent a response is required, Chevron lacks sufficient knowledge or information to

14   form a belief regarding the allegations contained in Paragraph 76, and on that basis denies

15   each and every such allegation.

16

**REMAINING PARAGRAPHS**

17       The remaining paragraphs of the FAC consist of Plaintiffs' Prayer for Relief for

18   which no response is required.  To the extent a response is required, Chevron denies all

19   remaining paragraphs.

20

**AFFIRMATIVE DEFENSES**

21       In addition, Chevron asserts the following affirmative defenses:

22

**FIRST AFFIRMATIVE DEFENSE**

23

**(Failure to State a Claim)**

24       The FAC and each cause of action therein fail to state a claim upon which relief can

25   be granted against Chevron.

26

**SECOND AFFIRMATIVE DEFENSE**

27

**(Standing)**

28       Plaintiffs lack standing to bring this action.

1

## THIRD AFFIRMATIVE DEFENSE

2

### (Uncertainty)

3

The FAC and each cause of action therein are uncertain.

4

## FOURTH AFFIRMATIVE DEFENSE

5

### (Statute of Limitations)

6

The FAC and each cause of action therein are barred by the applicable statute of

7

limitations.

8

## FIFTH AFFIRMATIVE DEFENSE

9

### (Laches)

10

The FAC and each cause of action therein are barred by the doctrine of laches.

11

## SIXTH AFFIRMATIVE DEFENSE

12

### (Unclean Hands)

13

The FAC and each cause of action are barred by the doctrine of unclean hands.

14

## SEVENTH AFFIRMATIVE DEFENSE

15

### (Release or Waiver)

16

Plaintiff's FAC is barred in whole or in part by the doctrine of express or implied

17

release or waiver.

18

## EIGHTH AFFIRMATIVE DEFENSE

19

### (Estoppel)

20

By virtue of the acts, conduct and omissions of Plaintiffs, Plaintiffs are barred from

21

asserting the claims alleged in the FAC by the doctrines of equitable estoppel and equitable

22

indemnity.

23

## NINTH AFFIRMATIVE DEFENSE

24

### (Contributory or Comparative Fault)

25

Chevron is informed and believes and on such basis alleges that persons or entities

26

other than Chevron caused or contributed to damages, if any, allegedly suffered by

27

Plaintiffs, by negligence or other wrongful conduct, and said acts or omissions eliminate or

28

1  comparatively reduce the percentage of liability, if any, of Chevron by virtue of the doctrine

2  of comparative negligence.

3                         **TENTH AFFIRMATIVE DEFENSE**

4                              **(Assumption of Risk)**

5         Chevron is informed and believes and on such basis alleges that Plaintiffs

6  knowingly and voluntarily assumed the risk, if any, of the damages alleged in the FAC.

7                        **ELEVENTH AFFIRMATIVE DEFENSE**

8                                **(Intervening Acts)**

9         Chevron is not liable to Plaintiffs because of the subsequent and intervening acts of

10  Plaintiffs, other third parties and/or acts of God, all of which caused the damages, if any,

11  alleged in the FAC.

12                        **TWELFTH AFFIRMATIVE DEFENSE**

13                                **(Cause in Fact)**

14         Plaintiffs cannot prove any facts showing that the conduct of Chevron was the cause

15  in fact of any threatened or actual releases of hazardous substances or hazardous wastes as

16  alleged in the FAC.

17                      **THIRTEENTH AFFIRMATIVE DEFENSE**

18                      **(Proximate Cause/Substantial Factor)**

19         Plaintiffs cannot prove any facts showing that the conduct of Chevron was the

20  proximate cause of, or a substantial factor in, any threatened or actual releases of hazardous

21  substances or hazardous wastes as alleged in the FAC.

22                      **FOURTEENTH AFFIRMATIVE DEFENSE**

23                    **(Equitable Estoppel/Equitable Indemnity)**

24         The FAC and each cause of action are barred by the doctrines of equitable estoppel

25  and equitable indemnity.

26

27

28

1                           **FIFTEENTH AFFIRMATIVE DEFENSE**

2                 **(Failure to Join Indispensable or Necessary Parties)**

3         Plaintiffs have failed to join all necessary and/or indispensable parties needed for a

4 just adjudication of the subject matter of this action.

5                           **SIXTEENTH AFFIRMATIVE DEFENSE**

6                      **(Failure to Mitigate Damages)**

7         Plaintiffs have failed to mitigate their damages, if any, in connection with the matter

8 referred to in the FAC, which failure to mitigate bars and/or diminishes Plaintiffs' recovery,

9 if any, against Chevron.

