1  Peter W. McGaw (Bar No. 104691)
   John L. Kortum (Bar No. 148573)
2  ARCHER NORRIS
   2033 North Main Street, Suite 800
3  PO Box 8035
   Walnut Creek, CA  94596-3728
4  Telephone:    925.930.6600
   Facsimile:    925.930.6620
5
   Attorneys for Plaintiffs and Counter-Defendants
6  SPPI-SOMERSVILLE, INC. SOMERSVILLE-
   GENTRY, INC
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  SPPI-SOMERSVILLE, INC.                    Case No.  C 04-2648 SI
    SOMERSVILLE-GENTRY, INC,
12                                            Assigned to Judge Susan Illston
               Plaintiffs,
13                                            (Consolidated with Case No. C 07-05824 SI)
    v.
14
    TRC COMPANIES, INC.; GBF
15  HOLDINGS LLC, et al.,
16             Defendants,
17
    SPPI-SOMERSVILLE INC.,                    Case No.  C 07-05824 SI
18  SOMERSVILLE-GENTRY INC.
19             Plaintiffs,                    **MASTER COMPLAINT FOR:**
20       vs.                                  1. RECOVERY OF RESPONSE COSTS
                                                   UNDER CERCLA §107;
21  CHEVRON U.S.A., INC., as successor to     2. CONTRIBUTION UNDER CERCLA;
    Standard Oil of California, Inc.,         3. INJUNCTIVE RELIEF UNDER RCRA
22                                            4. DECLARATORY RELIEF UNDER
               Defendants.                        FEDERAL LAW;
23                                            5. PRIVATE CONTINUING NUISANCE;
                                              6. CONTINUING TRESPASS;
24                                            7. NEGLIGENCE;
                                              8. NEGLIGENCE PER SE;
25                                            9. ULTRAHAZARDOUS ACTIVITY;
                                              10. INVERSE CONDEMNATION;
26                                            11. NON-DISCLOSURE; and
                                              12. DECLARATORY RELIEF UNDER
27                                                 STATE LAW
28

1    Plaintiffs SPPI-SOMERSVILLE INC., SOMERSVILLE-GENTRY INC. ("Plaintiffs" or

2    the "Somersville Entities") allege as follows:

3    <center>**NATURE OF THE ACTION**</center>

4    1.    The Somersville Entities own four parcels of property (the "Property" or

5    "Plaintiffs' Property") adjacent or near to the Contra Costa Sanitary Landfill (the "CCSL

6    Landfill") and the Old Antioch Landfill, which are both near Antioch, California.  The

7    Somersville Entities are also assignees of rights held by the previous owner of the subject

8    properties, Tom Gentry California Company, and by this Complaint the Somersville Entities

9    assert those assigned rights as well.  The CCSL Landfill is or was comprised of the Pittsburg

10   Landfill and the GBF Landfill.  The CCSL Landfill, or part of it, was used as a disposal area for

11   hazardous materials during the 1960s and 1970s, and for the disposal of municipal waste,

12   including hazardous materials, until approximately 1992.  The CCSL Landfill is the source of

13   groundwater contamination on and under the Property.  The CCSL Landfill and the Old Antioch

14   Landfill are also the source of surface contamination on the Plaintiffs' Property.  This

15   contamination prevents the Somersville Entities from developing the Property, or part of it, to the

16   highest and best use available were it without such contamination.  The Somersville Entities bring

17   this action under the Comprehensive Environmental Response, Compensation, and Liability Act

18   ("CERCLA"), as amended, 42 U.S.C. §§ 9607 and 9613, to recover response costs and

19   contribution, and under the Resource Conservation and Recovery Act ("RCRA"), as amended, 42

20   U.S.C. § 6972 and related sections.  The Somersville Entities also allege state claims for

21   nuisance, trespass, negligence and ultrahazardous activity against Defendants arising from the

22   contamination on the Property and seek injunctive and other relief.  The Somersville Entities

23   further allege a claim for inverse condemnation against the City of Antioch and the City of

24   Pittsburg.

25   <center>**JURISDICTION AND VENUE**</center>

26   2.    The jurisdiction of this Court over the subject matter of this action is predicated on

27   28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), 42 U.S.C. §

28   9613(b) (CERCLA), and 42 U.S.C. § 6972(a) (RCRA).

1    3.    Venue in the Northern District of California is based on 28 U.S.C. § 1391(b)

2    (venue proper in district in which a substantial part of the events giving rise to the claim occurred)

3    and 42 U.S.C. § 9613(b) (venue where release occurred).

4    4.    Pursuant to Local Rule 3-2(d) of the Northern District, assignment to the Court in

5    San Francisco or Oakland is appropriate because this action arises in Contra Costa County.

6    **RELATED CASES**

7    5.    This action is related to *Members Of The GBF/Pittsburgh Landfill(s) Respondents*

8    *Group, et al. v. Contra Costa Waste Service, Inc.*, Case No. C 96-03147 SI (filed Sept. 3, 1996),

9    which has been closed.

10    6.    This action is also related to *West Coast Home Builders, Inc. v. Ashland Inc., et*

11    *al.*, Case No. C 01-4029 SI, United States District Court, Northern District of California (filed

12    Oct. 25, 2001), which is now closed.  The present action involves different plaintiffs and different

13    impacted property than the property at issue in Case No. C 01-4029, but the present action

14    involves the same CCSL Landfill, some of the same defendants, and, in part, the same

15    contamination emanating from the CCSL Landfill.  The present action also involves different

16    contamination emanating from the CCSL Landfill and the Old Antioch Landfill.

17    7.    This action is also related to *West Coast Home Builders, Inc. v. Aventis*

18    *Cropscience USA Inc.,  et al.*, Case No. C 04-2225 SI, United States District Court, Northern

19    District of California (filed June 7, 2004), now pending in this court.  The present action involves

20    different plaintiffs and different impacted property than the property at issue in Case No. C 04-

21    2225 SI, but the present action involves the same CCSL Landfill, some of the same defendants

22    and, in part, the same contamination emanating from the CCSL Landfill.  The present action also

23    involves different contamination emanating from the CCSL and the Old Antioch landfills.

24    8.    This Master Complaint is filed pursuant to the Court's order dated June 4, 2008,

25    consolidating *SPPI-Somersville, Inc., Somersville-Gentry, Inc. v. Chevron U.S.A., Inc.*, Case No.

26    CV 07-5824 SI, United States District Court, Northern District of California, with the present

27    matter.

28

A0157015/671325-1                    3                    MASTER COMPLAINT C 04-2648 SI
                                                          CONSOLIDATED WITH C 07-05824 SI

1

## PARTIES TO THE ACTION

2

### The Plaintiffs

3        9.      Plaintiff SPPI-SOMERSVILLE INC. is a closely held corporation organized and

4   existing under the laws of the state of California.  Its main office is located in Concord, California

5   and its principal place of business is also California.

6        10.     Plaintiff SOMERSVILLE-GENTRY INC. is a closely held corporation organized

7   and existing under the laws of the state of California.  Its main office is located in Concord,

8   California and its principal place of business is also California.

9

### The Present Owner-Operator Defendants

10       11.     On information and belief, Plaintiffs allege that defendant GBF HOLDINGS LLC

11  is a California limited liability company.  GBF HOLDINGS LLC was formed on or about

12  January 24, 2001.

13       12.     On information and belief, Plaintiffs allege that defendant TRC COMPANIES,

14  INC. is a Delaware corporation.

15       13.     Defendant CITY OF ANTIOCH is a municipality located in Contra Costa County,

16  California.  Plaintiffs presented a notice of tort claim to the CITY OF ANTIOCH on June 30,

17  2006, which attached, among other items, several tolling agreements between, on one hand,

18  Plaintiffs' predecessor-in-interest and the Plaintiffs and, on the other hand, the CITY OF

19  ANTIOCH.  Plaintiffs have not received any denial of claim from the city and so the claim is

20  deemed denied under California Government Code § 912.4.

21

### The Former Owner-Operator Defendants

22       14.     On information and belief, Plaintiffs allege that defendant CONTRA COSTA

23  WASTE SERVICE, INC. is a California corporation.

24       15.     On information and belief, Plaintiffs allege that defendant ESTATE OF SILVIO

25  GARAVENTA, SR. is the legal successor to Silvio Garaventa, Sr., an individual, who is

26  deceased.

27       16.     On information and belief, Plaintiffs allege that defendant MARY C.

28  GARAVENTA, as administratrix of the ESTATE OF SILVIO GARAVENTA, SR., is a citizen

1  of California.

2      17.    On information and belief, Plaintiffs allege that defendant MARY C.

