1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BLAINE I. GREEN  #193028
2  blaine.green@pillsburylaw.com
   JEFFREY S. JACOBI  #252884
3  jeffrey.jacobi@pillsburylaw.com
   50 Fremont Street
4  Post Office Box 7880
   San Francisco, CA  94120-7880
5  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
6
   Attorneys for Defendant
7  CHEVRON U.S.A. INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11

12  SPPI-SOMERSVILLE, INC.,
    SOMERSVILLE-GENTRY, INC.,
13
                              Plaintiffs,
14
15        vs.

16  TRC COMPANIES, INC.; GBF HOLDINGS
    LLC, et al.,
17
                              Defendants,
18
19  SPPI-SOMERSVILLE INC.,         Case No. C 07-5824 SI
    SOMERSVILLE-GENTRY INC.,       (Consolidated with
20                                 Case No. C 04-2648 SI)
                              Plaintiffs,
21
          vs.                      ANSWER OF DEFENDANT
22                                 CHEVRON U.S.A. INC. TO
    CHEVRON U.S.A., INC., as successor to   MASTER COMPLAINT; AND
23  Standard Oil of California, Inc.,        COUNTERCLAIMS

24                             Defendant.

25

26

27

28

1  CHEVRON U.S.A. INC., as successor to
   Standard Oil of California, Inc.,

2
                     Counter-complainant,
3
       vs.
4
   SPPI-SOMERSVILLE INC.,
5  SOMERSVILLE-GENTRY INC.,

6                     Counter-defendants.

7

8                        **ANSWER**

9          Defendant Chevron U.S.A. Inc. ("Chevron") hereby answers the Master Complaint

10  ("Complaint") of plaintiffs SPPI-Somersville Inc. and Somersville-Gentry Inc. by

11  admitting, denying and averring as follows:

12                     **GENERAL DENIAL**

13         Except as expressly admitted herein, Chevron denies each and every allegation in

14  the Complaint.

15                  **NATURE OF THE ACTION**

16         1.      In answer to Paragraph 1, the last two sentences of that paragraph are

17  conclusions of law to which no response is required.  With respect to the other allegations

18  in the paragraph, Chevron lacks sufficient knowledge or information to form a belief as to

19  the truth of the allegations and on that basis denies each and every allegation.

20                **JURISDICTION AND VENUE**

21         2.      The allegations contained in Paragraph 2 are conclusions of law to which no

22  response is required.

23         3.      The allegations contained in Paragraph 3 are conclusions of law to which no

24  response is required.

25         4.      The allegations contained in Paragraph 4 are conclusions of law to which no

26  response is required.

27

28

1                            **RELATED CASES**

2        5.      The allegations contained in Paragraph 5 are conclusions of law to which no

3   response is required.

4        6.      The allegations contained in the first sentence of Paragraph 6 are

5   conclusions of law to which no response is required.  Chevron lacks sufficient knowledge

6   or information to form a belief regarding the allegations contained in Paragraph 6, and on

7   that basis denies each and every such allegation.

8        7.      The allegations contained in the first sentence of Paragraph 7 are

9   conclusions of law to which no response is required.  Chevron lacks sufficient knowledge

10  or information to form a belief regarding the allegations contained in Paragraph 7, and on

11  that basis denies each and every such allegation.

12       8.      In answer to Paragraph 8, Chevron denies each and every allegation that

13  characterizes the "Court's order dated June 4, 2008" identified therein on the basis that such

14  document speaks for itself.  Except as so denied, Chevron lacks sufficient knowledge or

15  information to form a belief regarding the allegations contained in Paragraph 8, and on that

16  basis denies each and every such allegation.

17                          **PARTIES TO THE ACTION**

18                              **The Plaintiffs**

19       9.      In answer to Paragraph 9, Chevron lacks sufficient knowledge or

20  information to form a belief regarding the allegations contained therein, and on that basis

21  denies each and every such allegation.

22       10.     In answer to Paragraph 10, Chevron lacks sufficient knowledge or

23  information to form a belief regarding the allegations contained therein, and on that basis

24  denies each and every such allegation.

25                  The Present Owner-Operator Defendants

26       11.     In answer to Paragraph 11, Chevron lacks sufficient knowledge or

27  information to form a belief regarding the allegations contained therein, and on that basis

28  denies each and every such allegation.

1    12.    In answer to Paragraph 12, Chevron lacks sufficient knowledge or

2  information to form a belief regarding the allegations contained therein, and on that basis

3  denies each and every such allegation.

4    13.    Chevron admits the first sentence of Paragraph 13. Except as so admitted,

5  Chevron lacks sufficient knowledge or information to form a belief regarding the

6  allegations contained in said Paragraph, and on that basis denies each and every such

7  allegation.

8                    The Former Owner-Operator Defendants

9    14.    In answer to Paragraph 14, Chevron lacks sufficient knowledge or

10  information to form a belief regarding the allegations contained therein, and on that basis

11  denies each and every such allegation.

12    15.    In answer to Paragraph 15, Chevron lacks sufficient knowledge or

13  information to form a belief regarding the allegations contained therein, and on that basis

14  denies each and every such allegation.

15    16.    In answer to Paragraph 16, Chevron lacks sufficient knowledge or

16  information to form a belief regarding the allegations contained therein, and on that basis

17  denies each and every such allegation.

18    17.    In answer to Paragraph 17, Chevron lacks sufficient knowledge or

19  information to form a belief regarding the allegations contained therein, and on that basis

20  denies each and every such allegation.

21    18.    In answer to Paragraph 18, Chevron lacks sufficient knowledge or

22  information to form a belief regarding the allegations contained therein, and on that basis

23  denies each and every such allegation.

24    19.    In answer to Paragraph 19, Chevron lacks sufficient knowledge or

25  information to form a belief regarding the allegations contained therein, and on that basis

26  denies each and every such allegation.

27

28

1       20.    In answer to Paragraph 20, Chevron lacks sufficient knowledge or

2 information to form a belief regarding the allegations contained therein, and on that basis

3 denies each and every such allegation.

4       21.    In answer to Paragraph 21, Chevron lacks sufficient knowledge or

5 information to form a belief regarding the allegations contained therein, and on that basis

6 denies each and every such allegation.

7       22.    In answer to Paragraph 22, Chevron lacks sufficient knowledge or

8 information to form a belief regarding the allegations contained therein, and on that basis

9 denies each and every such allegation.

10      23.    Chevron admits the allegations of the first sentence of Paragraph 23.  Except

11 as so admitted, Chevron lacks sufficient knowledge or information to form a belief

12 regarding the allegations contained in said Paragraph, and on that basis denies each and

13 every such allegation.

14      24.    In answer to the allegations of Paragraph 24, Chevron avers that Chevron

15 U.S.A. Inc. is a Pennsylvania corporation authorized to do business in California, and has

16 its principal office in San Ramon, California.  Chevron further avers that Chevron U.S.A.

17 Inc. is an affiliate of Standard Oil of California, Inc. ("Standard Oil").

18                       The Generator Defendants

19      25.    In answer to Paragraph 25, Chevron lacks sufficient knowledge or

20 information to form a belief regarding the allegations contained therein, and on that basis

21 denies each and every such allegation.

22      26.    In answer to Paragraph 26, Chevron lacks sufficient knowledge or

23 information to form a belief regarding the allegations contained therein, and on that basis

24 denies each and every such allegation.

25      27.    In answer to Paragraph 27, Chevron lacks sufficient knowledge or

26 information to form a belief regarding the allegations contained therein, and on that basis

27 denies each and every such allegation.

28

1    28.    In answer to Paragraph 28, Chevron lacks sufficient knowledge or

2    information to form a belief regarding the allegations contained therein, and on that basis

3    denies each and every such allegation.

4    29.    In answer to Paragraph 29, Chevron lacks sufficient knowledge or

5    information to form a belief regarding the allegations contained therein, and on that basis

6    denies each and every such allegation.

7    30.    In answer to Paragraph 30, Chevron lacks sufficient knowledge or

8    information to form a belief regarding the allegations contained therein, and on that basis

9    denies each and every such allegation.

10    31.    In answer to Paragraph 31, Chevron lacks sufficient knowledge or

11    information to form a belief regarding the allegations contained therein, and on that basis

12    denies each and every such allegation.

