1
PILLSBURY WINTHROP SHAW PITTMAN LLP
BLAINE I. GREEN  #193028
2
blaine.green@pillsburylaw.com
JEFFREY S. JACOBI  #252884
3
jeffrey.jacobi@pillsburylaw.com
50 Fremont Street
4
Post Office Box 7880
San Francisco, CA  94120-7880
5
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
6

Attorneys for Defendant and Third-Party Plaintiff
7
CHEVRON U.S.A. INC.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11
SPPI-SOMERSVILLE, INC.,
12
SOMERSVILLE-GENTRY, INC.,

13                              Plaintiffs,

14        vs.

15
TRC COMPANIES, INC.; GBF HOLDINGS
LLC, et al.,
16
                              Defendants,

17

18
SPPI-SOMERSVILLE INC.,
SOMERSVILLE-GENTRY INC.,                Case No. C 07-5824 SI
                                        (Consolidated with
19                                      Case No. C 04-2648 SI)

20                              Plaintiffs,

21        vs.                           **CHEVRON U.S.A. INC.'S THIRD-
                                        PARTY COMPLAINT AGAINST
22                                      CITY OF ANTIOCH FOR
CHEVRON U.S.A., INC., as successor to   CONTRACTUAL INDEMNITY,
Standard Oil of California, Inc.,       CONTRIBUTION UNDER
23                                      CERCLA, CONTRIBUTION
                                        UNDER CALIFORNIA LAW,
24                              Defendant.  EQUITABLE INDEMNITY, AND
                                        DECLARATORY RELIEF**

25

26

27

28

1

CHEVRON U.S.A. INC., as successor to
2  Standard Oil of California, Inc.,

3                      Third-Party Plaintiff,

4        vs.

5  CITY OF ANTIOCH,

6                      Third-Party Defendant.

7

8

9           Defendant and third-party plaintiff <u>CHEVRON U.S.A. INC.</u>, an affiliate of and

10  successor in interest to Standard Oil of California, Inc. ("Chevron"), hereby brings this

11  Third-Party Complaint for contractual indemnity, contribution under federal and state law,

12  equitable indemnity, and declaratory relief against defendant and third-party defendant

13  <u>CITY OF ANTIOCH</u> ("City" or "Antioch"). The claims herein arise out of the same

14  transactions and events forming the basis of the claims set forth in the Master Complaint

15  filed by SPPI-Somersville, Inc. and Somersville-Gentry, Inc. (collectively, the "Somersville

16  Entities") on July 16, 2008 (the "SPPI Complaint").

17                              <u>INTRODUCTION</u>

18        1.      The Somersville Entities have filed a complaint in the above-captioned

19  action against Chevron, among other defendants, seeking to recover response costs under

20  the Comprehensive Environmental Response, Compensation and Liability Act

21  ("CERCLA"), 42 U.S.C. § 9601, *et seq.* allegedly incurred in connection with the disposal

22  of garbage on a certain parcel of property, commonly known as APN 076-010-034 (the

23  "Property"), which is northeast of and adjacent to the Old Antioch Landfill. The

24  Somersville Entities also allege in the SPPI Complaint causes of action for contribution

25  under CERCLA; for injunctive relief under the Resource Conservation and Recovery Act

26  ("RCRA"), as amended, 42 U.S.C. § 6972 and related sections; for declaratory relief under

27  federal and state law; for private continuing nuisance and continuing trespass; for

28

1    negligence; for negligence per se; for ultrahazardous activity; and for non-disclosure.  The

2    SPPI Complaint is incorporated herein by reference.

3         2.    The SPPI Complaint alleges that the Somersville Entities are California

4    corporations that own the Property.

5         3.    Third-party plaintiff Chevron is a Pennsylvania corporation authorized to do

6    business in California, and has its principal office in San Ramon, California.  It is an

7    affiliate of and successor in interest to Standard Oil of California, Inc. ("Standard Oil").