10                      **SEVENTEENTH AFFIRMATIVE DEFENSE**

11                **(Due Care-Conformance With Laws)**

12         At all times relevant herein, Chevron acted reasonably and with due care, complied

13 with all statutory, regulatory, and common law requirements in connection with activities

14 that are the subject matter of this action.

15                      **EIGHTEENTH AFFIRMATIVE DEFENSE**

16                         **(De Minimis Effect)**

17         If hazardous substances or hazardous wastes as alleged by Plaintiffs leaked or

18 spilled from the Site, such leak or spill was of such a minor, trivial or insignificant amount

19 in view of the circumstances surrounding the alleged contamination at the Site that no

20 reasonable person would conclude that Chevron has created or caused the damages alleges

21 in this action.

22                      **NINETEENTH AFFIRMATIVE DEFENSE**

23                          **(Response Costs)**

24         The costs incurred or to be incurred do not constitute recoverable response,

25 remedial, or removal costs within the meaning of CERCLA, and are unreasonable,

26 unnecessary, and inconsistent with the National Contingency Plan.  Therefore, such costs

27 are not recoverable.

28

1    <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

2    **(CERCLA Contribution)**

3    The FAC does not follow any civil action under 42 U.S.C. §§ 9606, 9613, or 9607,

4    and thus any claim for CERCLA contribution is barred.

5    <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

6    **(Act of God, War or Third Party)**

7    The release or threatened release of hazardous substances was caused solely by one

8    or more acts of God, an act of war, by the acts or omissions of a third party or parties, other

9    than an employee or agent of Chevron.

10    <u>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</u>

11    **(No Liability for Future Costs)**

12    Plaintiffs' cannot recover future costs as this is inconsistent with CERCLA

13    42 U.S.C. § 9607(a)(4).

14    <u>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</u>

15    **(No Joint and Several Liability)**

16    Chevron is not jointly and severally liable for any damage alleged in the FAC

17    because any effect of any act or omission of Chevron is divisible and distinct from any

18    compensable damage, if any, incurred by Plaintiffs.

19    <u>**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</u>

20    **(Joint and Several Liability Improper)**

21    The FAC and each cause of action are barred because they faile to state a claim or

22    set forth facts sufficient to support a finding of joint and several liability against Chevron.

23    <u>**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</u>

24    **(Unjust Enrichment)**

25    Chevron did not cause any damage to Plaintiffs.  As such, any recovery by Plaintiffs

26    is barred, in whole or in part, under the principles of setoff, recoupment, and or/unjust

27    enrichment.

28

1    **<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>**

2    **(Offset)**

3          If Plaintiffs are held entitled to recover any costs or damages against Chevron,

4    which entitlement Chevron denies, such recovery must be reduced and offset by: (1) any

5    amount previously obtained for any damages alleged in the FAC, by Plaintiffs, from any

6    person: (2) the equitable share of the liability of any person or entity from which Plaintiffs

7    previously received payment, whether by direct payment, or by offset, or a release from

8    contribution or covenant not to sue with respect to any of the damages alleged in the FAC;

9    and (3) the amount that the purchase price for the Property was discounted below fair

10   market value to account for the conditions forming the basis of the FAC.

11   **<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

12   **(Conditions Precedent)**

13         Plaintiffs have failed to perform conditions precedent necessary to commence this

14   action against Chevron.

15   **<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

16   **(Failure to Incur Response Costs)**

17         Plaintiffs have failed to incur necessary and recoverable response costs before filing

18   suit.

19   **<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>**

20   **(Lack of Foreseeability)**

21         Plaintiffs' claims against Chevron are barred because any damages to plaintiffs were

22   not the foreseeable result of Chevron's conduct and Chevron is not liable therefor.

23   **<u>THIRTIETH AFFIRMATIVE DEFENSE</u>**

24   **(Preemption of State Claims)**

25         Plaintiffs' state law claims are preempted by federal law.

26

27

28

1    **THIRTY-FIRST AFFIRMATIVE DEFENSE**

2    **(Violation of Regulatory Standards)**

3    The FAC and each cause of action therein are barred to the extent their costs, if any,

4    were incurred as a violation of regulatory standards or failure to cooperate with public

5    officials.

6    **THIRTY-SECOND AFFIRMATIVE DEFENSE**

7    **(Failure to Meet Prerequisites)**

8    The FAC and each cause of action therein are barred in whole or in part because

9    Plaintiffs failed to meet the statutory and legislative prerequisites for filing and maintaining

10    a lawsuit under CERCLA and RCRA.