3  GARAVENTA, an individual, is a citizen of California.

4      18.    On information and belief, Plaintiffs allege that defendant SILVIO

5  GARAVENTA, JR., an individual, is a citizen of the State of California.

6      19.    On information and belief, Plaintiffs allege that defendant MARY C.

7  GARAVENTA, AS TRUSTEE OF THE GARAVENTA FAMILY TRUST, is the legal Trustee

8  of the Garaventa Family Trust, which is a trust established under California law by the late Silvio

9  Garaventa, Sr. and MARY C. GARAVENTA, settlors, for the benefit of one or more Garaventa

10  family members.

11      20.    On information and belief, Plaintiffs allege that defendant PITTSBURG

12  DISPOSAL & DEBRIS BOX SERVICE, INC. is a California corporation, is also known as

13  Pittsburg Disposal Service, and is a successor to Pitsil, Inc.

14      21.    On information and belief, Plaintiffs allege that defendant HAROLD WILLIAM

15  PREWETT, an individual, is a resident of California.

16      22.    On information and belief, Plaintiffs allege that defendant MARY GRACE

17  (PREWETT) BERTSCH, an individual, is a resident of California.

18      23.    Defendant CITY OF PITTSBURG is a municipality located in Contra Costa

19  County, California.  Plaintiffs presented a notice of tort claim to the CITY OF PITTSBURG on

20  December 18, 2007.  Plaintiffs have not received any denial of claim from the city and so the

21  claim is deemed denied under California Government Code § 912.4.

22      24.    On information and belief, Plaintiffs allege that defendant CHEVRON U.S.A.,

23  INC. is a Pennsylvania corporation authorized to do business in California, and has its principal

24  office in San Ramon, California.  CHEVRON U.S.A., INC. was formed on or about January 18,

25  1965, and is the successor to Standard Oil of California, Inc.

26                    **The Generator Defendants**

27      25.    On information and belief, Plaintiffs allege that defendant ASHLAND INC. is a

28  Kentucky corporation and was formerly known as, or is successor to, Ashland Chemical

1    Company, an Ohio corporation, Ashland Chemical, Inc., a Delaware corporation, and Ashland

2    Chemical, Inc., an Ohio corporation.

3        26.    On information and belief, Plaintiffs allege that defendant AVENTIS

4    CROPSCIENCE USA INC., a Delaware corporation, was formerly known as RHONE-

5    POULENC, INC., a New York corporation, and is successor to Stauffer Chemical Company.

6        27.    On information and belief, Plaintiffs allege that defendant BEAZER EAST, INC.

7    is a Delaware corporation that was formerly known as Koppers Company, Inc.

8        28.    On information and belief, Plaintiffs allege that defendant BOEING SATELLITE

9    SYSTEMS, INC. is a Delaware corporation, and is the successor to Hughes Electronics

10   Corporation.

11       29.    On information and belief, Plaintiffs allege that defendant CATERPILLAR INC.

12   is a Delaware corporation.

13       30.    On information and belief, Plaintiffs allege that defendant CHEMICAL &

14   PIGMENT COMPANY is a California corporation.

15       31.    On information and belief, Plaintiffs allege that defendant COLGATE-

16   PALMOLIVE COMPANY is a Delaware corporation.

17       32.    On information and belief, Plaintiffs allege that defendant COOPER

18   INDUSTRIES, INC. is an Ohio corporation, and is the successor to Campbell Chain Company, a

19   Delaware corporation.

20       33.    On information and belief, Plaintiffs allege that defendant CROMPTON

21   CORPORATION is a Delaware corporation, and is the successor to U.S. Peroxygen, which was a

22   California corporation.

23       34.    On information and belief, Plaintiffs allege that defendant CROWN BEVERAGE

24   PACKAGING, INC. is a Delaware corporation, and is the successor to Continental Can

25   Company, Inc., a Delaware corporation.

26       35.    On information and belief, Plaintiffs allege that defendant THE DOW

27   CHEMICAL COMPANY is a Delaware corporation, and is the successor to Dow Chemical

28   U.S.A.

1    36.    On information and belief, Plaintiffs allege that defendant E.I. DU PONT DE

2    NEMOURS AND COMPANY is a Delaware corporation.

3    37.    On information and belief, Plaintiffs allege that defendant EXXON MOBIL

4    CORPORATION is a New Jersey corporation, and is the successor to Humble Oil & Refining

5    Company, which was a Delaware corporation.

6    38.    On information and belief, Plaintiffs allege that defendant FAIRCHILD

7    SEMICONDUCTOR CORPORATION is a Delaware corporation and that FAIRCHILD

8    SEMICONDUCTOR CORPORATION OF CALIFORNIA is a Delaware corporation.

9    39.    On information and belief, Plaintiffs allege that defendant GAYLORD

10   CONTAINER CORPORATION is a Delaware corporation, and is a successor to Crown

11   Zellerbach.

12   40.    On information and belief, Plaintiffs allege that defendant GREAT WESTERN

13   CHEMICAL COMPANY is a Washington corporation.

14   41.    On information and belief, Plaintiffs allege that defendant HEWLETT-

15   PACKARD COMPANY is a Delaware corporation.

16   42.    On information and belief, Plaintiffs allege that defendant HEXCEL

17   CORPORATION is a Delaware corporation.

18   43.    On information and belief, Plaintiffs allege that defendant J & G DISPOSAL,

19   INC. was a California corporation.

20   44.    On information and belief, Plaintiffs allege that defendant LOCKHEED MARTIN

21   CORPORATION is a Maryland corporation.

22   45.    On information and belief, Plaintiffs allege that defendant NESTLE USA, INC. is

23   a Delaware corporation, and is the successor to Nestle Food Company and Libby, McNeill &

24   Libby.

25   46.    On information and belief, Plaintiffs allege that defendant OCCIDENTAL

26   CHEMICAL CORPORATION is a New York corporation, and is the successor to Diamond

27   Shamrock Chemicals Corporation.

28   47.    On information and belief, Plaintiffs allege that defendant OCEAN VIEW

1    CAPITAL, INC. is a Delaware corporation, and is a successor to Triangle Wire & Cable, Inc.

2    which was a Delaware corporation.

3        48.    On information and belief, Plaintiffs allege that defendant PACCAR INC. is a

4    Delaware corporation, and is successor for Peterbilt Motors Company.

5        49.    On information and belief, Plaintiffs allege that defendant PRO TEC CHEMICAL

6    COMPANY, INC. is a California corporation.

7        50.    On information and belief, Plaintiffs allege that defendant QUEBECOR

8    PRINTING SAN JOSE, INC. is a Delaware corporation, and is the successor to Arcata Graphics

9    Company.

10       51.    On information and belief, Plaintiffs allege that defendant RAYCHEM

11   INTERNATIONAL CORPORATION is a California corporation, and is the successor to

12   Raychem Corporation, a California corporation, and Raychem Corporation, a Delaware

13   corporation.

14       52.    On information and belief, Plaintiffs allege that defendant SHELL OIL

15   COMPANY is a Delaware corporation.

16       53.    On information and belief, Plaintiffs allege that defendant SHULLER

17   INTERNATIONAL, INC. is a Delaware corporation, and is successor to Manville Sales

18   Corporation.

19       54.    On information and belief, Plaintiffs allege that defendant HENRY SIMONSEN

20   is an individual and a citizen of the State of California.

21       55.    On information and belief, Plaintiffs allege that defendant UNION OIL

22   COMPANY OF CALIFORNIA is a California corporation, and is doing business as UNOCAL,

23   and is the successor to Collier Carbon & Chemical.

24       56.    On information and belief, Plaintiffs allege that defendant UNION PACIFIC

25   RAILROAD COMPANY is a Delaware corporation, and is successor to Southern Pacific

26   Transportation Company, which was a Delaware corporation.

27       57.    Defendant UNITED STATES DEPARTMENT OF THE ARMY is an agency of

28   the United States of America, and includes such subdivisions as the Sharpe Army Depot.

1    58.    Defendant UNITED STATES DEPARTMENT OF DEFENSE includes as a

2    component the DEFENSE LOGISTICS AGENCY, which manages the Sharpe and Tracy Depots.

3    59.    Defendant UNITED STATES DEPARTMENT OF THE NAVY is an agency of

4    the United States of America, and includes such subdivisions as the Alameda Naval Air Station,

5    the Hunters Point Naval Shipyard, and the United States Marine Corps.

6    60.    On information and belief, Plaintiffs allege that defendant USX CORPORATION

7    is a Delaware corporation, and is the successor to U.S. Steel Corporation and Columbia Steel

8    Corporation.

9    61.    On information and belief, Plaintiffs allege that WITCO CORPORATION is a

10    Delaware corporation and is the successor to U.S. Peroxide.

11    **SUMMARY OF THE ACTION**

12    **The Property**

13    62.    The Somersville Entities are developers in Contra Costa County.  Somersville

14    Entities' predecessor in interest, Tom Gentry California Company, purchased the Property in or

15    around 1966 for prospective development.  The Property was subsequently transferred to

16    Plaintiffs to be used for the same general purpose.  The Property is part of a tract of land in an

17    unincorporated part of Contra Costa County, California, near the cities of Antioch and Pittsburg.