13    32.    In answer to Paragraph 32, Chevron lacks sufficient knowledge or

14    information to form a belief regarding the allegations contained therein, and on that basis

15    denies each and every such allegation.

16    33.    In answer to Paragraph 33, Chevron lacks sufficient knowledge or

17    information to form a belief regarding the allegations contained therein, and on that basis

18    denies each and every such allegation.

19    34.    In answer to Paragraph 34, Chevron lacks sufficient knowledge or

20    information to form a belief regarding the allegations contained therein, and on that basis

21    denies each and every such allegation.

22    35.    In answer to Paragraph 35, Chevron lacks sufficient knowledge or

23    information to form a belief regarding the allegations contained therein, and on that basis

24    denies each and every such allegation.

25    36.    In answer to Paragraph 36, Chevron lacks sufficient knowledge or

26    information to form a belief regarding the allegations contained therein, and on that basis

27    denies each and every such allegation.

28

1    37.    In answer to Paragraph 37, Chevron lacks sufficient knowledge or

2    information to form a belief regarding the allegations contained therein, and on that basis

3    denies each and every such allegation.

4    38.    In answer to Paragraph 38, Chevron lacks sufficient knowledge or

5    information to form a belief regarding the allegations contained therein, and on that basis

6    denies each and every such allegation.

7    39.    In answer to Paragraph 39, Chevron lacks sufficient knowledge or

8    information to form a belief regarding the allegations contained therein, and on that basis

9    denies each and every such allegation.

10    40.    In answer to Paragraph 40, Chevron lacks sufficient knowledge or

11    information to form a belief regarding the allegations contained therein, and on that basis

12    denies each and every such allegation.

13    41.    In answer to Paragraph 41, Chevron lacks sufficient knowledge or

14    information to form a belief regarding the allegations contained therein, and on that basis

15    denies each and every such allegation.

16    42.    In answer to Paragraph 42, Chevron lacks sufficient knowledge or

17    information to form a belief regarding the allegations contained therein, and on that basis

18    denies each and every such allegation.

19    43.    In answer to Paragraph 43, Chevron lacks sufficient knowledge or

20    information to form a belief regarding the allegations contained therein, and on that basis

21    denies each and every such allegation.

22    44.    In answer to Paragraph 44, Chevron lacks sufficient knowledge or

23    information to form a belief regarding the allegations contained therein, and on that basis

24    denies each and every such allegation.

25    45.    In answer to Paragraph 45, Chevron lacks sufficient knowledge or

26    information to form a belief regarding the allegations contained therein, and on that basis

27    denies each and every such allegation.

28

1    46.    In answer to Paragraph 46, Chevron lacks sufficient knowledge or

2    information to form a belief regarding the allegations contained therein, and on that basis

3    denies each and every such allegation.

4    47.    In answer to Paragraph 47, Chevron lacks sufficient knowledge or

5    information to form a belief regarding the allegations contained therein, and on that basis

6    denies each and every such allegation.

7    48.    In answer to Paragraph 48, Chevron lacks sufficient knowledge or

8    information to form a belief regarding the allegations contained therein, and on that basis

9    denies each and every such allegation.

10    49.    In answer to Paragraph 49, Chevron lacks sufficient knowledge or

11    information to form a belief regarding the allegations contained therein, and on that basis

12    denies each and every such allegation.

13    50.    In answer to Paragraph 50, Chevron lacks sufficient knowledge or

14    information to form a belief regarding the allegations contained therein, and on that basis

15    denies each and every such allegation.

16    51.    In answer to Paragraph 51, Chevron lacks sufficient knowledge or

17    information to form a belief regarding the allegations contained therein, and on that basis

18    denies each and every such allegation.

19    52.    In answer to Paragraph 52, Chevron lacks sufficient knowledge or

20    information to form a belief regarding the allegations contained therein, and on that basis

21    denies each and every such allegation.

22    53.    In answer to Paragraph 53, Chevron lacks sufficient knowledge or

23    information to form a belief regarding the allegations contained therein, and on that basis

24    denies each and every such allegation.

25    54.    In answer to Paragraph 54, Chevron lacks sufficient knowledge or

26    information to form a belief regarding the allegations contained therein, and on that basis

27    denies each and every such allegation.

28

1      55.    In answer to Paragraph 55, Chevron lacks sufficient knowledge or

2   information to form a belief regarding the allegations contained therein, and on that basis

3   denies each and every such allegation.

4      56.    In answer to Paragraph 56, Chevron lacks sufficient knowledge or

5   information to form a belief regarding the allegations contained therein, and on that basis

6   denies each and every such allegation.

7      57.    In answer to Paragraph 57, Chevron lacks sufficient knowledge or

8   information to form a belief regarding the allegations contained therein, and on that basis

9   denies each and every such allegation.

10      58.    In answer to Paragraph 58, Chevron lacks sufficient knowledge or

11   information to form a belief regarding the allegations contained therein, and on that basis

12   denies each and every such allegation.

13      59.    In answer to Paragraph 59, Chevron lacks sufficient knowledge or

14   information to form a belief regarding the allegations contained therein, and on that basis

15   denies each and every such allegation.

16      60.    In answer to Paragraph 60, Chevron lacks sufficient knowledge or

17   information to form a belief regarding the allegations contained therein, and on that basis

18   denies each and every such allegation.

19      61.    In answer to Paragraph 61, Chevron lacks sufficient knowledge or

20   information to form a belief regarding the allegations contained therein, and on that basis

21   denies each and every such allegation.

22                     **<u>SUMMARY OF THE ACTION</u>**

23                        <u>The Property</u>

24      62.    In answer to Paragraph 62, Chevron lacks sufficient knowledge or

25   information to form a belief regarding the allegations contained therein, and on that basis

26   denies each and every such allegation.

27

28

1       63.    In answer to Paragraph 63, Chevron lacks sufficient knowledge or

2  information to form a belief regarding the allegations contained therein, and on that basis

3  denies each and every such allegation.

4       64.    In answer to Paragraph 64, Chevron lacks sufficient knowledge or

5  information to form a belief regarding the allegations contained therein, and on that basis

6  denies each and every such allegation.

7       65.    In answer to Paragraph 65, Chevron lacks sufficient knowledge or

8  information to form a belief regarding the allegations contained therein, and on that basis

9  denies each and every such allegation.

10                             The CCSL Landfill

11       66.    In answer to Paragraph 66, Chevron lacks sufficient knowledge or

12  information to form a belief regarding the allegations contained therein, and on that basis

13  denies each and every such allegation.

14       67.    In answer to Paragraph 67, Chevron lacks sufficient knowledge or

15  information to form a belief regarding the allegations contained therein, and on that basis

16  denies each and every such allegation.

17       68.    In answer to Paragraph 68, Chevron lacks sufficient knowledge or

18  information to form a belief regarding the allegations contained therein, and on that basis

19  denies each and every such allegation.

20       69.    In answer to Paragraph 69, Chevron lacks sufficient knowledge or

21  information to form a belief regarding the allegations contained therein, and on that basis

22  denies each and every such allegation.

23       70.    In answer to Paragraph 70, Chevron lacks sufficient knowledge or

24  information to form a belief regarding the allegations contained therein, and on that basis

25  denies each and every such allegation.

26       71.    In answer to Paragraph 71, Chevron denies each and every allegation that

27  characterizes the "lease with the Prewetts" identified therein on the basis that such

28  document speaks for itself.  Except as so denied, Chevron lacks sufficient knowledge or

1   information to form a belief regarding the allegations contained therein, and on that basis

2   denies each and every such allegation.

3        72.    In answer to Paragraph 72, Chevron lacks sufficient knowledge or

4   information to form a belief regarding the allegations contained therein, and on that basis

5   denies each and every such allegation.

6        73.    In answer to Paragraph 73, Chevron lacks sufficient knowledge or

7   information to form a belief regarding the allegations contained therein, and on that basis

8   denies each and every such allegation.

9        74.    In answer to Paragraph 74, Chevron lacks sufficient knowledge or

10   information to form a belief regarding the allegations contained therein, and on that basis

11   denies each and every such allegation.

12        75.    In answer to Paragraph 75, Chevron lacks sufficient knowledge or

13   information to form a belief regarding the allegations contained therein, and on that basis

14   denies each and every such allegation.