8         4.    Third-party defendant City of Antioch is a municipality located in Contra

9    Costa County, California.

10        5.    The SPPI Complaint alleges that the Property is located northeast of and

11   adjacent to the Old Antioch Landfill ("OAL"), which was operated by the City of Antioch

12   and is still owned by the City.  According to the SPPI Complaint, the OAL was an unlined

13   landfill that accepted and sometimes burned municipal solid waste before it was closed in

14   1968 with a cover of approximately twelve inches of clayey soil.  The SPPI Complaint

15   alleges that the City and Chevron had a contract by which the City used the Property for the

16   disposal of garbage and refuse.  The SPPI Complaint further alleges that photographs show

17   a distribution of refuse over the Property that is apparently related to City's operation of the

18   OAL.

19        6.    The SPPI Complaint alleges that one to five feet of waste had been deposited

20   over the entire area of the Property.  Citing a "Site Characterization Report Gentry

21   Property" the SPPI Complaint alleges that waste is thickest near the OAL and progressively

22   thinner to the east.

23        7.    On or about July 16, 2008, the Somersville Entities filed the SPPI Complaint

24   against Chevron in Case No. C 07-5824 SI, and against the City of Antioch and other

25   defendants in Case No. C 04-2648 SI.[1]  Chevron is sued as the successor to the Property's

26   former owner, Standard Oil, which sold the Property in 1966.

---

27   [1]      Actions C 07-5824 SI and C 04-2648 SI have been consolidated, however, the
         actions remain separate for pleading purposes.  *See Johnson v. Manhattan Ry. Co.*, 289 U.S.
28                                                                    (continued...)

1    8.    The SPPI Complaint alleges that the Somersville Entities have incurred costs

2   and damages due to Antioch's deposit of waste on the Property.  Based on this allegation,

3   the Somersville Entities allege claims against Chevron for response costs and contribution

4   under CERCLA; for injunctive relief under RCRA; for declaratory relief under federal and

5   state law; for private continuing nuisance and continuing trespass; for negligence; for

6   negligence per se; for ultrahazardous activity; and for non-disclosure.

7    9.    As between Antioch and Chevron, Antioch is solely responsible for damages

8   to the Property, including any and all damages alleged by the Somersville Entities in the

9   SPPI Complaint.

10   10.    Chevron brings its third-party claims against the City of Antioch on the

11   grounds that Chevron has been named in and forced to defend this action due to the acts or

12   omissions of the City of Antioch which leased the Property for the disposal of garbage and

13   refuse.  Antioch is or may be liable to Chevron for all or part of the Somersville Entities'

14   claims against Chevron within the meaning of Rule 14(a) of the Federal Rules of Civil

15   Procedure.

16   11.    Chevron seeks relief through this complaint against the City of Antioch.

17   The adjudication of this complaint is necessary to a just adjudication of this action.

18                            <u>JURISDICTION AND VENUE</u>

19   12.    This Court has jurisdiction over the subject matter of these third-party claims

20   pursuant to Section 113(b) of the Comprehensive Environmental Response, Compensation

21   and Liability Act ("CERCLA"), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1331.  This Court

22   has subject matter jurisdiction over Chevron's third-party claim for declaratory relief by

23   virtue of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  In addition, this Court

24   has subject matter jurisdiction over the third-party claims brought under state law pursuant

25   _____

26   (...continued)
479, 496-97 (1933) ("[C]onsolidation . . . does not merge the suits into a single cause, or
change the rights of the parties, or make those who are parties in one suit parties in
27   another.")  Accordingly, Chevron's claims against Antioch are brought as third-party
claims rather than cross-claims.

28

CHEVRON U.S.A. INC.'S
THIRD-PARTY COMPLAINT
Case No. C 07-5824 SI

1   to 28 U.S.C. § 1367 (supplemental jurisdiction). The third-party claims under state law

2   arise from the same nucleus of operative facts as the claims under federal law.

3        13.    Venue for these claims is proper in this district pursuant to 28 U.S.C.