11    **THIRTY-THIRD AFFIRMATIVE DEFENSE**

12    **(Substantial Compliance)**

13    Chevron has substantially complied with the requirements of state law as they

14    pertain to this lawsuit and such substantial compliance bars Plaintiffs' claims.

15    **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

16    **(Substantial Factor)**

17    Any acts or omissions, if any, of Chevron were not substantial factors in bringing

18    about the alleged damages and were not a contributing cause thereof, but were superseded

19    by the acts or omissions of third parties, which were independent intervening and the

20    proximate cause of any damages suffered by the Plaintiffs.

21    **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

22    **(Failure to Perform Obligations)**

23    The claims for relief alleged in the FAC are barred, in whole or in part, by

24    Plaintiffs' failure to perform their obligations owed to Chevron or to other third parties and

25    such obligations were not excused, prevented or waived.

26    **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

27    **(Due Care)**

28    Chevron exercised due care with respect to all matters alleged in the FAC.

1        **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

2            **(Speculative Damages)**

3        Plaintiffs' damages, if any, are speculative and may not be recovered.

4         **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

5             **(Attorneys' Fees)**

6        Plaintiffs are not entitled to the recover attorneys' fees with respect to any of

7 Plaintiffs' claims.

8         **THIRTY-NINTH AFFIRMATIVE DEFENSE**

9                **(Mistake)**

10        Plaintiffs' claims are barred by the parties' mistake of fact and/or by third party

11 mistake of fact.

12           **FORTIETH AFFIRMATIVE DEFENSE**

13             **(Lack of Notice)**

14        Plaintiffs' claims against Chevron are barred because Chevron and its predecessor

15 had no knowledge or notice of the alleged nuisance with respect to the Property until this

16 action was filed.

17         **FORTY-FIRST AFFIRMATIVE DEFENSE**

18              **(Causation)**

19        Plaintiffs' claims against Chevron are barred because Chevron and its predecessor

20 did not dispose of hazardous substances or contribute to any contamination at the Property.

21         **FORTY-SECOND AFFIRMATIVE DEFENSE**

22          **(Obligations Satisfied)**

23        Any obligations Chevron owed to Plaintiffs have been satisfied, released or

24 otherwise discharged.  Therefore, Plaintiffs have suffered no damages and are not entitled

25 to bring this action.

26

27

28

1

## FORTY-THIRD AFFIRMATIVE DEFENSE

2

### (Remedial Actions Not Cost Effective)

3       Plaintiffs are not entitled to a recovery of remedial costs from Chevron because

4   Plaintiffs' alleged remedial actions were not and arc not "cost-effective" pursuant to

5   CERCLA, 42 U.S.C. § 9621.

6

## FORTY-FOURTH AFFIRMATIVE DEFENSE

7

### (No Cost Recovery Under CERCLA)

8       Plaintiffs are not entitled to the cost recovery sought under CERCLA § 9607

9   because they are not innocent parties.

10

## FORTY-FIFTH AFFIRMATIVE DEFENSE

11

### (Past Violations)

12      Plaintiffs' claims are moot, because Chevron's alleged violations of law, if any, are

13  wholly past and nonrecurring.

14

## FORTY-SIXTH AFFIRMATIVE DEFENSE

15

### (Diligent Prosecution)

16      Plaintiffs' citizen suit claims are not ripe, insofar as the State of California is

17  diligently prosecuting enforcement of each of the alleged violations of law at issue.

18

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

19

### (Causation - Not Fairly Traceable)

20      The conditions described in Plaintiff's FAC are not "fairly traceable" to Chevron's

21  acts or omissions.

22

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

23

### (No Imminent and Substantial Endangerment)

24      The conditions at the subject property at issue do not present an imminent and

25  substantial endangerment to health or the environment pursuant to the provisions of the

26  Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6901, et seq., implementing

27  regulations, or judicial interpretations thereof, thus the FAC fails to state a claim under

28  42 U.S.C. § 6972(a)(I)(B).

1

## FORTY-NINTH AFFIRMATIVE DEFENSE

2

### (Full Performance under Permits, Standards, Regulations)

3    Chevron alleges that it has fully performed each and every obligation arising under

4    each of the permits, standards, regulations, conditions, requirements, prohibitions, or

5    orders, which arise under the Resource Conservation and Recovery Act of 1976, 42 U.S.C.