18    63.    The parcels are located between Somersville Road and the GBF/Pittsburg

19    Landfill, in Contra Costa County, California.  Specifically, Somersville-Gentry, Inc. owns

20    Assessor Parcel Number 076-010-034 that occupies approximately 4 acres.  SPPI-Somersville,

21    Inc. owns APN 076-010-030, APN 076-010-031 and APN 076-010-032 that collectively occupy

22    approximately 20 acres.

23    64.    The Companies acquired the Property from the Tom Gentry California Company

24    on or about November 21, 2003 and were assigned all rights of their predecessor-in-interest.

25    65.    Prior to Somersville Entities' purchase of the Property, it had been used as a field.

26    At some point in July 2001, the Tom Gentry California Corporation discovered that municipal

27    solid waste had spilled from one or more of the adjacent landfills or otherwise been deposited

28    onto the Property, contaminating at least the surface of the parcel APN 076-010-034.  Further,

1    municipal waste deposited into and around Markley Creek in the vicinity of the Property has

2    contaminated the Property.  The California Regional Water Quality Control Board has since

3    issued an order requiring certain parties to this action to remediate the impact of this municipal

4    solid waste on Markley Creek, which transverses the parcels owned by the Somersville Entities.

5    **The CCSL Landfill**

6    66.    The eastern portion of the Property is adjacent to and north of the CCSL Landfill.

7    In this area, groundwater flows in the general direction from the south to the north, and therefore

8    transports contaminants emanating from the CCSL Landfill into the groundwater on and under

9    the Property.

10    67.    The CCSL Landfill is an approximately 88-acre area located in an unincorporated

11    area of Contra Costa County near the cities of Antioch and Pittsburg.  The CCSL Landfill is

12    comprised of (a) the former GBF Landfill (the eastern 63-acre parcel), and (b) the former

13    Pittsburg Landfill (the western 25-acre parcel), both of which were consolidated into (c) an 88-

14    acre overlying solid waste landfill that was operated as the Contra Costa Sanitary Landfill.  The

15    CCSL Landfill ceased accepting wastes in 1992.

16    68.    On information and belief, Plaintiffs allege that from approximately 1947 to 1963,

17    E.A.H. Prewett, as Trustee, held the fee interest in the property that became the CCSL Landfill

18    property.  A 1/6 interest was held in trust for Mary Grace (Prewett) Bertsch and a 1/6 interest was

19    held in trust for Harold William Prewett, until 1960, when each assumed a ¼ interest in trust.

20    From 1963 to 1973, Harold William Prewett and Mary Grace (Prewett) Bertsch each owned a ¼

21    fee ownership interest in the CCSL Landfill property.

22    69.    On information and belief, Plaintiffs allege that Harold William Prewett and Mary

23    Grace (Prewett) Bertsch (along with E.A.H. Prewett) leased some or all a portion of the CCSL

24    Landfill property to Contra Costa Waste Service, Inc. and the City of Pittsburg "for use as a waste

25    disposal site."  Contra Costa Waste Service, Inc. leased the GBF Landfill property from the

26    Prewett family in or about 1960 for the purpose of conducting a refuse disposal business.

27    70.    On information and belief, Plaintiffs allege that in 1963, CCWS leased from the

28    Prewetts, pursuant to a written lease, a portion of the CCSL Landfill property for a "business of

1    disposing of garbage, rubbish, industrial refuse and waste, including industrial liquid waste, and

2    other such non-putrescible materials," among other things.  The term of the November 1, 1963

3    lease was from November 1, 1963 to April 30, 1970.

4         71.    On information and belief, Plaintiffs allege that on November 1, 1967, CCWS

5    entered into another lease with the Prewetts for a portion of the CCSL Landfill property, again

6    "for the purpose of conducting a refuse disposal business and business of disposing of garbage,

7    rubbish, industrial refuse and waste, including industrial liquid waste, and other such non-

8    putrescible materials."  In signing the November 1, 1967 lease, Mr. Garaventa, on behalf of

9    CCWS, warranted that the "Lessee [CCWS] presently possesses a permit to use the said described

10   property for the purposes as herein provided from the County of Contra Costa and other

11   appropriate governmental and regulatory authorities."  The term of the November 1, 1967 lease

12   was from November 1, 1967 to June 30, 1977.

13        72.    On information and belief, Plaintiffs allege that from July 1, 1957, to December

14   28, 1973, the City of Pittsburg leased the Pittsburg Landfill from the Prewetts "for the purpose of

15   dumping, processing, salvaging and/or burying municipal refuse and garbage."

16        73.    On information and belief, Plaintiffs allege that on December 28, 1973, the

17   Pittsburg Landfill was sold by the Prewetts to Silvio Garaventa, Sr. and Italo Ferrando dba G.B.F.

18   Company who assumed the existing July 1, 1973 lease between the Prewetts and the City of

19   Pittsburg.

20        74.    On information and belief, Plaintiffs allege that from July 1, 1973 to June 30,

21   1981, the City of Pittsburg leased the Pittsburg Landfill from Silvio Garaventa, Sr. and Italo

22   Ferrando dba G.B.F. Co. "for purposes of dumping, processing, salvaging and/or burying refuse,

23   garbage and solid waste." .

24        75.    On information and belief, Plaintiffs allege that in December of 1973, "GBF

25   Company" bought the CCSL Landfill property.  The "GBF Company" was a general partnership.

26   The initials "GBF" stood for the three general partners:  Silvio Garaventa, Sr., Dan Borges, Sr.

27   and Italo ("Babe") Ferrando.  In December 1973, Mr. Garaventa was a general partner in the GBF

28   Company general partnership.

76. On information and belief, Plaintiffs allege that on December 20, 1977, GBF Company sold the CCSL Landfill property to Mr. Garaventa, his wife Mary C. Garaventa, Italo Ferrando, and his wife Olga Ferrando. Ten days later, on December 30, 1977, Italo Ferrando, and his wife Olga Ferrando sold their interest in the CCSL Landfill property to Mr. Garaventa and his wife Mary C. Garaventa.

77. On information and belief, Plaintiffs allege that Silvio Garaventa, Sr. and Mary C. Garaventa owned the CCSL Landfill Property until Mr. Garaventa's death, at which point Mr. Garaventa's interest was administered as the Estate of Silvio Garaventa, Sr. (Mary C. Garaventa, Administratrix).

78. On information and belief, Plaintiffs allege that in approximately 2001, the Estate of Silvio Garaventa, Sr. and Mary C. Garaventa transferred their interest in the CCSL Landfill Property to GBF Holdings, LLC, a subsidiary of TRC Companies, Inc., which is the present owner of the CCSL Landfill Property.

### The GBF Landfill

79. On information and belief, Plaintiffs allege that the Prewett family leased what later became known as the GBF Landfill to IT in the 1950s (or earlier) for the purpose of conducting an industrial waste disposal operation.

80. On information and belief, Plaintiffs allege that in 1960 the Prewett family leased what later became known as the GBF Landfill to CCWS and that CCWS, in turn, subleased what later became known as the GBF Landfill to Industrial Tank (a predecessor to IT Corporation) in 1960.

81. On information and belief, Plaintiffs allege that beginning in approximately 1960, IT constructed unlined disposal "ponds" for liquid wastes which eventually covered the majority of the landfill's 63-acre site. Between 1960 and approximately 1973, IT disposed of approximately 80 million gallons of liquid toxic waste into these ponds. The disposed liquids included chlorinated solvents, waste acids, beryllium metal, PCBs, oils, benzene, lead, mercury, and vinyl chloride. Approximately 50% of these liquids has now infiltrated into the vadose zone.

82. On information and belief, Plaintiffs allege that in order to abate an air pollution

1    problem, IT advocated before the Bay Area Air Pollution Control District ("Air District") that

2    industrial and municipal solid waste be dumped in the ponds to soak up the liquid toxic waste.

3    This remedy was approved and CCWS began to dump municipal waste at the GBF Landfill as

4    well as construction debris, wood, and cardboard.

5                                    **The Pittsburg Landfill**

6          83.    On information and belief, Plaintiffs allege that the Prewett family leased what

7    became known as the Pittsburg Landfill to the City of Pittsburg from 1952 (or earlier) to 1973 for

8    use as a disposal site for municipal household waste.

9          84.    On information and belief, Plaintiffs allege that after acquisition of the Landfill by

10   the GBF Company in 1973, the Pittsburg Landfill continued to accept municipal waste, including

11   some hazardous chemicals and industrial liquid wastes, until at least 1978.