15        76.    In answer to Paragraph 76, Chevron lacks sufficient knowledge or

16   information to form a belief regarding the allegations contained therein, and on that basis

17   denies each and every such allegation.

18        77.    In answer to Paragraph 77, Chevron lacks sufficient knowledge or

19   information to form a belief regarding the allegations contained therein, and on that basis

20   denies each and every such allegation.

21        78.    In answer to Paragraph 78, Chevron lacks sufficient knowledge or

22   information to form a belief regarding the allegations contained therein, and on that basis

23   denies each and every such allegation.

24                    The GBF Landfill

25        79.    In answer to Paragraph 79, Chevron lacks sufficient knowledge or

26   information to form a belief regarding the allegations contained therein, and on that basis

27   denies each and every such allegation.

28

1        80.    In answer to Paragraph 80, Chevron lacks sufficient knowledge or

2  information to form a belief regarding the allegations contained therein, and on that basis

3  denies each and every such allegation.

4        81.    In answer to Paragraph 81, Chevron lacks sufficient knowledge or

5  information to form a belief regarding the allegations contained therein, and on that basis

6  denies each and every such allegation.

7        82.    In answer to Paragraph 82, Chevron lacks sufficient knowledge or

8  information to form a belief regarding the allegations contained therein, and on that basis

9  denies each and every such allegation.

10                           The Pittsburg Landfill

11        83.    In answer to Paragraph 83, Chevron lacks sufficient knowledge or

12  information to form a belief regarding the allegations contained therein, and on that basis

13  denies each and every such allegation.

14        84.    In answer to Paragraph 84, Chevron lacks sufficient knowledge or

15  information to form a belief regarding the allegations contained therein, and on that basis

16  denies each and every such allegation.

17        85.    In answer to Paragraph 85, Chevron lacks sufficient knowledge or

18  information to form a belief regarding the allegations contained therein, and on that basis

19  denies each and every such allegation.

20                 Groundwater Monitoring and DTSC Order

21        86.    In answer to Paragraph 86, Chevron lacks sufficient knowledge or

22  information to form a belief regarding the allegations contained therein, and on that basis

23  denies each and every such allegation.

24        87.    In answer to Paragraph 87, Chevron lacks sufficient knowledge or

25  information to form a belief regarding the allegations contained therein, and on that basis

26  denies each and every such allegation.

27        88.    In answer to Paragraph 88, Chevron denies each and every allegation that

28  characterizes the "July 28, 1993 Remedial Action Order" identified therein on the basis that

1    such document speaks for itself.  Except as so denied, Chevron lacks sufficient knowledge

2    or information to form a belief regarding the allegations contained in said Paragraph, and

3    on that basis denies each and every such allegation.

4         89.    In answer to Paragraph 89, Chevron denies each and every allegation that

5    characterizes the "July 28, 1993 Remedial Action Order" identified therein on the basis that

6    such document speaks for itself.  Except as so denied, Chevron lacks sufficient knowledge

7    or information to form a belief regarding the allegations contained in said paragraph, and on

8    that basis denies each and every such allegation.

9         90.    In answer to Paragraph 90, Chevron lacks sufficient knowledge or

10   information to form a belief regarding the allegations contained therein, and on that basis

11   denies each and every such allegation.

12        91.    In answer to Paragraph 91, Chevron denies each and every allegation that

13   characterizes the "Remedial Action Plan" identified therein on the basis that such document

14   speaks for itself.  Except as so denied, Chevron lacks sufficient knowledge or information

15   to form a belief regarding the allegations contained in said Paragraph, and on that basis

16   denies each and every such allegation.

17        92.    In answer to Paragraph 92, Chevron lacks sufficient knowledge or

18   information to form a belief regarding the allegations contained therein, and on that basis

19   denies each and every such allegation.

20                            Old Antioch Landfill

21        93.    In answer to the first sentence of Paragraph 93, Chevron admits that the

22   Property is located near the Old Antioch Landfill.  Chevron lacks sufficient knowledge or

23   information to form a belief regarding the remaining allegations contained therein, and on

24   that basis denies each and every such allegation.

25        94.    In answer to Paragraph 94, Chevron lacks sufficient knowledge or

26   information to form a belief regarding the allegations contained therein, and on that basis

27   denies each and every such allegation.

28

1    95.    With respect to the third sentence of Paragraph 95, Chevron avers that

2    Standard Oil entered into a one-year lease with the City of Antioch, in December 1957,

3    under which the City was allowed to use the Property "for the disposal of garbage and

4    refuse." Chevron further avers that the lease was terminated by the City of Antioch,

5    effective December 1958. Except as so averred, Chevron lacks sufficient knowledge or

6    information to form a belief regarding the remaining allegations contained in said

7    paragraph, and on that basis denies each and every such allegation.

8    96.    In answer to Paragraph 96, Chevron lacks sufficient knowledge or

9    information to form a belief regarding the allegations contained therein, and on that basis

10    denies each and every such allegation.

11    97.    In answer to Paragraph 97, Chevron denies each and every allegation that

12    characterizes the "Site Characterization Report, Old Antioch Landfill" identified therein on

13    the basis that such document speaks for itself. With respect to the remaining allegations in

14    Paragraph 97, Chevron lacks sufficient knowledge or information to form a belief, and on

15    that basis denies each and every such allegation.

16    98.    In answer to Paragraph 98, Chevron denies each and every allegation that

17    characterizes the "Site Characterization Report Gentry Property" identified therein on the

18    basis that such document speaks for itself. With respect to the remaining allegations in

19    Paragraph 18, Chevron lacks sufficient knowledge or information to form a belief, and on

20    that basis denies each and every such allegation.

21    99.    In answer to Paragraph 99, Chevron lacks sufficient knowledge or

22    information to form a belief regarding the allegations contained therein, and on that basis

23    denies each and every such allegation.

24    100.    In answer to Paragraph 100, Chevron denies each and every allegation that

25    characterizes the "Regional Board Cleanup and Abatement Order" identified therein on the

26    basis that such document speaks for itself. With respect to the remaining allegations in

27    Paragraph 100, Chevron lacks sufficient knowledge or information to form a belief, and on

28    that basis denies each and every such allegation.

1    101.    In answer to Paragraph 101, Chevron lacks sufficient knowledge or

2    information to form a belief regarding the allegations contained therein, and on that basis

3    denies each and every such allegation.

4                        **FIRST CAUSE OF ACTION**

5                **(Recovery of Response Costs Pursuant to CERCLA)**

6    102.    Chevron hereby incorporates by reference its response to Paragraphs 1

7    through 101, inclusive, of this answer as if fully set forth herein.

8    103.    The allegations contained in Paragraph 103 are conclusions of law to which

9    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

10    knowledge or information to form a belief regarding the allegations contained in Paragraph

11    103, and on that basis denies each and every such allegation.

12    104.    The allegations contained in Paragraph 104 are conclusions of law to which

13    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

14    knowledge or information to form a belief regarding the allegations contained in Paragraph

15    104, and on that basis denies each and every such allegation.

16    105.    The allegation contained in Paragraph 25 is a conclusion of law to which

17    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

18    knowledge or information to form a belief regarding the allegations contained in Paragraph

19    105, and on that basis denies each and every such allegation.

20    106.    The allegation contained in Paragraph 106 is a conclusion of law to which

21    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

22    knowledge or information to form a belief regarding the allegations contained in Paragraph

23    106, and on that basis denies each and every such allegation.

24    107.    The allegations contained in Paragraph 107 are conclusions of law to which

25    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

26    knowledge or information to form a belief regarding the allegations contained in Paragraph

27    107, and on that basis denies each and every such allegation.

28

1    108.    The allegations contained in Paragraph 108 are conclusions of law to which

2    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

3    knowledge or information to form a belief regarding the allegations contained in Paragraph

4    108, and on that basis denies each and every such allegation.

5    109.    The allegations contained in Paragraph 109 are conclusions of law to which

6    no response is necessary.  To the extent a response is required, Chevron lacks sufficient

7    knowledge or information to form a belief regarding the allegations contained in Paragraph

8    109, and on that basis denies each and every such allegation.

9    110.    In answer to Paragraph 109, Chevron denies the allegations contained

10   therein.