4   § 1391(b) and 42 U.S.C. § 9613(b) in that the alleged releases and impacts at issue in the

5   SPPI Complaint and these claims occurred in this district.

6                            <u>GENERAL ALLEGATIONS</u>

7        14.    By pleading these third-party claims, Chevron does not admit any allegation

8   of law or fact in the SPPI Complaint except as so stated in Chevron's Answer to the SPPI

9   Complaint.

10       15.    The term "hazardous substance" shall have the meaning set forth in

11   CERCLA section 101(14), 42 U.S.C. § 9601(14).

12       16.    The term "release" shall have the meaning set forth in CERCLA section

13   101(22), 42 U.S.C. § 9601(22).

14       17.    The term "response costs" shall mean the costs of "removal" of hazardous

15   substances and "remedial actions," as those terms are defined in CERCLA sections 101(23)

16   and (24), 42 U.S.C. §§ 9601(23) and (24), and all other costs to respond, as defined in

17   CERCLA section 101(25), 42 U.S.C. § 9601(25), to releases of hazardous substances.

18       18.    If the allegations in the SPPI Complaint are true, then the City of Antioch

19   was the "operator," as defined in § 107(a) of CERCLA, 42 U.S.C. § 9607, at the time waste

20   was discharged at the Property.

21                       <u>FIRST THIRD-PARTY CLAIM</u>

22                       (Contractual Indemnity)

23       19.    Chevron incorporates herein by reference the allegations contained in

24   paragraphs 1 through 18, inclusive.

25       20.    At all relevant times, the City of Antioch operated the OAL, which is located

26   northeast of and adjacent to the Property.

27       21.    Pursuant to that certain lease, dated December 6, 1957, by and between

28   Standard Oil Company of California, Western Operations, Inc., as Lessor, and City of

1   Antioch, as Lessee ("Lease"), the City was allowed to use the Property "for the disposal of

2   garbage and refuse" for a period of one year.  A true and correct copy of the Lease is

3   attached hereto as Exhibit A and incorporated herein by reference.

4         22.     In connection with the City of Antioch's use of the Property, the Lease

5   included the following indemnity provision:

6                       Lessee agrees to hold Lessor and its present and future

7                       subsidiaries harmless from and to indemnify them against any
                        and all damage to or loss of any buildings, structures or other

8                       property, or injury to or death of person, that directly or

9                       indirectly may be caused by or arise or result from Lessee's
                        occupancy or use of said premises . . . .

10

11        23.     If the Somersville Entities suffered damages at the Property as alleged in

12  their SPPI Complaint, such damages were caused entirely or in part by City of Antioch,

13  which operated the OAL and, according to the SPPI Complaint, placed burned and

14  unburned waste on the Property.  As a result, the City of Antioch is contractually required

15  to hold harmless and indemnify Chevron for all damage directly or indirectly caused by, or

16  arising or resulting from, the City's occupancy and use of the Property, including all

17  damages suffered or losses incurred, or to be incurred, in connection with Chevron's

18  defense of the claims of the Somersville Entities.

19        24.     Since this action was filed, Chevron has formally requested defense and

20  indemnity from the City, but the City has refused Chevron's requests.  As a result, Chevron

21  has incurred, and continues to incur, significant costs and attorneys' fees in defending this

22  action for which the City of Antioch is responsible.

23        25.     An actual controversy has arisen and now exists between Chevron and

24  Antioch in that Chevron contends, and Antioch denies, the following:

25            a.   That, as between Chevron and Antioch, responsibility, if any, for the

26                damages claimed by the Somersville Entities against Chevron rests entirely

27                with Antioch; and

28

701187081v1                          - 6 -

1        b.   That, as a result, Antioch is obligated to fully indemnify Chevron for any

2            sums that Chevron has expended in defending this action and seeking

3            indemnity, as well as any amounts Chevron may pay due to any damages,

4            judgment, or other awards recovered against it by the Somersville Entities.