6    § 6901, et seq., implementing regulations, or judicial interpretations thereof, thus the FAC

7    fails to state a claim under 42 U.S.C. § 6972(a)(1)(A).

8

## FIFTIETH AFFIRMATIVE DEFENSE

9

### (Abstention)

10    The matters alleged in Plaintiffs' FAC are subject to ongoing agency enforcement,

11    thus the Court should abstain from exercising primary jurisdiction over such matters.

12

## FIFTY-FIRST AFFIRMATIVE DEFENSE

13

### (No Pathway of Exposure)

14    The conditions described in Plaintiff's FAC are not ripe, insofar as no pathway of

15    exposure threatens immediate or substantial to human health or the environment.

16

## FIFTY-SECOND AFFIRMATIVE DEFENSE

17

### (Notice Not Sufficiently Specific)

18    Plaintiffs' pre-filing notices of claims did not adequately specify alleged violations

19    of law, thus the Court is without jurisdiction to grant the relief sought.

20

## FIFTY-THIRD AFFIRMATIVE DEFENSE

21

### (Adequate Remedy at Law)

22    With respect to declaration or equitable relief requested by Plaintiffs, Plaintiffs have

23    adequate remedies at law and are therefore not entitled to any such relief whatsoever.

24

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

25

### (Necessity)

26    With respect to matters which are the subject of Plaintiffs' FAC, Chevron's actions

27    were reasonably necessary for the accomplishment of an important public interest.

28

1    **<u>FIFTY-FIFTH AFFIRMATIVE DEFENSE</u>**

2    **(Invitation)**

3        If any trespass has been created or maintained as alleged by Plaintiffs, Plaintiffs

4    invited the trespass.

5    **<u>FIFTY-SIXTH AFFIRMATIVE DEFENSE</u>**

6    **(Justifiable Exercise of Authority)**

7        With respect to the matters as alleged by Plaintiffs, Chevron's actions were

8    authorized as a justifiable exercise of its authority.

9    **<u>FIFTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

10    **(Reasonable Use)**

11        With respect to the matters as alleged by Plaintiffs, Chevron's actions were

12    reasonable under the circumstances.

13    **<u>FIFTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

14    **(Failure to Exhaust Administrative Remedies)**

15        Plaintiffs have failed to exhaust their administrative remedies.

16    **<u>FIFTY-NINTH AFFIRMATIVE DEFENSE</u>**

17    **(Estoppel by Deed or Judgment)**

18        With respect to the matters alleged by Plaintiffs, Plaintiffs' claims are estopped by

19    deed or through Judgment.

20    **<u>SIXTIETH AFFIRMATIVE DEFENSE</u>**

21    **(Ripeness)**

22        Plaintiffs' claims are premature and not properly before the Court.

23    **<u>SIXTY-FIRST AFFIRMATIVE DEFENSE</u>**

24    **(Lack of Legal Duty)**

25        Chevron owed no legal duty to the Plaintiffs.

26

27

28

1    **SIXTY-SECOND AFFIRMATIVE DEFENSE**

2    **(Declaratory Relief)**

3        Declaratory relief is not appropriate relief for some or all of the allegations made in

4    the FAC.  Furthermore, any claim for declaratory relief is not ripe for adjudication.

5    **SIXTY-THIRD AFFIRMATIVE DEFENSE**

6    **(Due Process)**

7        Plaintiffs' claims are barred because they violate the due process protections of the

8    United States Constitution.

9    **SIXTY-FOURTH AFFIRMATIVE DEFENSE**

10    **(Reservation of Additional Affirmative Defenses)**

11        Chevron reserves the right to offer additional defenses which cannot now be

12    articulated due to Plaintiffs' failure to particularize its claims or due to Chevron's lack of

13    knowledge of the circumstances surrounding plaintiffs' claims.  Upon further

14    particularization of the claims by plaintiffs or upon discovery of further information

15    concerning plaintiffs' claims, Chevron reserves the right to assert additional affirmative

16    defenses.