12         85.    On information and belief, Plaintiffs allege that the Pittsburg Landfill continued to

13   operate as a solid waste facility after 1978 to 1987, when it was consolidated with the GBF

14   Landfill to form the Contra Costa Sanitary Landfill, which was owned and operated by CCWS.

15                            **Groundwater Monitoring and DTSC Order**

16         86.    On information and belief, Plaintiffs allege that contaminants have migrated

17   through the groundwater from the GBF Landfill.  Accordingly, the Department of Toxic

18   Substances Control ("DTSC") ordered IT, CCWS and numerous other entities to investigate and

19   remediate the groundwater-borne contamination at the GBF Landfill by an order dated September

20   25, 1987, and amended June 6, 1988 and July 28, 1993.

21         87.    As reported in the July 28, 1993 remedial action order, six groundwater

22   monitoring wells were installed on the Landfill in or about May 1986.  All six sample wells tested

23   had levels of hazardous substances exceeding the Maximum Contaminant Levels ("MCLs"), that

24   generally reflect applicable drinking water standards.  In or about April and May 1990, ten

25   groundwater monitoring wells were installed in the uppermost water-bearing zone, and six

26   monitoring wells and one piezometer were installed in the water-bearing zone underlying the

27   uppermost water-bearing zone.  Those wells also revealed that the groundwater contains levels of

28   hazardous substances in excess of the MCLs.  Hazardous substances detected in excess of the

1    MCLs included the following: Arsenic, Benzene, Cadmium, Carbon Tetrachloride, Chloroform,

2    Chromium (total), 1,1-Dichloroethane, 1,1-Dichloroethylene, 1,2-Dichcloroethylene, 1,2-

3    Dichloropropane, Lead, Mercury, Perchloroethylene, Selenium, Silver, Trichloroethylene, and

4    Vinyl Chloride.

5        88.    As reported in the July 28, 1993 Remedial Action Order, the DTSC determined

6    that as a result of the water-borne contaminants, "removal and remedial action is necessary at the

7    IT [Landfill] because there may be an imminent and/or substantial endangerment to the public

8    health or welfare or to the environment." The order also determined that the "actual and/or

9    threatened release of hazardous substances at the [Landfill] also constitutes a public nuisance as

10   defined in California Civil Code Sections 3479 and 3480." DTSC also noted in the 1993 order

11   that three residential developments were proposed for construction in the vicinity of the Landfill

12   and that the "population at risk due to contaminated groundwater includes potential near-site

13   downgradient residents who may utilize shallow groundwater and potential off-site downgradient

14   users of water-supply wells."

15       89.    The July 28, 1993 Remedial Action Order also required the owners, operators,

16   generators and other potentially responsible parties named as respondents in the order to prepare a

17   remedial investigation/feasibility study, a remedial action plan, and a remedial design plan, as

18   well as other documents. The order clearly indicated that alternatives for treatment of the

19   contaminated groundwater be considered and, if feasible, implemented.

20       90.    Pursuant to the 1993 Remedial Action Order and amendments thereto,

21   investigation of the condition of the soil and groundwater on and under the CCSL Landfill and

22   surrounding properties was commenced. This investigation disclosed that contamination had

23   leached from the CCSL Landfill and had left the boundary of the CCSL Landfill property and,

24   without Plaintiffs' knowledge or permission, had traveled onto and under Plaintiffs' property.

25       91.    In June 1997, the DTSC issued a Remedial Action Plan ordering the owners,

26   operators, generators and other potentially responsible parties to undertake certain remedial

27   actions in connection with the CCSL Landfill. These remedial actions include actions that, if

28   implemented, are designed to, and will, abate any condition of pollution, nuisance and trespass

A0157015/671325-1                    14            MASTER COMPLAINT C 04-2648 SI
                                                   CONSOLIDATED WITH C 07-05824 SI

1    created by the CCSL Landfill on and under Plaintiffs' Property.

2        92.    The remedial actions required by the 1997 Remedial Action Plan are reasonable

3    and feasible; however, as of the filing of this action, Defendants have failed to implement the

4    requirements of the 1997 Remedial Action Plan and have failed to take adequate or appropriate

5    steps to remediate and abate the condition of pollution, nuisance and trespass created on and

6    under Plaintiffs' Property.

7                           **The Old Antioch Landfill**

8        93.    The Property is also located northeast of, and adjacent or near to, the Old Antioch

9    Landfill. The Old Antioch Landfill was operated by the City of Antioch and is still owned by the

10   city. The Old Antioch Landfill is located on both sides of Markley Creek east of Somersville

11   Road in the southeast ¼ Section 27, T2N, R1E. The Old Antioch Landfill occupies APN 076-

12   021-015 (13.20 acres) and 076-021-014 (3.85 acres).

13       94.    The Old Antioch Landfill, which operated from the early 1900s until its closure in

14   1968, accepted municipal solid waste and for part of its history operated as a burn dump. Early

15   landfill operations burned waste prior to final discharge; later operations discharged unburned

16   waste. It was unlined. The landfill was closed in 1968 with a cover of approximately 12-inches

17   of clayey soil.

18       95.    Aerial photographs dating back at least as far as 1953 show land use patterns for

19   the Pittsburg and Antioch landfills and the 034 parcel. These photographs show, among other

20   information, distribution of refuse over the 034 parcel during the late 1950s and the 1960s that is

21   apparently related to the operations on the Pittsburg Landfill and the Antioch Landfill. Records

22   obtained from the City of Antioch and Chevron U.S.A., Inc. document that the city and Standard

23   Oil had a contract by which the city used the Property, or portions of it, for municipal waste

24   operations. This contract and operations were not disclosed to Tom Gentry upon sale of the

25   property in approximately 1965.

26       96.    In 1996, 1997 and 1998, slope failures and erosion in the south bank of Markley

27   Creek on City of Antioch property discharged waste into the creek. The City removed the waste

28   and repaired the soil. Subsequent investigations of Markley Creek by Contra Costa County

1    Environmental Health Department staff detected at least four additional small slope failures

2    exposing waste in the south bank of Markley Creek and exposed waste in the north bank at the

3    "mound area."

4        97.    The California Regional Water Quality Control Board, Central Valley Region (the

5    "Regional Board"), ordered site characterizations. In August 2002, the City of Antioch submitted

6    to the Regional Board the Site Characterization Report, Old Antioch Landfill. The report

7    demonstrated that waste had been discharged on both sides of Markley Creek. The waste is

8    composed of mixed burn and unburned municipal waste. In places, the south bank of Markley

9    Creek is composed entirely of waste (over 30 feet) with a thin cover of soil. In the north bank

10   there is at least 20 feet of mixed burned and unburned municipal waste in the "mound" area. The

11   waste is covered with 1 to 3 feet of clayey soil. The report identified, among other matters, the

12   presence of elevated lead and copper levels subject to classification as hazardous waste.

13       98.    In September 2002, the Tom Gentry California Company submitted to the

14   Regional Board the Site Characterization Report Gentry Property. The report demonstrated that 1

15   to 5 feet of waste has been deposited over the entire area of APN 076-010-034, which was then

16   owned by the Tom Gentry California Company. Waste is thickest nearest the Old Antioch

17   Landfill and thins to the east. The waste is covered with 6 inches to 3 feet of clayey soil. The

18   report noted, among other matters, the presence of elevated lead levels subject to classification as

19   hazardous waste.

20       99.    On January 7, 2003, the Regional Board issued Cleanup and Abatement Order No.

21   R5-2002-0736, requiring the City of Antioch, the Tom Gentry of California Company, and GBF

22   Holdings LLC to cleanup the Markley Creek area.

23       100.    The Regional Board Cleanup and Abatement Order addresses some, but not all, of

24   the surface contamination on the four acres of APN 076-010-034. The contamination not

25   addressed by the Regional Board order prevents the Companies from developing the Property, or

26   part of it, to the highest and best use available were it without such contamination.

27       101.    On or about July 19, 2006, the Regional Board issued an Administrative Civil

28   Liability Complaint ("ACL"), Complaint No. R5-2006-0512, to the City of Antioch and

1    Somersville-Gentry Inc. proposing that these parties pay a $300,000 penalty for failure to comply

2    with the prior administrative order.  This complaint has been settled by both the City of Antioch

3    and Somersville-Gentry Inc.  As a condition of settlement a schedule was put in place for the

4    remediation of Markley Creek.  As part of the remediation, Shaw Environmental, Inc. performed

5    further characterization on the Markley Creek streambed, and identified the presence of elevated

6    levels of lead subject to classification as hazardous waste.