11   111.    The allegations contained in the final two sentences of Paragraph 111 are

12   legal conclusions to which no response is necessary.  With respect to the remaining

13   allegations in Paragraph 111, Chevron lacks sufficient knowledge or information to form a

14   belief, and on that basis denies each and every such allegation.

15   112.    In answer to Paragraph 112, Chevron lacks sufficient knowledge or

16   information to form a belief regarding the allegations contained therein, and on that basis

17   denies each and every such allegation.

18   113.    The allegations contained in Paragraph 113 are conclusions of law to which

19   no response is necessary.  To the extent a response is required, Chevron lacks sufficient

20   knowledge or information to form a belief regarding the allegations contained in Paragraph

21   113, and on that basis denies each and every such allegation.

22   114.    In answer to Paragraph 114, Chevron denies the allegations contained

23   therein.

24                                  **SECOND CAUSE OF ACTION**

25                            **(Contribution Pursuant to CERCLA)**

26   115.    Chevron hereby incorporates by reference its response to Paragraphs 1

27   through 101 and 103 through 114, inclusive, of this answer as if fully set forth herein.

28

1    116.    The allegations contained in Paragraph 116 are conclusions of law to which

2    no response is required.  To the extent a response is required, Chevron lacks sufficient

3    knowledge or information to form a belief regarding the allegations contained in Paragraph

4    116, and on that basis denies each and every such allegation.

5    117.    The allegations contained in Paragraph 117 are conclusions of law to which

6    no response is required.  To the extent a response is required, Chevron lacks sufficient

7    knowledge or information to form a belief regarding the allegations contained in Paragraph

8    117, and on that basis denies each and every such allegation.

9    118.    The allegations contained in Paragraph 118 are conclusions of law to which

10   no response is required.  To the extent a response is required, Chevron lacks sufficient

11   knowledge or information to form a belief regarding the allegations contained in Paragraph

12   118, and on that basis denies each and every such allegation.

13   119.    The allegations contained in Paragraph 119 are conclusions of law to which

14   no response is required.  To the extent a response is required, Chevron denies the

15   allegations contained in Paragraph 119.

16   **THIRD CAUSE OF ACTION**

17   **(Resource Conservation and Recovery Act)**

18   120.    Chevron hereby incorporates by reference its response to Paragraphs 1

19   through 101, 103 through 114, and 116 through 119 inclusive, of this answer as if fully set

20   forth herein.

21   121.    The allegation contained in Paragraph 121 is a conclusion of law to which

22   no response is required.

23   122.    The allegation contained in Paragraph 122 is a conclusion of law to which

24   no response is required. To the extent a response is required, Chevron lacks sufficient

25   knowledge or information to form a belief regarding the allegations contained in Paragraph

26   122, and on that basis denies each and every such allegation.

27   123.    The allegation contained in Paragraph 123 is a conclusion of law to which

28   no response is required.

ANSWER OF DEF. CHEVRON TO MASTER
                                        COMPLAINT    Case No. C 07-5824 SI

1    124.    The allegation contained in Paragraph 124 is a conclusion of law to which

2    no response is required.

3    125.    The allegations contained in Paragraph 125 are conclusions of law to which

4    no response is required.  To the extent a response is required, Chevron lacks sufficient

5    knowledge or information to form a belief regarding the allegations contained in Paragraph

6    125, and on that basis denies each and every such allegation.

7    126.    In answer to Paragraph 126, Chevron lacks sufficient knowledge or

8    information to form a belief regarding the allegations contained therein, and on that basis

9    denies each and every such allegation.

10    127.    In answer to Paragraph 127, Chevron denies the allegations contained

11    therein.

12    128.    The allegations contained in Paragraph 128 are conclusions of law to which

13    no response is required.

14    129.    In answer to Paragraph 129, Chevron lacks sufficient knowledge or

15    information to form a belief regarding the allegations contained therein, and on that basis

16    denies each and every such allegation.

17    **FOURTH CAUSE OF ACTION**

18    **(Declaratory Relief Under Federal Law)**

19    130.    Chevron hereby incorporates by reference its response to Paragraphs 1

20    through 101, 103 through 114, 116 through 119, and 120 through 129, inclusive, of this

21    answer as if fully set forth herein.

22    131.    The allegations contained in Paragraph 131 are conclusions of law to which

23    no response is required.  To the extent a response is required, Chevron lacks sufficient

24    knowledge or information to form a belief regarding the allegations contained in Paragraph

25    131, and on that basis denies each and every such allegation.

26    132.    In answer to Paragraph 132, Chevron lacks sufficient knowledge or

27    information to form a belief regarding the allegations contained therein, and on that basis

28    denies each and every such allegation.

1    133.    Paragraph 133 consists partly of conclusions of law to which no response is

2    required.  To the extent a response is required, Chevron lacks sufficient knowledge or

3    information to form a belief regarding the allegations contained in Paragraph 113, and on

4    that basis denies such allegations.

5                          **FIFTH CAUSE OF ACTION**

6                          **(Private Continuing Nuisance)**

7    134.    Chevron hereby incorporates by reference its response to Paragraphs 1

8    through 101, 103 through 114, 116 through 119, 120 through 129, and 131 through 133,

9    inclusive, of this answer as if fully set forth herein.

10    135.    In answer to Paragraph 135, Chevron denies the allegations contained

11    therein.

12    136.    The allegations contained in Paragraph 136 are conclusions of law to which

13    no response is required.  To the extent a response is required, Chevron lacks sufficient

14    knowledge or information to form a belief regarding the allegations contained in Paragraph

15    136, and on that basis denies each and every such allegation.

16    137.    In answer to Paragraph 137, Chevron denies the allegations contained

17    therein.

18    138.    In answer to Paragraph 138, Chevron denies the allegations contained

19    therein.

20    139.    The allegations contained in Paragraph 139 are conclusions of law to which

21    no response is required.  To the extent a response is required, Chevron lacks sufficient

22    knowledge or information to form a belief regarding the allegations contained in Paragraph

23    139, and on that basis denies each and every such allegation.

24    140.    In answer to Paragraph 140, Chevron denies the allegations contained

25    therein.

26    141.    In answer to Paragraph 141, Chevron denies the allegations contained

27    therein.

28

**SIXTH CAUSE OF ACTION**

**(Continuing Trespass)**

142.    Chevron hereby incorporates by reference its response to Paragraphs 1 through 101, 103 through 114, 116 through 119, 120 through 129, 131 through 133, and 134 through 141, inclusive, of this answer as if fully set forth herein.

143.    Paragraph 143 consists of legal conclusions to which no response is required.  To the extent a response is required, Chevron denies the allegations contained in Paragraph 143.

144.    Paragraph 144 consists of legal conclusions to which no response is required.  To the extent a response is required, Chevron lacks sufficient knowledge or information to form a belief regarding the allegations contained Paragraph 144, and on that basis denies each and every such allegation.

145.    In answer to Paragraph 145, lacks sufficient knowledge or information to form a belief regarding the allegations contained therein, and on that basis denies each and every such allegation.

146.    In answer to Paragraph 146, Chevron denies the allegations contained therein.

147.    Paragraph 147 consists of legal conclusions to which no response is required.  To the extent a response is required, Chevron denies the allegations contained in Paragraph 147.

148.    Paragraph 148 consists of legal conclusions to which no response is required.  To the extent a response is required, Chevron denies the allegations contained in Paragraph 148.

**SEVENTH CAUSE OF ACTION**

**(Negligence)**

149.    Chevron hereby incorporates by reference its response to Paragraphs 1 through 101, 103 through 114, 116 through 119, 120 through 129, 131 through 133, 134 through 141, and 143 through 148, inclusive, of this answer as if fully set forth herein.

1    150.    Paragraph 150 consists solely of legal conclusions to which no response is

2    required.  To the extent a response is required, Chevron denies the allegations therein as

3    they relate to Chevron.  As to the remaining allegations, Chevron lacks sufficient

4    knowledge or information to form a belief and on that basis, denies such allegations.

5    151.    Paragraph 151 consists solely of legal conclusions to which no response is

6    required.  To the extent a response is required, Chevron denies the allegations therein as

7    they relate to Chevron.  As to the remaining allegations, Chevron lacks sufficient

8    knowledge or information to form a belief and on that basis, denies such allegations.