5        26.   Chevron desires a judicial determination of the respective rights and duties

6    of Chevron and the City of Antioch with respect to the damages claimed by the Somersville

7    Entities in the SPPI Complaint. In particular, Chevron desires a declaration of Antioch's

8    responsibility for indemnity to Chevron for any sums that Chevron may be compelled to

9    pay. Such a declaration is necessary and appropriate at this time in order to avoid the

10   multiplicity of actions that would result if Chevron were required now to defend against the

11   claims of the Somersville Entities and then bring a separate action against Antioch for

12   indemnification of sums that Chevron may be compelled to pay as the result of any

13   damages, judgment, or other awards recovered by plaintiffs against Chevron.

14       27.   In addition, Chevron seeks an award of damages against the City of Antioch

15   in the amount of costs, attorneys' fees and other expenses Chevron has incurred, and

16   continues to incur, in this action.

17   SECOND THIRD-PARTY CLAIM

18   (Contribution under CERCLA § 113(f))

19       28.   Chevron incorporates herein by reference the allegations contained in

20   paragraphs 1 through 27, inclusive.

21       29.   If the allegations of the SPPI Complaint are true, the City of Antioch is a

22   "person" as defined by CERCLA § 101(21), 42 U.S.C. § 9601(21).

23       30.   If the allegations of the SPPI Complaint are true, the Property is a "facility"

24   as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

25       31.   If the allegations of the SPPI Complaint are true, then there was a release or

26   releases of hazardous substances at the Property, as described in the SPPI Complaint, that

27   resulted from the activities of the City of Antioch.

28

1   32. The SPPI Complaint alleges that Chevron is liable under CERCLA for

2 response costs allegedly incurred or to be incurred by the Somersville Entities.  Chevron

3 has denied any and all liability under such claims; however, if Chevron is found to be liable

4 under CERCLA, the City of Antioch is liable to Chevron for its actions and omissions.

5          THIRD THIRD-PARTY CLAIM

6          (Contribution under California law)

7   33. Chevron incorporates herein by reference the allegations contained in

8 paragraphs 1 through 32, inclusive.

9   34. Section 1432 of the California Civil Code provides in pertinent part: "a

10 party to a joint, or joint and several obligation, who satisfied more than his share of the

11 claim against all, may require a proportionate contribution from all the parties joined with

12 him."

13   35. Chevron is informed and believes, and based on such information and belief,

14 hereby alleges that the City of Antioch was an active participant in the transactions and

15 releases at issue in the underlying SPPI Complaint and that the City of Antioch is

16 responsible totally, or in part, for the costs and damages, if any, recoverable therein.

17   36. In the event that Chevron is found liable to the Somersville Entities in any

18 amount whatsoever, Chevron is entitled to contribution from the City of Antioch according

19 to common law principles of comparative fault and equitable allocation of loss, as well as

20 under applicable state statutory law, based on Antioch's releases on or from the Property.

21          FOURTH THIRD-PARTY CLAIM

22           (Equitable Indemnity)

23   37. Chevron incorporates herein by reference the allegations contained in

24 paragraphs 1 through 36, inclusive.

25   38. The liability, if any, that Chevron may have to any person or entity relating

26 to the alleged contamination at the Property, including without limitation any governmental

27 agency, under any law, regulation, or common law principle, is the result, in whole or in

28 part, of the acts or omissions of the City of Antioch.

1        39.    The alleged release of hazardous substances at, near, and about the Property

2    is primarily the direct and proximate result of the City of Antioch's actions, omissions, or

3    conduct.

4        40.    If Chevron is found in some manner liable to the Somersville Entities or to

5    any other person, entity, or governmental agency, as a result of the incidents and

6    occurrences described in the SPPI Complaint, Chevron's liability will derive, in whole or in

7    part, from the actions, omissions, or conduct of Antioch.  As a matter of equity, Antioch is

8    accordingly bound and obligated to indemnify and hold harmless Chevron for all response

9    costs and damages that have been or will be incurred by Chevron as required by law in

10    response to the alleged release or threatened release of hazardous substances at the Property.