17

18

19

20

21

22

23

24

25

26

27

28

1    Chevron, while preserving all of its defenses and expressly denying that it is liable

2    to plaintiffs for any matter or allegation set forth in the FAC, pursuant to Fed.R.Civ.P 13(a)

3    Chevron asserts the following counterclaims.

4                                      **COUNTERCLAIMS**

5    1.    Counterclaimant CHEVRON, as and for its counterclaims against Plaintiffs

6    SPPI-Somersville, Inc. and Somersville-Gentry Inc. ("Plaintiffs"), alleges as follows:

7                                       **JURISDICTION**

8    2.    If and only if Plaintiffs' allegations with regard to jurisdiction are true and

9    correct, then this Court has jurisdiction over the subject matter of these counterclaims

10   pursuant to sections 113(b) and (f) of CERCLA (42 U.S.C. §§ 9613(b), (f)), pursuant to the

11   Declaratory Judgment Act (8 U.S.C. § 2201) and pursuant to 28 U.S.C. § 1331, and subject

12   matter jurisdiction over the counterclaims brought under state law by virtue of the

13   supplemental jurisdiction provided in 28 U.S. § 1367 and under the doctrine of pendant

14   jurisdiction set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).  The

15   counterclaims under state law arise from the same nucleus of operative facts as the claims

16   under federal law.

17                                          **VENUE**

18   3.    Venue is proper in this district pursuant to 42 U.S.C. § 9613(b) and

19   28 U.S.C. § 1391(b) in that the alleged release or threatened release of hazardous

20   substances purportedly occurred in this district.

21                                 **GENERAL ALLEGATIONS**

22   4.    Plaintiffs allege that they own four parcels of property ("SPPI-Property")

23   adjacent to, or near, the Old Antioch Landfill ("OAL") as defined in the FAC.

24   5.    Plaintiffs allege and Chevron denies, as follows: (1) The OAL as defined in

25   the FAC, is property on which hazardous wastes, solid wastes and hazardous substances

26   (collectively "Wastes") have been deposited; (2) there have been actual and/or threatened

27   releases of hazardous substances from the OAL onto the SPPI-Property; and (3) Plaintiffs

28   have incurred and will incur response costs as a result of these releases.

1    6.    Plaintiffs allege, and Chevron denies, that Chevron is liable to Plaintiffs for

2    response costs Plaintiffs have allegedly incurred and will continue to incur on the SPPI-

3    Property, as defined in the FAC, together with a declaratory judgment that Chevron is liable

4    for interest and attorneys' fees under CERLCA and the principles of injunctive relief and

5    the abatement of the alleged nuisance.

6    7.    By these counterclaims, Chevron seeks damages, contribution, and/or

7    indemnity from Plaintiffs as well as a judicial determination of the respective

8    responsibilities and liabilities of Chevron and Plaintiffs under CERCLA and the common

9    law.  Chevron denies that it is liable under CERCLA or under any other basis for any

10   damages or costs allegedly incurred by Plaintiffs.  The following counterclaims are

11   contingent upon a conclusion of this Court or by a jury that Chevron is liable despite

12   Chevron's denial of such liability.  To the extent this Court or a jury so rules, Chevron

13   seeks a declaration of the respective liabilities of Plaintiffs and Chevron under CERCLA

14   and state law for costs and/or damages, if any, and a declaration of responsibility of

15   Plaintiffs to indemnify Chevron for any damages and/or costs which Chevron may be

16   compelled to pay and for which Plaintiffs are responsible.

17                          **FIRST COUNTERCLAIM**

18                              **(Contribution)**

19   8.    Chevron realleges and incorporates by reference the allegations of the

20   foregoing paragraphs 1 through 7 as if fully set forth herein.

21   9.    Plaintiffs alleges and Chevron denies that operations at the OAL as defined

22   in the FAC resulted in releases or threatened releases of hazardous substances, and that

23   such releases or threatened releases have caused Plaintiffs to incur response costs.

24   Plaintiffs allege and Chevron denies that Chevron is a liable party under any theory and is

25   liable to Plaintiffs for all such costs plus interest and attorneys' fees.  If and only if such

26   allegations are true, however, Chevron is informed and believes, and on that basis alleges

27   the following:

28

1       (a)     Each Plaintiff is a "Person" as defined by § 101(21) of CERCLA (42 U.S.C. § 9601(21).

2

3       (b)     The SPPI-Property is a "Facility" within the meaning of CERCLA § 101(9) (42 U.S.C. § 9601(9).

4       (c)     As a direct and proximate result of the actions of Plaintiffs, a release or threatened release of hazardous substances occurred and is continuing to occur

5       within the meaning of § 101(22) of CERCLA (42 U.S.C. § 9601(22)).

6       10.     If any judgment or order is entered against Chevron pursuant to any theory

7 with regard to the SPPI-Property, Chevron is entitled to contribution from Plaintiffs and to

8 a declaration of Plaintiffs' future liability.