7                              **FIRST CAUSE OF ACTION**

8                    **(Recovery of Response Costs Pursuant to CERCLA)**

9                              **(Against All Defendants)**

10           102.    Plaintiffs refer to and reallege paragraphs 1 through 101 of this Complaint and

11   incorporate them herein by this reference.

12           103.    Plaintiffs and Defendants are "persons" as defined by CERCLA § 101(21), 42

13   U.S.C. § 9601(21).

14           104.    At relevant times identified herein, Defendants, or some of them, were the

15   "owners" and/or "operators" of the CCSL Landfill and the Old Antioch Landfill, within the

16   meaning of Section 107(a)(1) and (2).  The CCSL Landfill and the Old Antioch Landfill each

17   were a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9), at the time hazardous

18   materials were disposed of at the Landfill and at the Property.

19           105.    Defendants, or some of them, are persons who arranged for the treatment or

20   disposal of hazardous substances at the Landfill within the meaning of Section 107(a)(3) of

21   CERCLA, 42 U.S.C. § 9607(a)(3).

22           106.    Defendants, or some of them, are "transporters" of hazardous substances within

23   the meaning of Section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4).

24           107.    The CCSL Landfill, the Old Antioch Landfill and the Property are, and at all times

25   relevant hereto were, a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

26           108.    The elements, compounds, mixtures, solutions and substances discovered on the

27   CCSL Landfill, the Old Antioch Landfill and at the Property and identified herein are "hazardous

28   substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

1      109.    The actions by Defendants with regard to these hazardous substances constituted a

2    "release" at the facility within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

3      110.    Each Defendant did, over extended periods of time, own, possess, generate,

4    handle, transport and/or dispose of, and/or arrange for disposal of those hazardous substances in

5    such a manner at the CCSL Landfill, the Old Antioch Landfill and at the Property so as to cause

6    hazardous substances to be released or threaten to release into the environment.

7      111.    The release and/or threatened release of hazardous substances by the Defendants

8    have caused and continue to cause Plaintiffs to incur response costs.  As used in this Complaint,

9    the term "response costs" means the costs of "removal" and "remedial actions" of hazardous

10   substances, as those terms are defined in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and

11   (24), and all other costs to respond to releases of hazardous substances, as defined under

12   CERCLA § 101(25), 42 U.S.C. § 9601(25).  Such costs include, but are not limited to, costs

13   incurred to monitor, assess and evaluate the release and/or threatened release of hazardous

14   substances.

15      112.    Plaintiffs will incur substantial response costs in developing and implementing the

16   appropriate response actions.

17      113.    All such response costs incurred and that will be incurred have been and will

18   continue to be necessary and consistent with the National Contingency Plan ("NCP") as set forth

19   in 40 C.F.R. Part 300.

20      114.    Pursuant to 42 U.S.C. § 9607(a), the Defendants, and each of them, are jointly and

21   severally liable to Plaintiffs for all necessary response costs incurred by Plaintiffs in responding

22   to the release or threatened release of hazardous substances.  Plaintiffs are in no way responsible

23   or liable for the release or threatened release of hazardous substances on or at the CCSL Landfill,

24   the Old Antioch Landfill or at the Property and, as compared to the defendants who actively and

25   intentionally disposed of hazardous substances at the CCSL Landfill, the Old Antioch Landfill

26   and at the Property, are blameless.

27      WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

28      ///

## SECOND CAUSE OF ACTION

### (Contribution Pursuant to CERCLA)

### (Against All Defendants)

115.    Plaintiffs refer to and reallege paragraphs 1 through 114 of this Complaint and incorporate them herein by reference.

116.    As compared to the Defendants, who actively and intentionally disposed of hazardous substances at the CCSL Landfill, the Old Antioch Landfill and at the Property, Plaintiffs are blameless. Plaintiffs' liability, if any, stems from the fact that they are the owner of the Property that Defendants' waste disposal activities have contaminated.

117.    Defendants are liable or potentially liable parties under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and have been sued under that section in the first cause of action herein.

118.    Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title." Further, pursuant to case law interpreting CERCLA, Plaintiffs are entitled to seek contribution, implied under Section 107(a) or express under Section 113(f), from each Defendant for the costs they have incurred and will incur in connection with the response actions at the Property.

119.    Defendants, and each of them, are liable to Plaintiffs for contribution pursuant to CERCLA, for some or all amounts expended by Plaintiffs as response costs and amounts that Plaintiffs will expend as response costs in the future.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Resource Conservation And Recovery Act)

### (Against All Defendants Identified On Exhibit A Of This Complaint)

120.    Plaintiffs refer to and reallege paragraphs 1 through 119 of this Complaint and incorporate them herein by reference.

121.    Section 7002(a) of the Resource Conservation and Recovery Act ("RCRA"), codified at 42 U.S.C. § 6972(a), provides, in relevant part, that any person may bring an action

> (B) against any person, including the United States . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment . . . .

> . . . . The district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, . . . to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B), to order such person to take such action as may be necessary, or both, . . . and to apply any appropriate civil penalties under section 6928(a) and (g) of this title.

122.    Each of the defendants named in this cause of action is a "person" as that term is defined in RCRA Section 1004(15), codified at 42 U.S.C. § 6903(15).

123.    RCRA Section 1004(3), codified at 42 U.S.C. § 6903(3), defines "disposal" as follows:

> the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereon may enter the environment or be emitted into the air or discharged into any waters, including ground waters.

124.    RCRA Section 1004(27), codified at 42 U.S.C. § 6903(27), defines "solid waste" as follows:

> any garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and from community activities, but does not include solid or dissolved material in domestic sewage, or solid or dissolved materials in irrigation return flows or industrial discharges which are point sources subject to permits under section 1342 of Title 33, or source, special nuclear, or byproduct material as defined by the Atomic Energy Act of 1954, as amended (68 Stat. 923) [42 U.S.C. § 2011 et seq.].

125.    The contaminants identified at the Property, including without limitation, the surface waste containing metals (e.g., lead) and the subsurface groundwater containing hazardous chemicals are "solid wastes" within the meaning of 42 U.S.C. § 6903(27) that have been disposed

1   of within the meaning of 42 U.S.C. § 6903.

2       126.    The California Environmental Protection Agency, Department of Toxic

3   Substances Control, one of the agencies charged by statute with making such determinations in

4   California, has determined that the contaminants identified at the Property may present an

5   imminent and substantial endangerment to health or the environment.

6       127.    Each of the defendants named in this cause of action has contributed to the past

7   disposal of the solid wastes which may present an imminent or substantial endangerment to health

8   or the environment and accordingly should be ordered to take appropriate actions to abate the

9   endangerment to health and the environment.

10      128.    On November 2, 2007, Plaintiffs sent by registered mail, return receipt requested,

11  the notice required by RCRA Section 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A), to the

12  Defendants listed in Exhibit A to this Complaint, with copies to the Administrator of the United

13  States Environmental Protection Agency and to the State of California (through the Director of

14  the Department of Toxic Substances Control).  This Third Amended Complaint is filed more than

15  90 days after the mailing and receipt of Plaintiffs' notice letter.

16      129.    Plaintiffs will promptly serve a file-endorsed copy of this Third Amended

17  Complaint on the Attorney General of the United States and on the Administrator of the United

18  States Protection Agency once it has been filed with the Court.

19      WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

20                          **FOURTH CAUSE OF ACTION**

21                      **(Declaratory Relief Under Federal Law)**

22                          **(Against All Defendants)**

23      130.    Plaintiffs refer to and reallege paragraphs 1 through 129 of this Complaint and

24  incorporate them herein by reference.

25      131.    A dispute has arisen and an actual controversy exists between Plaintiffs and

26  Defendants in that Plaintiffs claim that Defendants, and each of them, jointly and severally, are

27  obligated to indemnify Plaintiffs against, and reimburse Plaintiffs for, all necessary response costs

28  and any other costs and attorneys fees heretofore or hereafter incurred by Plaintiffs in responding

1    to the release or threatened release of hazardous waste, solid waste and/or hazardous substances

2    or in taking any other removal or remedial action as a result of Defendants' acts and conduct

3    complained of herein. Defendants deny such obligation.

4         132.    Substantial costs will be incurred by Plaintiffs over time and after conclusion of

5    this action. Unless declaratory relief is granted, it will be necessary for Plaintiffs to commence

6    many successive actions against Defendants, and each of them, to secure compensation for the

7    costs incurred and damages sustained, and damages that will be sustained, thus requiring a

8    multiplicity of suits.

9         133.    Plaintiffs are entitled to, and hereby seek, a judicial determination pursuant to the

10   Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Plaintiffs' rights to contribution and

11   reimbursement from and indemnification by Defendants, and each of them, for all costs, jointly

12   and severally, which Plaintiffs have and will incur resulting from Defendants' Release of wastes

13   into the environment.