9    152.    Paragraph 152 consists solely of legal conclusions to which no response is

10   required.  To the extent a response is required, Chevron denies the allegations therein as

11   they relate to Chevron.  As to the remaining allegations, Chevron lacks sufficient

12   knowledge or information to form a belief and on that basis, denies such allegations.

13   153.    In answer to Paragraph 153, Chevron denies the allegations therein as they

14   relate to Chevron.  As to the remaining allegations, Chevron lacks sufficient knowledge or

15   information to form a belief and on that basis, denies such allegations.

16                              **EIGHT CAUSE OF ACTION**

17                                  **(Negligence Per Se)**

18   154.    Chevron hereby incorporates by reference its response to Paragraphs 1

19   through 101, 103 through 114, 116 through 119, 120 through 129, 131 through 133, 134

20   through 141, 143 through 148, and 150 through 153, inclusive, of this answer as if fully set

21   forth herein.

22   155.    Paragraph 155 consists solely of legal conclusions to which no response is

23   required.  To the extent a response is required, Chevron denies the allegations therein as

24   they relate to Chevron.  As to the remaining allegations, Chevron lacks sufficient

25   knowledge or information to form a belief and on that basis, denies such allegations.

26   156.    Paragraph 156, including the allegations contained in subparagraphs (a)

27   through (q), consists solely of legal conclusions to which no response is required.  To the

28   extent a response is required, Chevron denies the allegations therein as they relate to

1    Chevron.  As to the remaining allegations, Chevron lacks sufficient knowledge or

2    information to form a belief and on that basis, denies such allegations.

3           157.    In answer to Paragraph 157, Chevron denies the allegations therein as they

4    relate to Chevron.  As to the remaining allegations, Chevron lacks sufficient knowledge or

5    information to form a belief and on that basis, denies such allegations.

6                                **NINTH CAUSE OF ACTION**

7                                  **(Ultrahazardous Activity)**

8           158.    Chevron hereby incorporates by reference its response to Paragraphs 1

9    through 101, 103 through 114, 116 through 119, 120 through 129, 131 through 133, 134

10   through 141, 143 through 148, 150 through 153, and 155 through 157, inclusive, of this

11   answer as if fully set forth herein.

12          159.    Paragraph 159 consists solely of legal conclusions to which no response is

13   required.  To the extent a response is required, Chevron denies the allegations therein as

14   they relate to Chevron.  As to the remaining allegations, Chevron lacks sufficient

15   knowledge or information to form a belief and on that basis, denies such allegations.

16          160.    In answer to Paragraph 160, Chevron denies the allegations therein as they

17   relate to Chevron.  As to the remaining allegations, Chevron lacks sufficient knowledge or

18   information to form a belief and on that basis, denies such allegations.

19                                **TENTH CAUSE OF ACTION**

20                                 **(Inverse Condemnation)**

21          161.    The allegations of the Tenth Cause of Action are not directed at Chevron,

22   and therefore no response is required.  To the extent a response is required, Chevron hereby

23   incorporates by reference its response to Paragraphs 1 through 101, 103 through 114, 116

24   through 119, 120 through 129, 131 through 133, 134 through 141, 143 through 148, 150

25   through 153, 155 through 157, and 159 through 160, inclusive, of this answer as if fully set

26   forth herein.

27

28

1    162.    The allegations of Paragraph 162 are part of a Cause of Action not directed

2    at Chevron, and therefore no response is required.  To the extent a response is required,

3    Chevron admits the allegations of Paragraph 162.

4    163.    The allegations of Paragraph 163 are part of a Cause of Action not directed

5    at Chevron, and therefore no response is required.  To the extent a response is required,

6    Chevron lacks sufficient knowledge or information to form a belief and on that basis,

7    denies the allegations of said paragraph.

8    164.    The allegations of Paragraph 164 are part of a Cause of Action not directed

9    at Chevron, and therefore no response is required.  To the extent a response is required,

10    Chevron lacks sufficient knowledge or information to form a belief and on that basis,

11    denies the allegations of said paragraph.

12    165.    The allegations of Paragraph 165 are part of a Cause of Action not directed

13    at Chevron, and therefore no response is required.  To the extent a response is required,

14    Chevron lacks sufficient knowledge or information to form a belief and on that basis,

15    denies the allegations of said paragraph.

16    166.    The allegations of Paragraph 166 are part of a Cause of Action not directed

17    at Chevron, and therefore no response is required.  To the extent a response is required,

18    Chevron lacks sufficient knowledge or information to form a belief and on that basis,

19    denies the allegations of said paragraph.

20    167.    The allegations of Paragraph 167 are part of a Cause of Action not directed

21    at Chevron, and therefore no response is required.  To the extent a response is required,

22    Chevron lacks sufficient knowledge or information to form a belief and on that basis,

23    denies the allegations of said paragraph.

24    **ELEVENTH CAUSE OF ACTION**

25    **(Non-Disclosure)**

26    168.    Chevron hereby incorporates by reference its response to Paragraphs 1

27    through 101, 103 through 114, 116 through 119, 120 through 129, 131 through 133, 134

28

1    through 141, 143 through 148, 150 through 153, 155 through 157, 159 through 160, and

2    162 through 167, inclusive, of this answer as if fully set forth herein.

3         169.    Paragraph 169 consists of legal conclusions to which no response is

4    required.  To the extent a response is required, Chevron denies the allegations contained in

5    Paragraph 169.

6         170.    In answer to Paragraph 170, Chevron lacks sufficient knowledge or

7    information to form a belief regarding the allegations contained in Paragraph 170, and on

8    that basis denies each and every such allegation.

9         171.    Paragraph 171 consists of legal conclusions to which no response is

10   required.  To the extent a response is required, Chevron denies the allegations contained in

11   Paragraph 171.

12        172.    Paragraph 172 consists of legal conclusions to which no response is

13   required.  To the extent a response is required, Chevron denies the allegations contained in

14   Paragraph 172.

15                        **TWELFTH CAUSE OF ACTION**

16                      **(Declaratory Relief Under State Law)**

17        173.    Chevron hereby incorporates by reference its response to Paragraphs 1

18   through 101, 103 through 114, 116 through 119, 120 through 129, 131 through 133, 134

19   through 141, 143 through 148, 150 through 153, 155 through 157, 159 through 160, 162

20   through 167, and 169 through 173, inclusive, of this answer as if fully set forth herein.

21        174.    Paragraph 174 consists of legal conclusions to which no response is

22   required.  To the extent a response is required, Chevron lacks sufficient knowledge or

23   information to form a belief regarding the allegations contained in Paragraph 174, and on

24   that basis denies each and every such allegation.

25        175.    In answer to Paragraph 175, Chevron lacks sufficient knowledge or

26   information to form a belief regarding the allegations contained Paragraph 175, and on that

27   basis denies each and every such allegation.

28

1    176.    Paragraph 176 consists of legal conclusions to which no response is

2 required.  To the extent a response is required, Chevron lacks sufficient knowledge or

3 information to form a belief regarding the allegations contained in Paragraph 176, and on

4 that basis denies each and every such allegation.

5                              **REMAINING PARAGRAPHS**

6        The remaining paragraphs of the Complaint consist of Plaintiffs' Prayer for Relief

7 for which no response is required.  To the extent a response is required, Chevron denies all

8 remaining paragraphs.

9                              **AFFIRMATIVE DEFENSES**

10        In addition, Chevron asserts the following affirmative defenses:

11                              **FIRST AFFIRMATIVE DEFENSE**

12                              **(Failure to State a Claim)**

13        The Complaint and each cause of action therein fail to state a claim upon which

14 relief can be granted against Chevron.

15                              **SECOND AFFIRMATIVE DEFENSE**

16                              **(Standing)**

17        Plaintiffs lack standing to bring this action.

18                              **THIRD AFFIRMATIVE DEFENSE**

19                              **(Uncertainty)**

20        The Complaint and each cause of action therein are uncertain.

21                              **FOURTH AFFIRMATIVE DEFENSE**

22                              **(Statute of Limitations)**

23        The Complaint and each cause of action therein are barred by the applicable statute

24 of limitations.

25                              **FIFTH AFFIRMATIVE DEFENSE**

26                              **(Laches)**

27        The Complaint and each cause of action therein are barred by the doctrine of laches.

28

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(Unclean Hands)**

3      The Complaint and each cause of action are barred by the doctrine of unclean hands.

4

**SEVENTH AFFIRMATIVE DEFENSE**

5

**(Release or Waiver)**

6      Plaintiff's Complaint is barred in whole or in part by the doctrine of express or

7      implied release or waiver.