11                    FIFTH THIRD-PARTY CLAIM

12                    (Federal Declaratory Relief)

13        41.    Chevron incorporates herein by reference the allegations contained in

14    paragraphs 1 through 40, inclusive.

15        42.    A dispute has arisen and an actual controversy exists between Chevron and

16    the City of Antioch in that Chevron claims that the City of Antioch is obligated to

17    indemnify Chevron in whole or in part for any costs Chevron incurs and any sums for

18    which Chevron may be found liable or indebted as a result of the relief heretofore or

19    hereafter sought by the Somersville Entities or by any other person or entity, including

20    without limitation any other governmental agency, in responding to the alleged release or

21    threatened release of hazardous substances at the Property.  The City of Antioch denies

22    such obligation.

23        43.    An actual controversy has arisen and now exists between Chevron and the

24    City of Antioch concerning their respective rights, obligations and duties.  Chevron

25    contends that the City of Antioch is, in whole or in part, legally responsible for the damages

26    and relief sought by the Somersville Entities herein and for the response costs incurred by it

27    and the Somersville Entities to date and that will be incurred in the future, and that the City

28    of Antioch is liable to Chevron in direct proportion to their share of liability.  The City of

1    Antioch disputes this contention and denies any liability to Chevron.

2         44.    Substantial costs will be incurred by Chevron over time and after conclusion

3    of this action in the event the Somersville Entities prevail on their underlying SPPI

4    Complaint against Chevron.  Unless declaratory relief is granted, it will be necessary for

5    Chevron to commence a later action against the City of Antioch to secure compensation for

6    the costs incurred and the damages sustained, if any.

7         45.    Chevron is entitled to and hereby seeks a judicial determination pursuant to

8    the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Chevron's right to indemnification

9    and contribution from the City of Antioch for all costs and liability that have been or will be

10   incurred by Chevron in this action.

11                            PRAYER FOR RELIEF

12        WHEREFORE, Chevron prays for judgment against the City of Antioch as follows:

13        1.     For a declaration that the City of Antioch is obligated to indemnify Chevron

14   from and against the claims asserted by the Somersville Entities against Chevron in this

15   action;

16        2.     For an award of damages, in an amount according to proof at trial, consisting

17   of the costs, attorneys' fees and other expenses Chevron has incurred, and continues to

18   incur, to defend itself against the SPPI Complaint

19        3.     For attorneys' fees on Chevron's third-party indemnity and other claims, as

20   may be allowed by statute or otherwise; and

21        4.     For such other and further relief as the Court deems just and proper.

22        Dated:  August 6, 2008.

23                                  PILLSBURY WINTHROP SHAW PITTMAN LLP
                                    BLAINE I. GREEN
24                                  JEFFREY S. JACOBI
                                    50 Fremont Street
25                                  Post Office Box 7880
                                    San Francisco, CA  94120-7880
26

27                                  By _____ /s/ Blaine I. Green _____
                                              Blaine I. Green
28                                  Attorneys for Defendant CHEVRON U.S.A. INC.

EXHIBIT  A

THIS LEASE, dated the 6th day of December, 1957, by and between STANDARD OIL COMPANY OF CALIFORNIA, WESTERN OPERATIONS, INC., a corporation, hereinafter termed Lessor, and CITY OF ANTIOCH, a municipal corporation, hereinafter termed Lessee,

## W I T N E S S E T H:

That Lessor does hereby lease, let and demise unto Lessee the surface rights only to that certain parcel of land situate in Section 27, Township 2 North, Range 1 East, M.D.B.& M., County of Contra Costa, State of California, as outlined in red on the attached drawing, subject to the reservations hereinafter made, subject to the terms and conditions hereinafter contained to be kept and performed by Lessee, and subject to revocation and cancellation as hereinafter provided.

Said land shall be used exclusively for the disposal of garbage and refuse, it being understood, however, that there shall be no burning on said land, but that disposal shall be conducted by the sanitary land filling method which consists of compaction and daily sealing of the cell by depositing approximately six inches of earth on the top and the open end of said cell; provided, however, that such filling, including the earth covering, shall not exceed two feet above ground level existing as of the date hereof.