9 **SECOND COUNTERCLAIM**

10 **(Contribution)**

11       11.     Chevron realleges and incorporates by reference the allegations of the

12 foregoing paragraphs 1 through 10 as if fully set forth herein.

13       12.     If Plaintiffs sustained the damages and/or costs as alleged in the FAC, the

14 fact and amount of which Chevron denies, such damages and/or costs were caused wholly

15 or in part by Plaintiffs, either directly or by a third party, and not by Chevron.

16       13.     An actual controversy has arisen and now exists between Chevron and

17 Plaintiffs, in that Chevron contends, and Plaintiffs denies, the following:

18       (a)     That as between Chevron and Plaintiffs, responsibility for the damages and/or costs claimed, if any, by Plaintiffs rests entirely or partially on Plaintiffs;

19

20       (b)     That as a result, Plaintiffs are obligated to partially or wholly indemnify Chevron for all sums which Chevron may be compelled to pay as a result of Plaintiffs' claims herein asserted;

21

22       (c)     That Chevron is entitled to contribution from Plaintiffs, according to their relative fault; and

23       (d)     That Chevron is entitled to have any damages, costs and/or other relief apportioned and allocated to Plaintiffs according to its fault.

24

25       14.     Chevron desires a judicial determination of the respective rights and duties

26 under CERCLA and state law as to Chevron and Plaintiffs regarding the damages, costs

27 and/or other relief requested in the FAC.  In particular, Chevron desires a declaration of the

28 respective liabilities of Chevron and Plaintiffs under CERCLA and state law for such

1   damages, costs and/or other relief, if any, and a declaration of the responsibility of Plaintiffs

2   to indemnify Chevron for any damages, costs and/or other relief which Chevron may be

3   compelled to pay and for which Plaintiffs are responsible.

4        15.     Such a declaration is necessary and appropriate at this time in order that

5   Chevron may ascertain its rights and duties with respect to Plaintiffs' purported claims for

6   damages, costs and/or other relief.  Furthermore, Chevron and Plaintiffs' claims arise out of

7   the same transactions and/or occurrences and a determination of both in one proceeding is

8   necessary and appropriate in order to avoid the multiplicity of actions that would result if

9   Chevron is now required to defend against Plaintiffs' purported claims and later bring a

10   separate action against Plaintiffs for indemnification of sums which Chevron may be

11   compelled to pay.

12   **THIRD COUNTERCLAIM**

13   **(Equitable Indemnity)**

14        16.     Chevron realleges and incorporates by reference the allegations of the

15   foregoing paragraphs 1 through 15 as if fully set forth herein.

16        17.     If Plaintiffs establish that they have incurred costs in response to a release or

17   threatened release of Wastes at the OAL as defined in the FAC or have incurred costs,

18   damages or expenses as a result of any other conduct by any person, which Chevron denies,

19   all such costs are the direct and proximate result of acts or omissions, whether negligent or

20   otherwise, of Plaintiffs and their failure and refusal to honor their legal and equitable

21   obligations to Chevron to prevent, investigate and clean up the contamination.

22        18.     An actual controversy has arisen and now exists between Chevron and

23   Plaintiffs such that if this Court should determine that Chevron is liable upon any claims in

24   this case, then Chevron contends, and Plaintiffs deny, that it is entitled to equitable

25   indemnity or, alternatively, contribution from Plaintiffs for any and all such liability.

26

27

28

1          **PRAYER FOR RELIEF**

2          WHEREFORE Chevron prays as follows:

3               1.    That Plaintiffs take nothing by way of the FAC;

4               2.    That the FAC be dismissed in its entirety;

5               3.    That Chevron be granted judgment against the Plaintiffs on the

6  foregoing counterclaims;

7               5.    That Chevron be awarded damages according to proof at trial;

8               6.    That the Court declare the parties' respective rights and obligations;

9               7.    That Chevron be awarded its costs, expert consultant and witness

10  fees, and reasonable attorneys' fees;

11               8.    For a declaration declaring that Chevron is not liable to Plaintiffs in

12  any amount; and

13               9.    For such other further relief as the Court deems just and proper.

14          Dated:  April 14, 2008.

15

16                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                      BLAINE I. GREEN
                                      JEFFREY S. JACOBI
17                                    50 Fremont Street
                                      Post Office Box 7880
18                                    San Francisco, CA  94120-7880

19
                                      By _____ */s/ Blaine I. Green*_____
20                                              Blaine I. Green
                                      Attorneys for Defendant CHEVRON U.S.A., INC.
21

22

23

24

25

26

27

28