14        WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

15                          **FIFTH CAUSE OF ACTION**

16   **(Private Continuing Nuisance – Against All Defendants, Except Federal Defendants)**

17        134.    Plaintiffs refer to and reallege paragraphs 1 through 133 of this Complaint and

18   incorporate them herein by reference.

19        135.    At all times herein mentioned, the Defendants used and/or maintained said

20   premises or conducted their business and operations in an unnecessary, unreasonable, and

21   injurious manner that allowed wastes to be accumulated at the CCSL Landfill, the Old Antioch

22   Landfill and into the surface and sub-surface soils and groundwaters, including into the soils and

23   groundwaters of the Property.

24        136.    The aforementioned disposal by Defendants constitutes a nuisance within the

25   meaning of California Civil Code § 3479 in that the wastes disposed of at the CCSL Landfill, the

26   Old Antioch Landfill created and creates a condition which is injurious to health, or is indecent or

27   offensive to the senses, or an obstruction to the free use of property and interferes with Plaintiffs'

28   comfortable enjoyment of the Property.

22

1    137.    The wastes, in the surface and sub-surface soils at, and groundwater beneath, the

2    Property have commingled to create a single, indivisible harm to and potential endangerment of

3    public health, welfare and the environment. The wastes have continuously migrated and spread

4    in the soils and waters at the Property since their initial release and their impact has varied over

5    time.

6    138.    The Plaintiffs, as the record title owners of the Property, have been injured as a

7    result of Defendants' release, discharge and/or disposal of wastes into the Property.

8    139.    Defendants are strictly and jointly and severally liable for abatement of the single

9    indivisible endangerment to the environment and resulting interference with the Plaintiffs' free

10    use and enjoyment of property, constituting a private nuisance in that the Plaintiffs have been

11    denied, and will continue to be denied, free use of the Property. Despite the remediation activities

12    described herein, said wastes threaten to release further into the environment and thus continue to

13    cause losses and damage to Plaintiffs.

14    140.    Defendants are on notice of the damage caused by the nuisance but Defendants

15    have failed and refused, and continue to fail and refuse, to timely and properly abate the nuisance

16    or to compensate the Plaintiffs for damages suffered.

17    141.    As a further proximate result of the nuisance, the Plaintiffs have been deprived of

18    the full use and enjoyment of the Property and have suffered and will continue to suffer damages

19    by reason of loss of use of the Property caused by its contaminated condition. In addition, the

20    Plaintiffs have incurred, and will continue to incur, substantial amounts in administrative, legal

21    and technical fees to assess responsibility for and respond to the contamination at the Property.

22    The amount of said damages shall be in accordance with proof at trial.

23    WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

24    ### SIXTH CAUSE OF ACTION

25    **(Continuing Trespass - Against All Defendants, Except Federal Defendants)**

26    142.    Plaintiffs refer to and reallege paragraphs 1 through 141 of this Complaint and

27    incorporate them herein by reference.

28    143.    At all times herein mentioned, the Defendants used and/or maintained the CCSL

1   Landfill, the Old Antioch Landfill, or conducted their business operations in such an unnecessary,

2   unreasonable and injurious manner that allowed wastes to be accumulated at the CCSL Landfill,

3   and at the Old Antioch Landfill, and leach into the surface and sub-surface soils and

4   groundwaters and onto and under the Property.

5       144.    The aforementioned disposal by Defendants caused and constituted and continues

6   to cause and constitute a physical invasion of Plaintiffs' Property and interference with Plaintiffs'

7   possession of said Property thereby constituting a continuing trespass despite the remediation

8   activities described herein.

9       145.    The wastes in the groundwater beneath the Property have commingled to create a

10  single, indivisible harm to and potential endangerment of public health, welfare and the

11  environment.  The wastes have continuously migrated and spread in the soils and waters at the

12  CCSL Landfill, and the Old Antioch Landfill, and at the Property since their initial release and

13  their impact has varied over time.

14      146.    The Plaintiffs, as the record title owners of the Property, has been injured as a

15  result of Defendants' release, discharge and/or disposal of wastes into the CCSL Landfill, and at

16  the Old Antioch Landfill, and onto and under the Property.

17      147.    Defendants are strictly and jointly and severally liable for abatement of the single

18  indivisible endangerment to the environment and resulting trespass to, on, and under Plaintiffs'

19  property.

20      148.    As a proximate result of the trespass by the Defendants, the Plaintiffs have been

21  deprived of the full use and enjoyment of the Property and have suffered and will continue to

22  suffer loss of use of the Property caused by its contaminated condition.  In addition, the Plaintiffs

23  have incurred, and will continue to incur, substantial amounts in administrative, legal and

24  technical fees to assess responsibility for and respond to the contamination at and emanating from

25  the Landfill.  The amount of said damages shall be in accordance with proof at trial.

26      WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

27  / / /

28  / / /

## SEVENTH CAUSE OF ACTION

### (Negligence - By Plaintiffs Against All Defendants, Except Federal Defendants)

149.    Plaintiffs refer to and reallege paragraphs 1 through 148 of this Complaint and incorporate them herein by reference.

150.    Defendants had a duty to Plaintiffs to exercise due care in controlling, monitoring, maintaining, and operating the Landfill, and in storing and disposing of various toxic chemicals at the Landfill.

151.    Defendants failed to exercise their duty of due care by releasing and allowing the release of hazardous substances and other waste onto and into the Landfill and the Property as detailed above.

152.    As a direct and proximate result of Defendants' breach of duty, hazardous substances and other waste have been released directly on and into the Property.

153.    This release of hazardous substances and other waste resulting from Defendants' misconduct has caused damages to Plaintiffs, as set forth above, including other consequential, incidental and general damages to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Negligence Per Se - Against All Defendants, Except Federal Defendants)

154.    Plaintiffs refer to and reallege paragraphs 1 through 153 of this Complaint and incorporates them herein by reference.

155.    Defendants' failure to exercise due care in controlling the release of hazardous substances and other waste violates various state and federal statutes, rules and regulations, as detailed in this Complaint, the purpose of which are to set a standard of care or conduct to protect Plaintiffs and others in its class and its property and the environment from the type of improper activities engaged in by Defendants.  Therefore, such improper activities and violations constitute negligence per se.

156.    Defendants have failed to comply with provisions of federal and state environmental laws:

1   a.  violation of prohibitions on the disposal of hazardous, high-moisture, designated

2       and/or liquid waste (23 Cal. Code of Regs. §§ 2510 through 2533; 14 Cal. Code of

3       Regs. §§ 17407.5, 17407.6, 17742, 17743; Pub. Res. Code §§ 43020, 43021,

4       44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268,

5       13301);

6   b.  violations of hazardous waste screening requirements (23 Cal. Code of Regs. §

7       2510; 14 Cal. Code of Regs. § 17258.20; Pub. Res. Code §§ 43020, 43021, 44002;

8       Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301);

9   c.  violations of requirements for the prompt and proper documentation, reporting and

10      remediation of hazardous waste disposal (23 Cal. Code of Regs. §§ 2550.10,

11      2550.12; 14 Cal. Code of Regs. § 17414; Pub. Res. Code §§ 43020, 43021,

12      44002);

13   d.  failure to take prompt corrective action (23 Cal. Code of Regs. § 2550.12; 14 Cal.

14      Code of Regs. §§ 17258.73, 17258.74; Pub Res. Code §§ 43020, 43021, 44002);

15   e.  violation of leachate collection, monitoring and control requirements (23 Cal.