8

**EIGHTH AFFIRMATIVE DEFENSE**

9

**(Estoppel)**

10      By virtue of the acts, conduct and omissions of Plaintiffs, Plaintiffs are barred from

11      asserting the claims alleged in the Complaint by the doctrines of equitable estoppel and

12      equitable indemnity.

13

**NINTH AFFIRMATIVE DEFENSE**

14

**(Contributory or Comparative Fault)**

15      Chevron is informed and believes and on such basis alleges that persons or entities

16      other than Chevron caused or contributed to damages, if any, allegedly suffered by

17      Plaintiffs, by negligence or other wrongful conduct, and said acts or omissions eliminate or

18      comparatively reduce the percentage of liability, if any, of Chevron by virtue of the doctrine

19      of comparative negligence.

20

**TENTH AFFIRMATIVE DEFENSE**

21

**(Assumption of Risk)**

22      Chevron is informed and believes and on such basis alleges that Plaintiffs

23      knowingly and voluntarily assumed the risk, if any, of the damages alleged in the

24      Complaint.

25

26

27

28

1

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

2

**(Intervening Acts)**

3  Chevron is not liable to Plaintiffs because of the subsequent and intervening acts of

4  Plaintiffs, other third parties and/or acts of God, all of which caused the damages, if any,

5  alleged in the Complaint.

6

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

7

**(Cause in Fact)**

8  Plaintiffs cannot prove any facts showing that the conduct of Chevron was the cause

9  in fact of any threatened or actual releases of hazardous substances or hazardous wastes as

10  alleged in the Complaint.

11

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

12

**(Proximate Cause/Substantial Factor)**

13  Plaintiffs cannot prove any facts showing that the conduct of Chevron was the

14  proximate cause of, or a substantial factor in, any threatened or actual releases of hazardous

15  substances or hazardous wastes as alleged in the Complaint.

16

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

17

**(Equitable Estoppel/Equitable Indemnity)**

18  The Complaint and each cause of action are barred by the doctrines of equitable

19  estoppel and equitable indemnity.

20

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

21

**(Failure to Join Indispensable or Necessary Parties)**

22  Plaintiffs have failed to join all necessary and/or indispensable parties needed for a

23  just adjudication of the subject matter of this action.

24

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

25

**(Failure to Mitigate Damages)**

26  Plaintiffs have failed to mitigate their damages, if any, in connection with the matter

27  referred to in the Complaint, which failure to mitigate bars and/or diminishes Plaintiffs'

28  recovery, if any, against Chevron.

1        **SEVENTEENTH AFFIRMATIVE DEFENSE**

2        **(Due Care-Conformance With Laws)**

3        At all times relevant herein, Chevron acted reasonably and with due care, complied

4    with all statutory, regulatory, and common law requirements in connection with activities

5    that are the subject matter of this action.

6        **EIGHTEENTH AFFIRMATIVE DEFENSE**

7        **(De Minimis Effect)**

8        If hazardous substances or hazardous wastes as alleged by Plaintiffs leaked or

9    spilled from the Site, such leak or spill was of such a minor, trivial or insignificant amount

10    in view of the circumstances surrounding the alleged contamination at the Site that no

11    reasonable person would conclude that Chevron has created or caused the damages alleges

12    in this action.

13        **NINETEENTH AFFIRMATIVE DEFENSE**

14        **(Response Costs)**

15        The costs incurred or to be incurred do not constitute recoverable response,

16    remedial, or removal costs within the meaning of CERCLA, and are unreasonable,

17    unnecessary, and inconsistent with the National Contingency Plan.  Therefore, such costs

18    are not recoverable.

19        **TWENTIETH AFFIRMATIVE DEFENSE**

20        **(CERCLA Contribution)**

21        The Complaint does not follow any civil action under 42 U.S.C. §§ 9606, 9613, or

22    9607, and thus any claim for CERCLA contribution is barred.

23        **TWENTY-FIRST AFFIRMATIVE DEFENSE**

24        **(Act of God, War or Third Party)**

25        The release or threatened release of hazardous substances was caused solely by one

26    or more acts of God, an act of war, by the acts or omissions of a third party or parties, other

27    than an employee or agent of Chevron.

28

1 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

2 **(No Liability for Future Costs)**

3    Plaintiffs' cannot recover future costs as this is inconsistent with CERCLA

4 42 U.S.C. § 9607(a)(4).

5 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

6 **(No Joint and Several Liability)**

7    Chevron is not jointly and severally liable for any damage alleged in the Complaint

8 because any effect of any act or omission of Chevron is divisible and distinct from any

9 compensable damage, if any, incurred by Plaintiffs.

10 **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11 **(Joint and Several Liability Improper)**

12    The Complaint and each cause of action are barred because they fail to state a claim

13 or set forth facts sufficient to support a finding of joint and several liability against

14 Chevron.

15 **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

16 **(Unjust Enrichment)**

17    Chevron did not cause any damage to Plaintiffs.  As such, any recovery by Plaintiffs

18 is barred, in whole or in part, under the principles of setoff, recoupment, and or/unjust

19 enrichment.

20 **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21 **(Offset)**

22    If Plaintiffs are held entitled to recover any costs or damages against Chevron,

23 which entitlement Chevron denies, such recovery must be reduced and offset by: (1) any

24 amount previously obtained for any damages alleged in the Complaint, by Plaintiffs, from

25 any person: (2) the equitable share of the liability of any person or entity from which

26 Plaintiffs previously received payment, whether by direct payment, or by offset, or a release

27 from contribution or covenant not to sue with respect to any of the damages alleged in the

28

1    Complaint; and (3) the amount that the purchase price for the Property was discounted

2    below fair market value to account for the conditions forming the basis of the Complaint.

3    <u>**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**</u>

4    **(Conditions Precedent)**

5    Plaintiffs have failed to perform conditions precedent necessary to commence this

6    action against Chevron.

7    <u>**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</u>

8    **(Failure to Incur Response Costs)**

9    Plaintiffs have failed to incur necessary and recoverable response costs before filing

10    suit.

11    <u>**TWENTY-NINTH AFFIRMATIVE DEFENSE**</u>

12    **(Lack of Foreseeability)**

13    Plaintiffs' claims against Chevron are barred because any damages to plaintiffs were

14    not the foreseeable result of Chevron's conduct and Chevron is not liable therefor.

15    <u>**THIRTIETH AFFIRMATIVE DEFENSE**</u>

16    **(Preemption of State Claims)**

17    Plaintiffs' state law claims are preempted by federal law.

18    <u>**THIRTY-FIRST AFFIRMATIVE DEFENSE**</u>

19    **(Violation of Regulatory Standards)**

20    The Complaint and each cause of action therein are barred to the extent their costs,

21    if any, were incurred as a violation of regulatory standards or failure to cooperate with

22    public officials.

23    <u>**THIRTY-SECOND AFFIRMATIVE DEFENSE**</u>

24    **(Failure to Meet Prerequisites)**

25    The Complaint and each cause of action therein are barred in whole or in part

26    because Plaintiffs failed to meet the statutory and legislative prerequisites for filing and

27    maintaining a lawsuit under CERCLA and RCRA.

28

701185588v1                     - 30 -          ANSWER OF DEF. CHEVRON TO MASTER
                                                COMPLAINT    Case No. C 07-5824 SI

1     <u>**THIRTY-THIRD AFFIRMATIVE DEFENSE**</u>

2     **(Substantial Compliance)**

3     Chevron has substantially complied with the requirements of state law as they

4     pertain to this lawsuit and such substantial compliance bars Plaintiffs' claims.

5     <u>**THIRTY-FOURTH AFFIRMATIVE DEFENSE**</u>

6     **(Substantial Factor)**

7     Any acts or omissions, if any, of Chevron were not substantial factors in bringing

8     about the alleged damages and were not a contributing cause thereof, but were superseded

9     by the acts or omissions of third parties, which were independent intervening and the

10    proximate cause of any damages suffered by the Plaintiffs.