This lease shall be for a period of one year from January 1, 1958, and thereafter until 90 days' notice in writing from either party to the other of an intention to terminate the same.

Lessee agrees to pay Lessor as rental hereunder the sum of Fifty-five and 00/100 Dollars ($55.00) a year commencing ~~January 1, 1958~~, payable yearly in advance on the first day of ~~January~~ December. → December 10, 1957

Lessee specifically agrees that it will, at its own cost and expense, maintain the fence along the southerly boundary of said land. Should Lessee elect to construct any additional fencing of said land, Lessee shall bear all costs incidental to the construction and maintenance thereof.

Lessee shall not assign this lease, or any part thereof, or interest therein, or sublet or underlet the demised premises, in whole or in part, without the written consent of Lessor; no written consent by Lessor hereunder shall be deemed a waiver by Lessor of any of the provisions hereof, except to the extent of such consent. Neither shall Lessee permit anyone to occupy said premises or any part thereof in place and stead of Lessee.

Lessee, at Lessee's own cost and expense, shall at all times keep the demised premises and any buildings or structures placed thereon in good order and repair, in a neat, safe, sanitary condition, free from waste and damage.

Lessee covenants and agrees to fully pay for all materials joined or affixed to the demised premises, for all labor performed thereon, and all charges against any buildings, structures or other property or improvements upon said land, at Lessee's instance or request, and not to permit or suffer any lien of any kind or nature to be imposed or enforced against said premises for any work done or material furnished thereon.

Lessee agrees to hold Lessor and its present and future subsidiaries harmless from and to indemnify them against any and all damage to or loss of any buildings, structures or other property, or injury to or death of person, that directly or indirectly may be caused by or arise or result from Lessee's occupancy or use of said premises, or the enjoyment of any of the rights herein, or the breach by Lessee of any of Lessee's obligations hereunder, irrespective of any negligence of Lessor. Lessee also agrees to hold Lessor and its present and future subsidiaries harmless from and to indemnify them against any claim for damage to or loss of any buildings, structures, improvements or other property of Lessee in, on, and about said premises, or injury to or death of any person on said premises on behalf of or at the invitation of Lessee, whether such claim arise out of the negligence of Lessor or its present or future subsidiaries, or otherwise.

The waiver by Lessor of any breach of any covenant or promise to be

- 1 -

SPLC006631

032 72-7 RR

kept or performed by Lessee shall not be construed to be a waiver of a subsequent breach of the same covenant or promise or a waiver of the breach of any other covenant or promise of this lease.

Lessor reserves unto itself, its present subsidiaries, and their respective successors, assigns and permittees, the right at any time, and from time to time, to lay, construct, maintain, operate, repair, renew, change the size of, and remove pipe lines for the transportation of oil, petroleum, gas, gasoline, water or other substances and to erect, maintain, operate, repair, renew, and remove pole lines for telephone, telegraph and power purposes, in, under, along and across the demised premises, with the right of ingress and egress thereto and therefrom, and also the right to operate the land in the immediate vicinity thereof and drill the same, or any part thereof, for oil, petroleum, gas, water, or other substances, during the said term without let or hindrance from said Lessee; and each and all of the rights hereby reserved shall inure to the benefit of future subsidiaries of Lessor.

This lease is made subject to all valid and existing licenses, leases, grants, exceptions and reservations affecting the demised premises.

The terms and conditions of this lease shall inure to the benefit of Lessor's principal, Standard Oil Company of California, as well as to Lessor, and the word "Lessor" in this lease shall include said Standard Oil Company of California.

IN WITNESS WHEREOF, the parties hereto have executed these presents.

STANDARD OIL COMPANY OF CALIFORNIA,
WESTERN OPERATIONS, INC.

By _____
Assistant Manager, Real Estate
and Right of Way Department

CITY OF ANTIOCH
By _____
Mayor

ATTEST:    By _____

SPLC006632

- 2 -

0272-7 RR