16      Code of Regs. §§ 2543, 2545, 2550.0 through 21550.12; 14 Cal. Code of Regs. §

17      17704; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261,

18      13263, 13264, 13265, 13267, 13268, 13301);

19   f.  violation of drainage, erosion, slumping and related requirements (23 Cal. Code of

20      Regs. § 2546; 14 Cal. Code of Regs. §§ 17407.4, 17708, 17710; Pub. Res. Code

21      §§ 43020, 43021; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267,

22      13268, 13301);

23   g.  violation of prohibitions on the allowance of ponding (23 Cal. Code of Regs. §

24      2546; 14 Cal. Code of Regs. § 17715; Pub. Res. Code §§ 43020, 43021, 44002;

25      Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301);

26   h.  violation of permit and/or closure plan slope restrictions (14 Cal. Code of Regs. §

27      17678; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261,

28      13263, 13264, 13265, 13257, 13268, 13301);

i.      violation of height limitations (23 Cal. Code of Regs. § 2510; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301);

j.      violation of cover requirements (23 Cal. Code of Regs. § 2544; 14 Cal. Code of Regs. §§ 17258.21, 17677, 17678, 17682, 17684; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13257, 13268, 13301);

k.      violation of groundwater monitoring and facility reporting requirements (23 Cal. Code of Regs. § 2550.0 through 2550.12; 14 Cal. Code of Regs. §§ 17258.29, 17638; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13258, 13301);

l.      failing to repair or replace monitoring wells (23 Cal. Code of Regs. § 2550.0 through 2550.12; Pub res. Code §§ 43020, 43021, 44002; Water Code §§ 2550.0 through 2550.12; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301);

m.      violation of prohibitions against the creation of nuisance and/or pollution (23 Cal. Code of Regs. § 2510; 14 Cal. Code of Regs. §§ 17408.5, 17701; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13257, 13268, 13301);

n.      violation of landfill gas collection and monitoring requirements (BAAQMD Reg. 8, Rule 34; 14 Cal. Code of Regs. §§ 17258.23, 17258.24, 17705; Pub. Res. Code §§ 43020, 43021, 43030, 44002; Health & Safety Code § 40702);

o.      violation of limitations on the tonnage of waste to be received (23 Cal. Code of Regs. § 2510; Pub. Res. Code §§ 43020, 43021, 44002; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268, 13301); and

p.      improperly operating the Pittsburg Landfill and the GBF Landfill jointly as one site where each landfill was separately permitted (23 Cal. Code of Regs. § 2510; 14 Cal. Code of Regs. §§ 17603, 17606; Pub. Res. Code §§ 43020, 43021, 44002,

1    44004; Water Code §§ 13260, 13261, 13263, 13264, 13265, 13267, 13268,

2    13301).

3    q.    violation of other statutes and regulations governing Defendants' conduct not

4    presently known to Plaintiffs.

5    157.    As a direct and proximate result of Defendants' negligence per se, Plaintiffs have

6    suffered damages as set forth above, including other consequential, incidental and general

7    damages to be proven at trial.

8    WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

9    ## NINTH CAUSE OF ACTION

10    **(Ultrahazardous Activity - By Plaintiffs Against All Defendants, Except Federal**

11    **Defendants)**

12    158.    Plaintiffs refer to and reallege paragraphs 1 through 157 of this Complaint and

13    incorporates them herein by reference.

14    159.    The disposal, discharge and depositing of toxic chemicals as stated in this

15    Complaint and other hazardous chemicals and other waste onto and into the environment

16    constitutes an "ultrahazardous activity."

17    160.    As a direct and proximate result of such discharge, depositing, storage or disposal,

18    Plaintiffs have suffered damages as set forth above, including other consequential, incidental and

19    general damages to be proven at trial for which defendants are strictly liable.

20    WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

21    ## TENTH CAUSE OF ACTION

22    **(Inverse Condemnation – Against the City of Antioch and the City of Pittsburg)**

23    161.    Plaintiffs refer to and reallege paragraphs 1 through 160 of this Complaint and

24    incorporates them herein by reference.

25    162.    Defendants City of Antioch and City of Pittsburg are municipalities organized and

26    existing under the laws of the State of California.

27    163.    The City of Antioch and the City of Pittsburg owned and operated separate

28    landfills abutting the Somersville Entities' Property and, in the course of that ownership and

1  operation, deposited refuse and waste on the Property. Defendants' acts of depositing refuse and

2  waste on the Property is a physical invasion of property constituting a taking of private property

3  for public use.

4       164.   Such refuse and waste is still present on the Property and, in part, is the subject of

5  administrative orders requiring abatement or is otherwise susceptible of abatement.

6       165.   As a result of this deposit of refuse and waste on the Property, the real property of

7  Plaintiffs has been damaged in an amount not presently ascertainable. Plaintiffs will seek

8  permission to amend this complaint when the true amount of damages becomes known to

9  Plaintiffs.

10       166.   Plaintiffs have not received any compensation on account of the above-described

11  damage to its properties.

12       167.   Plaintiffs have incurred and will continue to incur attorney, appraisal, and

13  engineering fees for the prosecution of this action, which fees are recoverable under the authority

14  of Code of Civil Procedure § 1036.

15      WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

16  **ELEVENTH CAUSE OF ACTION**

17  **(Non-Disclosure – Against Chevron U.S.A., Inc.)**

18       168.   Plaintiffs refer to and reallege paragraphs 1 through 167 of this Complaint and

19  incorporate them herein by reference.

20       169.   Defendant had a duty to Plaintiffs, as assignee of the rights of the Tom Gentry

21  Company of California, to disclose the prior use of the Property as a dump site.

22       170.   Defendant failed to disclose the prior use of the Property as a dump site to the

23  Tom Gentry Company of California.

24       171.   As a direct and proximate result of Defendant's breach of this duty, the Tom

25  Gentry Company of California was unaware of the hazardous substances and other waste that had

26  been released directly on and into the Property.

27       172.   This breach of duty has caused damages to Plaintiffs, as set forth above, including

28  other consequential, incidental and general damages to be proven at trial.

1    WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

2    **TWELFTH CAUSE OF ACTION**

3    **(Declaratory Relief Under State Law – Against All Defendants, Except Federal Defendants)**

4        173.    Plaintiffs refer to and reallege paragraphs 1 through 172 of this Complaint and

5    incorporate them herein by reference.

6        174.    A dispute has arisen and an actual controversy exists between Plaintiffs and

7    Defendants in that Plaintiffs claim that Defendants, jointly and severally, are obligated to

8    indemnify Plaintiffs against, and reimburse Plaintiffs for, all response costs and any other costs or

9    other damages heretofore or hereafter incurred or suffered by Plaintiffs in removing the hazardous

10   materials, substances and wastes or taking any other removal or remedial action as a result of

11   Defendants' conduct complained of herein, and Defendants deny such obligation.

12       175.    Substantial costs and damages will be incurred or suffered by Plaintiffs over time

13   and after conclusion of this action. Unless declaratory relief is granted, it will be necessary to

14   commence many successive actions against Defendants to secure compensation for damages

15   sustained, thus requiring a multiplicity of suits.

16       176.    Plaintiffs desire a judicial determination pursuant to California Code of Civil

17   Procedure § 1060 of Plaintiffs' right to reimbursement and indemnification by Defendants for all

18   costs and damages heretofore or hereafter incurred or suffered by Plaintiffs as a result of

19   Defendants' conduct complained of herein.

20   WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

21   **PRAYER FOR RELIEF**

22   WHEREFORE, Plaintiffs pray for judgment as follows:

23   **First Cause of Action**

24       1.    For recovery from Defendants, jointly and severally, of all response costs that have

25   been or will be incurred by Plaintiffs in response to the release and threatened release of

26   hazardous substances from the Landfill and onto the Property and in the enforcement of

27   CERCLA's statutory liability scheme, according to proof at trial;

28       2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

1    3.    For all costs of suit incurred herein.

2    **Second Cause of Action**

3    1.    For total contribution from all Defendants for all response costs that have been or

4    will be incurred by Plaintiffs in response to the release and threatened release of hazardous

5    substances at the Property and in enforcement of CERCLA's statutory liability scheme, or in an

6    amount this Court deems appropriate;

7    2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

8    3.    For all costs of suit incurred herein.

9    **Third Cause of Action**

10    1.    For an entry of an order directing all Defendants listed on Exhibit A to this

11    Complaint to implement the measures necessary to abate the endangerment to health and the

12    environment to the satisfaction of DTSC, the Regional Water Quality Control Board, and any

13    other regulatory agencies that may assert jurisdiction over the abatement of hazardous conditions

14    at the Property;

15    2.    For an award of litigation costs including attorneys' and expert witness' fees

16    pursuant to 42 U.S.C. § 6972(e).

17    **Fourth Cause of Action**

18    1.    For a declaration that Defendants, jointly and severally, are obligated to pay to

19    Plaintiffs all future response costs and any other costs incurred by Plaintiffs hereafter in response,

20    removal or remediation efforts incurred pursuant to a DTSC-issued and/or court-approved

21    remedial action plan that is required by the NCP in order to properly respond to the disposal of

22    wastes and pollutants by Defendants.

23    2.    For attorneys' fees as may be allowed by the statute or otherwise; and

24    3.    For all costs of suit incurred herein.

25    **Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action**

26    1.    For a mandatory, preliminary and permanent injunction ordering the Defendants to

27    undertake, at their expense, all of the environmental engineering, investigation, studies,

28    maintenance, monitoring and response actions necessary to respond to, abate, remediate, maintain

1   and monitor fully and promptly the condition resulting from solid waste and hazardous waste

2   contamination at the Property and emanating from the Landfill;

3       2.      For abatement, cleanup, maintenance and monitoring costs from Defendants,

4   jointly and severally, in an amount equal to all response costs and all other costs incurred by

5   Plaintiffs in response to the condition resulting from the discharge of contaminants by

6   Defendants, according to proof at trial;

7       3.      For an order directing Defendants, and each of them, to pay for restitution to

8   Plaintiffs in an amount according to proof;

9       4.      For compensatory damages according to proof, including, but not limited to,

10  diminution in value and/or compensation for loss of use of the Property;

11      5.      For incidental and consequential damages according to proof, including

12  indemnification for fines and penalties assessed by any agency of the State or government;

13      6.      For pre-judgment interest at the legal rate;

14      7.      For attorneys' fees as may be allowed by statute or otherwise; and

15      8.      For all costs of suit incurred herein.