11    <u>**THIRTY-FIFTH AFFIRMATIVE DEFENSE**</u>

12    **(Failure to Perform Obligations)**

13    The claims for relief alleged in the Complaint are barred, in whole or in part, by

14    Plaintiffs' failure to perform their obligations owed to Chevron or to other third parties and

15    such obligations were not excused, prevented or waived.

16    <u>**THIRTY-SIXTH AFFIRMATIVE DEFENSE**</u>

17    **(Due Care)**

18    Chevron exercised due care with respect to all matters alleged in the Complaint.

19    <u>**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**</u>

20    **(Speculative Damages)**

21    Plaintiffs' damages, if any, are speculative and may not be recovered.

22    <u>**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**</u>

23    **(Attorneys' Fees)**

24    Plaintiffs are not entitled to the recover attorneys' fees with respect to any of

25    Plaintiffs' claims.

26

27

28

1  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

2  **(Mistake)**

3    Plaintiffs' claims are barred by the parties' mistake of fact and/or by third party

4  mistake of fact.

5  **FORTIETH AFFIRMATIVE DEFENSE**

6  **(Lack of Notice)**

7    Plaintiffs' claims against Chevron are barred because Chevron and its predecessor

8  had no knowledge or notice of the alleged nuisance with respect to the Property until this

9  action was filed.

10  **FORTY-FIRST AFFIRMATIVE DEFENSE**

11  **(Causation)**

12    Plaintiffs' claims against Chevron are barred because Chevron and its predecessor

13  did not dispose of hazardous substances or contribute to any contamination at the Property.

14  **FORTY-SECOND AFFIRMATIVE DEFENSE**

15  **(Obligations Satisfied)**

16    Any obligations Chevron owed to Plaintiffs have been satisfied, released or

17  otherwise discharged.  Therefore, Plaintiffs have suffered no damages and are not entitled

18  to bring this action.

19  **FORTY-THIRD AFFIRMATIVE DEFENSE**

20  **(Remedial Actions Not Cost Effective)**

21    Plaintiffs are not entitled to a recovery of remedial costs from Chevron because

22  Plaintiffs' alleged remedial actions were not and arc not "cost-effective" pursuant to

23  CERCLA, 42 U.S.C. § 9621.

24  **FORTY-FOURTH AFFIRMATIVE DEFENSE**

25  **(No Cost Recovery Under CERCLA)**

26    Plaintiffs are not entitled to the cost recovery sought under CERCLA § 9607

27  because they are not innocent parties.

28

1

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

2

**(Past Violations)**

3      Plaintiffs' claims are moot, because Chevron's alleged violations of law, if any, are

4   wholly past and nonrecurring.

5

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

6

**(Diligent Prosecution)**

7      Plaintiffs' citizen suit claims are not ripe, insofar as the State of California is

8   diligently prosecuting enforcement of each of the alleged violations of law at issue.

9

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

10

**(Causation - Not Fairly Traceable)**

11      The conditions described in Plaintiff's Complaint are not "fairly traceable" to

12   Chevron's acts or omissions.

13

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

14

**(No Imminent and Substantial Endangerment)**

15      The conditions at the subject property at issue do not present an imminent and

16   substantial endangerment to health or the environment pursuant to the provisions of the

17   Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6901, et seq., implementing

18   regulations, or judicial interpretations thereof, thus the Complaint fails to state a claim

19   under 42 U.S.C. § 6972(a)(I)(B).

20

**FORTY-NINTH AFFIRMATIVE DEFENSE**

21

**(Full Performance under Permits, Standards, Regulations)**

22      Chevron alleges that it has fully performed each and every obligation arising under

23   each of the permits, standards, regulations, conditions, requirements, prohibitions, or

24   orders, which arise under the Resource Conservation and Recovery Act of 1976, 42 U.S.C.

25   § 6901, et seq., implementing regulations, or judicial interpretations thereof, thus the

26   Complaint fails to state a claim under 42 U.S.C. § 6972(a)(1)(A).

27

28

1

### FIFTIETH AFFIRMATIVE DEFENSE

2

#### (Abstention)

3      The matters alleged in Plaintiffs' Complaint are subject to ongoing agency

4  enforcement, thus the Court should abstain from exercising primary jurisdiction over such

5  matters.

6

### FIFTY-FIRST AFFIRMATIVE DEFENSE

7

#### (No Pathway of Exposure)

8      The conditions described in Plaintiff's Complaint are not ripe, insofar as no pathway

9  of exposure threatens immediate or substantial to human health or the environment.

10

### FIFTY-SECOND AFFIRMATIVE DEFENSE

11

#### (Notice Not Sufficiently Specific)

12      Plaintiffs' pre-filing notices of claims did not adequately specify alleged violations

13  of law, thus the Court is without jurisdiction to grant the relief sought.

14

### FIFTY-THIRD AFFIRMATIVE DEFENSE

15

#### (Adequate Remedy at Law)

16      With respect to declaration or equitable relief requested by Plaintiffs, Plaintiffs have

17  adequate remedies at law and are therefore not entitled to any such relief whatsoever.

18

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

19

#### (Necessity)

20      With respect to matters which are the subject of Plaintiffs' Complaint, Chevron's

21  actions were reasonably necessary for the accomplishment of an important public interest.

22

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

23

#### (Invitation)

24      If any trespass has been created or maintained as alleged by Plaintiffs, Plaintiffs

25  invited the trespass.

26

27

28

1

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Justifiable Exercise of Authority)

3    With respect to the matters as alleged by Plaintiffs, Chevron's actions were

4    authorized as a justifiable exercise of its authority.

5

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

6

### (Reasonable Use)

7    With respect to the matters as alleged by Plaintiffs, Chevron's actions were

8    reasonable under the circumstances.

9

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

10

### (Failure to Exhaust Administrative Remedies)

11    Plaintiffs have failed to exhaust their administrative remedies.

12

## FIFTY-NINTH AFFIRMATIVE DEFENSE

13

### (Estoppel by Deed or Judgment)

14    With respect to the matters alleged by Plaintiffs, Plaintiffs' claims are estopped by

15    deed or through Judgment.

16

## SIXTIETH AFFIRMATIVE DEFENSE

17

### (Ripeness)

18    Plaintiffs' claims are premature and not properly before the Court.

19

## SIXTY-FIRST AFFIRMATIVE DEFENSE

20

### (Lack of Legal Duty)

21    Chevron owed no legal duty to the Plaintiffs.

22

## SIXTY-SECOND AFFIRMATIVE DEFENSE

23

### (Declaratory Relief)

24    Declaratory relief is not appropriate relief for some or all of the allegations made in

25    the Complaint.  Furthermore, any claim for declaratory relief is not ripe for adjudication.

26

27

28

1

## SIXTY-THIRD AFFIRMATIVE DEFENSE

2

### (Due Process)

3      Plaintiffs' claims are barred because they violate the due process protections of the

4  United States Constitution.

5

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

6

### (Reservation of Additional Affirmative Defenses)

7      Chevron reserves the right to offer additional defenses which cannot now be

8  articulated due to Plaintiffs' failure to particularize its claims or due to Chevron's lack of

9  knowledge of the circumstances surrounding plaintiffs' claims.  Upon further

10  particularization of the claims by plaintiffs or upon discovery of further information

11  concerning plaintiffs' claims, Chevron reserves the right to assert additional affirmative

12  defenses.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEF. CHEVRON TO MASTER
COMPLAINT    Case No. C 07-5824 SI

1    Chevron, while preserving all of its defenses and expressly denying that it is liable

2    to plaintiffs for any matter or allegation set forth in the Complaint, pursuant to Fed.R.Civ.P

3    13(a) Chevron asserts the following counterclaims.

4                               **COUNTERCLAIMS**

5         1.    Counterclaimant CHEVRON, as and for its counterclaims against Plaintiffs

6    SPPI-Somersville, Inc. and Somersville-Gentry Inc. ("Plaintiffs"), alleges as follows:

7                               **JURISDICTION**

8         2.    If and only if Plaintiffs' allegations with regard to jurisdiction are true and

9    correct, then this Court has jurisdiction over the subject matter of these counterclaims

10   pursuant to sections 113(b) and (f) of CERCLA (42 U.S.C. §§ 9613(b), (f)), pursuant to the

11   Declaratory Judgment Act (8 U.S.C. § 2201) and pursuant to 28 U.S.C. § 1331, and subject

12   matter jurisdiction over the counterclaims brought under state law by virtue of the

13   supplemental jurisdiction provided in 28 U.S. § 1367 and under the doctrine of pendent

14   jurisdiction set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). The

15   counterclaims under state law arise from the same nucleus of operative facts as the claims

16   under federal law.