16                          **Tenth Cause of Action**

17      1.      Damages in an amount to be determined at trial with interest thereon at the legal

18  rate from the date of those damages;

19      2.      For attorneys' fees as may be allowed by statute or otherwise;

20      3.      Costs of suit; and

21      4.      Other relief that the Court considers proper.

22                          **Eleventh Cause of Action**

23      1.      Damages in an amount to be determined at trial with interest thereon at the legal

24  rate from the date of those damages;

25      2.      Litigation expenses, including attorneys fees;

26      3.      Costs of suit; and

27      4.      Other relief that the Court considers proper.

28      / / /

1

**Twelfth Cause of Action**

2     1.    For a declaration that Defendants, jointly and severally, are obligated to pay to

3   Plaintiffs all future response costs, fines and penalties assessed by any agency of the State or

4   government, and any other costs and damages incurred or suffered by Plaintiffs hereafter in

5   response, removal or remediation efforts incurred in order to properly respond to the disposal of

6   wastes and pollutants by Defendants;

7     2.    For attorneys' fees as may be allowed by statute or otherwise; and

8     3.    For all costs of suit incurred herein.

9

**All Causes of Action**

10     For such other and further relief as this Court deems just and proper.

11

12   Dated: July /6, 2008                    Respectfully submitted,

13                                           ARCHER NORRIS

14

15

16                                           Peter W. McGaw
                                             Attorneys for Plaintiffs and Counter-
17                                           Defendants SPPI-SOMERSVILLE, INC. and
                                             SOMERSVILLE-GENTRY, INC

18

19

20

21

22

23

24

25

26

27

28

MASTER COMPLAINT C 04-2648 SI
                                                                                CONSOLIDATED WITH C 07-05824 SI

1

### Demand for Jury Trial

2      Plaintiffs SPPI-SOMERSVILLE INC. and SOMERSVILLE-GENTRY INC. hereby

3  demand a jury trial on all causes and claims susceptible to trial by jury.

4

5  Dated: July *16*, 2008                                    Respectfully submitted,

6                                                            ARCHER NORRIS

7

8

9                                                            Peter W. McGaw
                                                            Attorneys for Plaintiffs and Counter-
10                                                           Defendants SPPI-SOMERSVILLE, INC. and
                                                            SOMERSVILLE-GENTRY, INC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

Ashland Inc.
Agent For Service Of Process
3   Corporation Service Company Which Will Do Business In California As CSC - Lawyers
Incorporating Service
4   PO Box 526036
Sacramento, CA  95852

5

Beazer East, Inc.
6   Agent For Service Of Process
C T Corporation System
7   818 West Seventh St
Los Angeles, CA  90017

8

Boeing Satellite Systems, Inc.
9   Agent For Service Of Process
Corporation Service Company Which Will Do Business In California As CSC - Lawyers
10  Incorporating Service
PO Box 526036
11  Sacramento, CA  95852

12

Caterpillar Inc.
Agent For Service Of Process
13  C T Corporation System
818 West Seventh St
14  Los Angeles, CA  90017

15  Chevron, USA, Inc. Successor to Standard Oil of California
The Prentice-Hall Corporation System, Inc.
16  PO Box 526036
Sacramento, CA  95852

17

The City Clerk of the City of Antioch
18  PO Box 5007
Antioch, CA  94531-5007

19

The City Clerk of the City of Pittsburg
20  City of Pittsburg Civic Center
65 Civic Avenue
21  Pittsburg, CA  94565

22  Colgate-Palmolive Company
Agent For Service Of Process
23  C T Corporation System
818 West Seventh St
24  Los Angeles, CA  90017

25  Contra Costa Waste Service, Inc.
Agent For Service Of Process
26  Craig F Anderson
1320 Willow Pass Rd Ste 500
27  Concord, CA  94520

28

1   Crown Beverage Packaging, Inc.
    Agent For Service Of Process
2   C T Corporation System
    818 West Seventh St
3   Los Angeles, CA  90017

4   The Dow Chemical Company
    Agent For Service Of Process
5   C T Corporation System
    818 West Seventh St
6   Los Angeles, CA  90017

7   E. I. Du Pont De Nemours And Company
    Agent For Service Of Process
8   C T Corporation System
    818 West Seventh St
9   Los Angeles, CA  90017

10  Exxon Mobil Corporation
    Agent For Service Of Process
11  Corporation Service Company Which Will Do Business In California As CSC - Lawyers
    Incorporating Service
12  PO Box 526036
    Sacramento, CA  95852
13
    Fairchild Semiconductor Corporation
14  Agent For Service Of Process
    Corporation Service Company Which Will Do Business In California As CSC - Lawyers
15  Incorporating Service
    PO Box 526036
16  Sacramento, CA  95852

17  GBF Holdings LLC
    Agent For Service Of Process
18  Deems Padgett
    1590 SolanoWay Ste A
19  Concord, CA  94520

20  Hewlett-Packard Company
    C T Corporation System
21  818 West Seventh St
    Los Angeles, CA  90017
22
    Lockheed Martin Corporation
23  Agent For Service Of Process
    Corporation Service Company Which Will Do Business In California As CSC - Lawyers
24  Incorporating Service
    PO Box 526036
25  Sacramento, CA  95852

26  Nestle USA, Inc.
    Agent For Service Of Process
27  C T Corporation System
    818 West Seventh St
28  Los Angeles, CA  90017

1  Occidental Chemical Corporation
   Agent For Service Of Process
2  C T Corporation System
   818 West Seventh St
3  Los Angeles, CA 90017

4  Paccar Inc.
   Agent For Service Of Process
5  The Prentice-Hall Corporation System, Inc.
   PO Box 526036
6  Sacramento, CA 95852

7  Pittsburg Disposal & Debris Box Service, Inc.
   Agent For Service Of Process
8  Craig F Andersen
   1320 Willow Pass Rd Ste 500
9  Concord, CA 94520

10 Mary Grace Prewett Bertsch
   1536 Bryant Street
11 Palo Alto, CA 94301

12 Quebecor Printing San Jose, Inc.
   CT Corporation
13 818 West 7th Street
   Los Angeles, CA 90017
14
   Raychem International Corporation
15 Agent For Service Of Process
   C T Corporation System
16 818 West Seventh St
   Los Angeles, CA 90017
17
   Rheem Manufacturing Company
18 Agent For Service Of Process
   Corporation Service Company Which Will Do Business In California As CSC - Lawyers
19 Incorporating Service
   PO Box 526036
20 Sacramento, CA 95852

21 Schuller International, Inc.
   2730 Gateway Oaks Drive STE 100
22 Sacramento, CA 95833

23 Shell Oil Company
   Agent For Service Of Process
24 C T Corporation System
   818 West Seventh St
25 Los Angeles, CA 90017

26 Union Oil Company Of California
   Agent For Service Of Process
27 The Prentice-Hall Corporation System, Inc.
   PO Box 526036
28 Sacramento, CA 95852

MASTER COMPLAINT C 04-2648 SI
CONSOLIDATED WITH C 07-05824 SI

1

2   Union Pacific Railroad Company
    Agent For Service Of Process
    W H Poole
3   10031 Foothills Blvd #200
    Roseville, CA   95747

4
    Peter D. Keisler
5   U.S. Department of Justice
    950 Pennsylvania Ave., NW
6   Washington DC 20530-0001

7   United States Department of Defense
    Defense Logistics Agency
8   8725 John J. Kingman Road, Suite 2545
    Fort Belvoir, VA 22060-6221

9
    Secretary of Army
10  101 Army Pentagon
    Washington DC 20310-0101

11
    Secretary of the Navy
12  1000 Navy Pentagon
    Washington DC 20350-1000

13
    TRC Companies, Inc.
14  National Registered Agents, Inc.
    12 Old Boston Post Road
15  Old Saybrook, CT 06475

16  USX Corporation
    2730 Gateway Oaks Drive, Ste 100
17  Sacramento, CA 95833

18  WITCO Corporation
    2730 Gateway Oaks Drive, Ste 100
19  Sacramento, CA 95833

20

21

22

23

24

25

26

27

28

A0157015/671325-1

MASTER COMPLAINT C 04-2648 SI
CONSOLIDATED WITH C 07-05824 SI