17                               **VENUE**

18        3.    Venue is proper in this district pursuant to 42 U.S.C. § 9613(b) and

19   28 U.S.C. § 1391(b) in that the alleged release or threatened release of hazardous

20   substances purportedly occurred in this district.

21                         **GENERAL ALLEGATIONS**

22        4.    Plaintiffs allege that they own four parcels of property ("SPPI-Property")

23   adjacent to, or near, the Old Antioch Landfill ("OAL") as defined in the Complaint.

24        5.    Plaintiffs allege and Chevron denies, as follows: (1) The OAL as defined in

25   the Complaint, is property on which hazardous wastes, solid wastes and hazardous

26   substances (collectively "Wastes") have been deposited; (2) there have been actual and/or

27   threatened releases of hazardous substances from the OAL onto the SPPI-Property; and

28   (3) Plaintiffs have incurred and will incur response costs as a result of these releases.

1      6.     Plaintiffs allege, and Chevron denies, that Chevron is liable to Plaintiffs for

2  response costs Plaintiffs have allegedly incurred and will continue to incur on the SPPI-

3  Property, as defined in the Complaint, together with a declaratory judgment that Chevron is

4  liable for interest and attorneys' fees under CERCLA and the principles of injunctive relief

5  and the abatement of the alleged nuisance.

6      7.     By these counterclaims, Chevron seeks damages, contribution, and/or

7  indemnity from Plaintiffs as well as a judicial determination of the respective

8  responsibilities and liabilities of Chevron and Plaintiffs under CERCLA and the common

9  law.  Chevron denies that it is liable under CERCLA or under any other basis for any

10  damages or costs allegedly incurred by Plaintiffs.  The following counterclaims are

11  contingent upon a conclusion of this Court or by a jury that Chevron is liable despite

12  Chevron's denial of such liability.  To the extent this Court or a jury so rules, Chevron

13  seeks a declaration of the respective liabilities of Plaintiffs and Chevron under CERCLA

14  and state law for costs and/or damages, if any, and a declaration of responsibility of

15  Plaintiffs to indemnify Chevron for any damages and/or costs which Chevron may be

16  compelled to pay and for which Plaintiffs are responsible.

17                 **FIRST COUNTERCLAIM**

18                     **(Contribution)**

19      8.     Chevron realleges and incorporates by reference the allegations of the

20  foregoing paragraphs 1 through 7 as if fully set forth herein.

21      9.     Plaintiffs allege and Chevron denies that operations at the OAL as defined in

22  the Complaint resulted in releases or threatened releases of hazardous substances, and that

23  such releases or threatened releases have caused Plaintiffs to incur response costs.

24  Plaintiffs allege and Chevron denies that Chevron is a liable party under any theory and is

25  liable to Plaintiffs for all such costs plus interest and attorneys' fees.  If and only if such

26  allegations are true, however, Chevron is informed and believes, and on that basis alleges

27  the following:

28

1   (a) Each Plaintiff is a "Person" as defined by § 101(21) of CERCLA (42 U.S.C. § 9601(21).

2

3   (b) The SPPI-Property is a "Facility" within the meaning of CERCLA § 101(9) (42 U.S.C. § 9601(9).

4   (c) As a direct and proximate result of the actions of Plaintiffs, a release or threatened release of hazardous substances occurred and is continuing to occur

5 within the meaning of § 101(22) of CERCLA (42 U.S.C. § 9601(22)).

6   10. If any judgment or order is entered against Chevron pursuant to any theory

7 with regard to the SPPI-Property, Chevron is entitled to contribution from Plaintiffs and to

8 a declaration of Plaintiffs' future liability.

9         **SECOND COUNTERCLAIM**

10           **(Contribution)**

11   11. Chevron realleges and incorporates by reference the allegations of the

12 foregoing paragraphs 1 through 10 as if fully set forth herein.

13   12. If Plaintiffs sustained the damages and/or costs as alleged in the Complaint,

14 the fact and amount of which Chevron denies, such damages and/or costs were caused

15 wholly or in part by Plaintiffs, either directly or by a third party, and not by Chevron.

16   13. An actual controversy has arisen and now exists between Chevron and

17 Plaintiffs, in that Chevron contends, and Plaintiffs denies, the following:

18   (a) That as between Chevron and Plaintiffs, responsibility for the damages and/or costs claimed, if any, by Plaintiffs rests entirely or partially on Plaintiffs;

19

20   (b) That as a result, Plaintiffs are obligated to partially or wholly indemnify Chevron for all sums which Chevron may be compelled to pay as a result of Plaintiffs' claims herein asserted;

21

22   (c) That Chevron is entitled to contribution from Plaintiffs, according to their relative fault; and

23   (d) That Chevron is entitled to have any damages, costs and/or other relief apportioned and allocated to Plaintiffs according to its fault.

24

25   14. Chevron desires a judicial determination of the respective rights and duties

26 under CERCLA and state law as to Chevron and Plaintiffs regarding the damages, costs

27 and/or other relief requested in the Complaint.  In particular, Chevron desires a declaration

28 of the respective liabilities of Chevron and Plaintiffs under CERCLA and state law for such

1    damages, costs and/or other relief, if any, and a declaration of the responsibility of Plaintiffs

2    to indemnify Chevron for any damages, costs and/or other relief which Chevron may be

3    compelled to pay and for which Plaintiffs are responsible.

4          15.    Such a declaration is necessary and appropriate at this time in order that

5    Chevron may ascertain its rights and duties with respect to Plaintiffs' purported claims for

6    damages, costs and/or other relief.  Furthermore, Chevron and Plaintiffs' claims arise out of

7    the same transactions and/or occurrences and a determination of both in one proceeding is

8    necessary and appropriate in order to avoid the multiplicity of actions that would result if

9    Chevron is now required to defend against Plaintiffs' purported claims and later bring a

10    separate action against Plaintiffs for indemnification of sums which Chevron may be

11    compelled to pay.

12                        **THIRD COUNTERCLAIM**

13                       **(Equitable Indemnity)**

14          16.    Chevron realleges and incorporates by reference the allegations of the

15    foregoing paragraphs 1 through 15 as if fully set forth herein.

16          17.    If Plaintiffs establish that they have incurred costs in response to a release or

17    threatened release of Wastes at the OAL as defined in the Complaint or have incurred costs,

18    damages or expenses as a result of any other conduct by any person, which Chevron denies,

19    all such costs are the direct and proximate result of acts or omissions, whether negligent or

20    otherwise, of Plaintiffs and their failure and refusal to honor their legal and equitable

21    obligations to Chevron to prevent, investigate and clean up the contamination.

22          18.    An actual controversy has arisen and now exists between Chevron and

23    Plaintiffs such that if this Court should determine that Chevron is liable upon any claims in

24    this case, then Chevron contends, and Plaintiffs deny, that it is entitled to equitable

25    indemnity or, alternatively, contribution from Plaintiffs for any and all such liability.

26

27

28

1    **PRAYER FOR RELIEF**

2    WHEREFORE Chevron prays as follows:

3          1.    That Plaintiffs take nothing by way of the Complaint;

4          2.    That the Complaint be dismissed in its entirety;

5          3.    That Chevron be granted judgment against the Plaintiffs on the

6    foregoing counterclaims;

7          5.    That Chevron be awarded damages according to proof at trial;

8          6.    That the Court declare the parties' respective rights and obligations;

9          7.    That Chevron be awarded its costs, expert consultant and witness

10    fees, and reasonable attorneys' fees;

11          8.    For a declaration declaring that Chevron is not liable to Plaintiffs in

12    any amount; and

13          9.    For such other further relief as the Court deems just and proper.

14    Dated:  August 6, 2008.

15

16                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                                BLAINE I. GREEN
                                JEFFREY S. JACOBI
17                              50 Fremont Street
                                Post Office Box 7880
18                              San Francisco, CA  94120-7880

19

                                By _____ */s/ Blaine I. Green*_____
20                                         Blaine I. Green
                                Attorneys for Defendant CHEVRON U.S.A. INC.
21

22

23

24

25

26

27

28